# Exhibit G

Declaration of Paul Fata with Kentucky Civil
Investigative Demand (CID)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

STATE OF TENNESSEE,                         )
*ex rel.* JONATHAN SKRMETTI,                )
ATTORNEY GENERAL and REPORTER,             )
                                            )
    *and*                )
                                            )
COMMONWEALTH OF KENTUCKY,                   )
*ex rel.* DANIEL CAMERON,                   )
ATTORNEY GENERAL                           )
                                            )
      Plaintiffs,   )
                                            )
   vs.                          )
                                            )
IDEAL HORIZON BENEFITS, LLC d/b/a           )
SOLAR TITAN USA, et al.                     )
                                            )
     Defendants.       )

---

## DECLARATION OF PAUL FATA

    I, Paul Fata, hereby state that I have personal knowledge of the facts set forth below, and the facts contained herein are true to the best of my recollection, except for those facts which are alleged to be upon information and belief, and as to those allegations, I hereby certify I believe the same to be true. If called as a witness, I would competently testify as follows:

1. I am a United States citizen and am over 18 years of age. I reside in Jefferson County, Kentucky.

2. I am currently employed as an Assistant Attorney General in the Office of Consumer Protection of the Kentucky Attorney General's Office (KYOAG). In this position, I assist in the KYOAG's investigation of unlawful commercial activity in violation of state and

federal law. I have served as the attorney in charge of the KYOAG's investigation into Ideal Horizon Benefits, LLC d/b/a Solar Titan USA (Solar Titan), from the outset of the investigation. I am licensed to practice before all courts of the Commonwealth of Kentucky. My *pro hac vice* application to practice in the Eastern District of Tennessee is currently pending before this Court.

3. I am submitting this Declaration in support of the *Ex Parte* Motion For Temporary Injunction And Appointment Of Receiver *Pendente Lite* Against Solar Titan Defendants ("Motion") filed by the Attorneys General of Tennessee and Kentucky (collectively, "Plaintiffs".)

4. The consumer complaints relating to Kentucky consumers are very similar to those involving Tennessee consumers (*compare* declarations of Samuel Keen and Claire Marsalis *with* declaration of Lisa Cochran) and include, *inter alia*, allegations that Solar Titan deceives customers through false promises regarding potential savings associated with the purchase of a solar power system; misrepresents consumers' eligibility for federal tax credits; and misrepresents the time it will take Solar Titan to install a solar power system.

5. Based on information available to our offices, Defendants have the means and incentive to destroy evidence and dissipate assets should they receive notice of this action.

6. Based on information and belief, Defendants may already be trying to hide their assets and destroy evidence. Defendants have been aware of my office's investigation since at least June 9, 2022, when my office served Solar Titan with a civil investigative demand ("CID") and subpoena. During the pendency of my office's investigation, consumer complaints have continued to pour into my office and, based on information obtained from multiple

2

sources, including the witnesses interviewed by the Tennessee Attorney General, Solar Titan's business practices have not improved. Defendants have recently sold or offered for sale multiple real estate properties worth millions of dollars, including Kelley and Atnip's Knoxville mansion that recently sold for almost $10 million. In light of my office's ongoing investigation and the fact that Defendants appear to be selling the majority of their real estate holdings, it would appear that Defendants could be liquidating assets to frustrate efforts by my office to recover funds on behalf of consumers harmed by Solar Titan's business practices.

7. With this concern in mind, I join the Tennessee Attorney General's office in respectfully requesting that this Court issue a TRO and appoint a receiver *ex parte* so that Defendants' assets will be under the control of this Court before they receive notice of this action.

8. Attached as **Attachment 1** to this declaration is a true and correct copy of relevant portions of the KYOAG's CID and subpoena and Solar Titan's response.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed this, the __1st__ day of _____February_____, 2023, in __Louisville, Kentucky_____ (city/state).

_____
Paul Fata

3



COMMONWEALTH OF KENTUCKY
### OFFICE OF THE ATTORNEY GENERAL

DANIEL CAMERON
ATTORNEY GENERAL

1024 CAPITAL CENTER DRIVE
SUITE 200
FRANKFORT, KY 40601

## SUBPOENA AND CIVIL INVESTIGATIVE DEMAND

**TO:**      **Ideal Horizon Benefits LLC d/b/a Solar Titan USA**
             **414 N Peters Road**
             **Knoxville, TN 37922-2332**

**SERVE:**   **Registered Agent, Richard Atnip**

             **2333 Alexandria Drive**
             **Lexington, KY 40504**

             **AND**

             **11205 Outlet Drive**
             **Knoxville, TN 37932-3124**

Pursuant to the authority granted in KRS 367.240 and 367.250, the Attorney General of Kentucky, having reason to believe that a person has engaged in, is engaging in, or is about to engage in any act or practice declared to be unlawful by KRS 367.110 to 367.300, or having reason to believe it is in the public interest that an investigation should be made to ascertain whether a person in fact has engaged in, is engaging in or is about to engage in, any act or practice declared to be unlawful by KRS 367.110 to 367.300, or both, hereby executes this Subpoena and Civil Investigative Demand, as follows:

\_\_\_\_    That Ideal Horizon Benefits LLC d/b/a Solar Titan USA ("Solar Titan") furnish, under oath or affirmation, a report in writing setting forth the relevant facts and circumstances of which Solar Titan has knowledge.

\_\_\_\_    That Solar Titan personally appear and testify at the following location on the following date and time: _____

**X**     That, under oath or affirmation, Solar Titan answer the following requests and produce the following documents at the time and place above or, if blank, then by emailing them together with a completed sworn statement of authenticity and completeness of documents, by no later than thirty (30) days following service of this Subpoena and Civil Investigative Demand to: paul.fata@ky.gov or

An Equal Opportunity Employer M/F/D

Office of the Attorney General of Kentucky
ATTN: Paul Fata
1024 Capital Center Drive
Suite 200
Frankfort, KY 40601

**Failure to comply with this Subpoena and Civil Investigative Demand may result in legal action pursuant to KRS 367.290. Intentional concealment, falsification or destruction of documents may be punishable as a class A misdemeanor under KRS 367.990(3). It is a class D felony to intentionally destroy, mutilate, conceal, remove, alter, or fabricate physical evidence believing that an official proceeding may be pending or instituted, pursuant to KRS 524.100.**

Date Issued: June 6, 2022

DANIEL CAMERON
ATTORNEY GENERAL


By: _____
Paul M. Fata
Assistant Attorney General
Kentucky Office of the Attorney General
1024 Capital Center Drive
Frankfort, KY 40601
502-696-5578
Email: paul.fata@ky.gov

Served via:    __X__ 1. Certified mail, return receipt requested.
              _____ 2. Personal delivery
              _____ 3. Fax

## ATTACHMENT TO SUBPOENA AND CIVIL INVESTIGATIVE DEMAND

### INSTRUCTIONS AND DEFINITIONS

### DEFINITIONS

"**Affiliated Solar Business Entity(ies)**" means a Business Entity that has a contractual or professional business relationship whereby the Business Entity works with or for Solar Titan.

"**Agreement**" means any oral or written agreement to provide goods or services to a Consumer, including, but not limited to, supplying or installing Solar Power Systems, in exchange for consideration, monetary or otherwise. The term includes the agreement itself as well as any oral or written amendments, modifications, and addendums.

"**Business Entity(ies)**" refers to any entity organized for the carrying on of commercial activity, including, but not limited to, a corporation, partnership, limited liability company (LLC), and sole proprietorship. The term includes entities registered with the Kentucky Secretary of State, other governmental agencies, and unregistered entities.

"**Concerning**" or "**relating to**" means referring to, describing, evidencing, or constituting, or in any way pertaining to.

"**Consumer(s)**" means any person or entity that owns or has an interest in real property located in Kentucky. The term includes, but is not limited to, prospective purchasers of goods and services and anyone solicited, directly or indirectly, to enter into an Agreement for the purchase of goods or services.

"**Document**" refers to any record of information of any type, including written, electronic, graphic, handwritten, etc. It includes but is not limited to invoices, receipts, notes, email and correspondence. It also includes audio and video recordings of information.

"**Goods**" generally refers to all things which are moveable at the time of identification for an advertisement, offer, charge for, sale or fulfillment of goods.

"**Identify**" with respect to a person or company means to list name of contact person, name of company, address and phone number. With respect to a document, "Identify" means to list the date, title, type (letter, email, invoice, etc.), author and recipients. For documents that are provided to the Attorney General's office with Solar Titan's, responses, and indicated as responsive to a specific numbered question, Solar Titan, does not need to list all the identifying information. In all other respects, "Identify" means to describe in specific detail.

"**Representative(s)**" refers to any person or entity with actual express authority, apparent authority, or implied authority to make representations on behalf of Solar Titan, regardless of the representative's status as an employee, agent, or independent contractor.

"**Solar Power System**" refers to any system intended to provide electrical power to a Consumer's

residence, business, or other property by converting sunlight into electrical energy and includes all component parts, including, but not limited to, solar panels and batteries.

**"Sales Representative(s)"** refers to any Representative (as defined above) engaged in the marketing and selling of Solar Power Systems to Consumers.

**"Solar Titan"** refers to Ideal Horizon Benefits LLC d/b/a Solar Titan USA as well as any person or entity acting on its behalf, including, but not limited to, its affiliates, parents, subsidiaries, operating companies, assigns, predecessors, and successors.

## INSTRUCTIONS

a.  Answer each request separately and fully in writing and under oath.

b.  As a convenience, defined terms may be capitalized and/or in bold font, but the presence or absence of capitalization or bold font does not alter or reduce the meaning of such terms.

c.  In answering the requests, furnish all information or documents known by Solar Titan, or available to Solar Titan, or in Solar Titan's possession, direction, custody or control, regardless of how the information was obtained or whether such information is hearsay or otherwise admissible evidence.

d.  Exercise due diligence in answering each request and securing all information with which to answer each request. If Solar Titan, cannot answer a request fully and completely after exercising due diligence, then answer the request to the extent possible, specifying the basis for Solar Titan's, inability to answer the remainder and detailing Solar Titan's, attempts to secure the unknown information.

e.  A request that seeks information contained in whole or in part within a document, or that seeks the identification of any document, may be answered by furnishing a copy of such document, identifying the document and specifying the portion(s) of the document containing the requested information.

f.  All answers should include attachments of as many pages as are necessary to fully and completely respond and should be identified by the number corresponding to each request as set forth below.

g.  All requests relate to all employees, agents, representatives, successors, assigns, principals, officers and directors, jointly and severally, while acting personally, or through the corporation or any other Business Entity or form, whose acts, practices, or policies are directed, formulated or controlled by Solar Titan.

h.  Documents produced in response to the CID and Subpoena must be bates-labeled using a naming convention that clearly identifies the producing party (e.g., SOLAR TITAN_ 0000001).

i.   If a Request calls for the production of documents, include in the specific written response to that Request the specific bates range of documents that are responsive.

## REQUESTS

1.   Identify all Affiliated Solar Business Entities of Solar Titan that are or have been engaged in the business of selling, marketing, installing, or financing the purchase of Solar Power Systems and describe the relationship between the Affiliated Solar Business Entity and Solar Titan. Produce any contracts that govern the relationship between any Affiliated Solar Business Entity Identified in response to this Request and Solar Titan, and produce any other Documents that relate to the relationship between the Affiliated Solar Business Entity and Solar Titan, including, but not limited to, Documents reflecting the terms of any oral contract between the Affiliated Solar Business Entity and Solar Titan.

2.   Identify all affiliates, parents, subsidiaries, operating companies, assigns, predecessors, and successors of Solar Titan, and Identify any assumed names under which Solar Titan, or any of its parents, subsidiaries, operating companies, assigns, predecessors, and successors, conduct or have conducted business operations regardless of whether the assumed name is registered with the Kentucky Secretary of State, some other governmental agency, or unregistered.

3.   State the location(s) (State, City and/or County) in which Solar Titan sells, markets, or installs Solar Power Systems or conducts other business activities and separately Identify the specific activities conducted at each location.

4.   Identify all current and former directors of Solar Titan by separately Identifying the position/title held by each individual with Solar Titan and that individual's corresponding duties and responsibilities.

5.   Identify all current and former owners (including natural persons and entities) of

Page 5 of 21

Solar Titan and separately Identify their ownership interest in Solar Titan and separately describe any duties and responsibilities held within Solar Titan.

6. Identify all current and former officers of Solar Titan by separately Identifying the position/title held by each individual with Solar Titan and that individual's corresponding duties and responsibilities.

7. Identify all current and former employees of Solar Titan who are currently or were previously involved in the selling, marketing, installation, or financing of Solar Power Systems in Kentucky. For each employee Identified, separately Identify the position/title held by each individual with Solar Titan and that individual's corresponding duties and responsibilities.

8. Identify all current and former agents of Solar Titan who are currently or were previously involved in the selling, marketing, installation, or financing of Solar Power Systems in Kentucky. For each agent Identified, separately Identify the position/title held by each individual with Solar Titan and that individual's corresponding duties and responsibilities.

9. Identify all Sales Representatives of Solar Titan who have ever been engaged in direct marketing or selling of Solar Power Systems to Consumers, including, but not limited to, marketing or selling at Consumers' residences, i.e., "door-to-door sales," telephonic marketing or solicitation, or participating in virtual meetings with Consumers using remote meeting technology. For each Sales Representative Identified, separately Identify the position/title held by each individual with Solar Titan and that individual's corresponding duties and responsibilities and state whether the person is an employee, agent, or independent contractor.

10. State whether Solar Titan has ever engaged in marketing representing to Consumers that net metering is available. This Request includes, but is not limited to, any form of direct or indirect communication, such as television, internet, radio advertisements, billboards, and social

media advertisements.

11.     If Solar Titan has previously represented to Consumers that net metering is available in Kentucky, state the locations where the representation was made by City and County.

12.     If Solar Titan has previously represented to Consumers that net metering is available in Kentucky, state the net metering rate that was represented as being available (by way of example only, representing that "1-for-1 credit compensation" was available) and state the locations, by city and county, covered by the representation (by way of example only, representing that "1-for-1 credit compensation" is available in Bowling Green, Warren County, Kentucky).

13.     Produce all Documents related to any representations Identified in response to Request Nos. 10 through 12, including, but not limited to, copies of any brochures, billboard advertisements, videos, and social media postings.

14.     State whether a Sales Representative of Solar Titan ever represented to a Consumer that net metering was available in an area where it was actually not available, and if so, Identify the Consumer to whom the representation was made, and state the net metering rate that was represented (by way of example only, a rate quoted in price per kilowatt hour or statement to the effect of "1:1 net metering is available"). Produce all Documents relating to representations made in response to this Request.

15.     Produce a copy of all other Documents related to any marketing conducted by Solar Titan in Kentucky, including, but not limited to, brochures, billboard advertisements, videos, and social media postings. For each Document produced, state the manner and scope of each distribution in Kentucky by: (1) dates of distribution; (2) manner of distribution; (3) geographic area where distributed (City/County); (4) number distributed; and (5) number of Consumers who received or viewed the Document.

16.     State all facts which you contend support any claim made by Solar Titan in its marketing materials that a governmental entity has endorsed Solar Titan or the solar industry in general. By way of example, a claim that "the Kentucky Public Service Commission has pushed back against the utility companies to make sure that people who switch to solar get paid for any excess solar energy they produce."

17.     State whether a Sales Representative of Solar Titan has ever discouraged a Consumer from contacting the electric utility company servicing the Consumer by any means, including, but not limited to, making statements to the effect that the Consumer should not contact the electric utility company servicing them because "the electric companies do not want you to get solar" and the "electric companies are against solar." If so, Identify the Sales Representative(s) and Consumer(s) involved, the date and location of the action, and describe the particular statement or other action that was committed. Produce all Documents relating to the statements Identified in response to this Request.

18.     Identify any policies and procedures governing how Sales Representatives of Solar Titan are to conduct themselves while marketing or selling Solar Power Systems. This includes, but is not limited to, policies and procedures governing: (i) representations that Sales Representatives may make regarding Solar Power System performance and estimated electric utility savings; (ii) disclosure of fees and requirements imposed by electric utility companies, including, but not limited to, any requirements to purchase insurance or pay additional fees; and (iii) potential government incentive programs, including, but not limited to, federal and state tax credits or incentives. Produce any Documents related to policies and procedures Identified in response to this Request.

19.     Describe all training that Solar Titan provides to Sales Representatives related to

marketing or selling Solar Power Systems, including, but not limited to, training on ethical sales practices. Produce any Documents related to training Identified in response to this Request.

20.  State whether the compensation of Sales Representatives of Solar Titan is determined to any extent based on either the number of Solar Power Systems a Sales Representative sells to Consumers or the revenue generated from a Sales Representative's sales to Consumers. If so, state how either the number of sales or revenue generated affects Sales Representatives' compensation. This Request includes, but is not limited to, any bonuses or commissions that Sales Representatives receive based on their sale of Solar Power Systems to Consumers.

21.  State whether the Sales Representatives of Solar Titan receive any compensation, such as a regular wage or salary, that is not based on either the number of Solar Power Systems sold to Consumers or the revenue generated therefrom. If so, state the amount and manner of compensation.

22.  Describe the training that Solar Titan provides to its Sales Representatives on how to determine the Solar Power System that is appropriate for a specific Consumer's needs. This Request includes, but is not limited to, training on analyzing a Consumer's electric usage history to determine the specifications of the Solar Power System that the Consumer will need to obtain the desired reduction in electric bill. Produce any Documents related to any training Identified in response to this Request.

23.  State how Solar Titan designs a Solar Power System to meet a Consumer's needs, including, but not limited to, determining the number of solar panels to install as well as where to place the panels on the Consumer's property.

24.  State whether Solar Titan has ever received a complaint (either verbally or in

writing) from a Consumer regarding alleged inaccurate statements or misrepresentations by a Sales Representative, including, but not limited to, complaints that the Sales Representative made inaccurate or misleading statements about the amount that the Solar Power System would reduce the Consumer's electric bill or the availability of net metering. For each complaint, Identify the Consumer(s), Sales Representative(s), and describe the action Solar Titan took in response. Produce all Documents relating to the complaint and Solar Titan's response.

25.     Identify all Sales Representatives or other employees or agents of Solar Titan that Solar Titan has taken adverse action against, including, but not limited to, counseling, reprimand, or termination of its relationship with (employment, agency, or otherwise) for making representation to a Consumer that were inaccurate, false, misleading, deceptive or in violation of Solar Titan's policies.

26.     For each person Identified in response to Request No. 25, provide the date of and describe each representation that formed the basis of the adverse action, the reason for the adverse action, and Identify the Consumer(s) to whom the representation was made. Produce all Documents and audio or video recordings relating to the representation(s) that formed the basis for the adverse action and produce any Documents and audio or video recordings relating to adverse action taken by Solar Titan, including, but not limited to, counseling statements, written reprimands, and termination letters.

27.     State what actions Solar Titan took to correct the representations Identified in response to Request No. 26, and produce all Documents and audio or video recordings relating to the corrective action taken, including, but not limited to, communications with the affected Consumer(s).

28.     Identify by manufacturer(s) and model(s), the solar panels used in the Solar Power

Systems that Solar Titan markets and sells to consumers. Produce any Documents describing the specifications or performance capabilities of the solar panels Identified in response to this Request.

29. Identify by manufacturer(s) and model(s), any battery backup systems used in the Solar Power Systems that Solar Titan markets and sells to consumers. Produce any documents describing the specifications or performance capabilities of the battery backup systems Identified in response to this Request.

30. For each Consumer that Solar Titan enters into discussions with regarding the potential purchase of a Solar Power System, state whether Solar Titan coordinates with the electric utility company servicing the Consumer to determine the Consumer's electric needs (by way of example only, requesting the Consumer's usage history) before entering into an Agreement with the Consumer for the purchase of a Solar Power System. If yes, describe the actions taken by Solar Titan.

31. For each Consumer that Solar Titan enters into an Agreement with for the purchase of a Solar Power System, describe the actions that Solar Titan takes to ensure that the Solar Power System will perform as promised and will meet the Consumer's reasonable expectations.

32. For each Consumer that Solar Titan enters into an Agreement with for the purchase of a Solar Power System, describe the actions that Solar Titan takes to determine whether its Sales Representative(s) made any representations to the Consumer regarding the performance of the Solar Power System that are not reflected in the Agreement, and if so, whether the Solar Power System that is the subject of the Agreement will be able to satisfy the representations made to the Consumer by the Sales Representative(s).

33. State whether Solar Titan offers any discounts or other incentives to Consumers for entering into an Agreement for the purchase of a Solar Power System contemporaneously or close

in time to initial discussions with a Sales Representative (by way of example only, a "same-day signing bonus" following an initial meeting with a Sales Representative).

34.     State whether any of the Agreements that Solar Titan has entered into with Consumers for the purchase of Solar Power Systems contain a clause stating that the Consumer may void or cancel the Agreement within a set period of time without incurring any additional fees or charges. If so, state the period of time specified.

35.     State whether any of the Agreements that Solar Titan has entered into with Consumers for the purchase of Solar Power Systems contained a clause stating that if the Consumer cancels or voids the Agreement after a set period of time, the Consumer will be charged a fee or incur other costs (by way of example only, a "30% cancellation fee" charged if the Consumer cancels the Agreement more than three days after signing).

36.     If any of the Agreements that Solar Titan has entered into with Consumers for the purchase of Solar Power Systems contained a clause stating that if the Consumer cancels or voids the Agreement after a set period of time the Consumer will be charged a fee or incur other costs, state the basis for how the fee or other costs are calculated.

37.     Identify all damages and costs associated with a Consumer's cancellation of an Agreement to purchase a Solar Power System that Solar Titan contends it cannot mitigate. Produce all Documents supporting Solar Titan's contention that the damages and costs Identified in response to this Request cannot be mitigated.

38.     Identify all Consumers who have cancelled their Agreement with Solar Titan in accordance with the terms of the Agreements and were not charged a fee or other costs because of the cancellation. For those Consumers Identified in response to this Request, Identify the method by which the consumers cancelled the Agreement (e.g., phone, email, text message, etc.).

39.     Identify all Consumers who Solar Titan charged a fee or other costs because the Consumer cancelled an Agreement to purchase a Solar Power System.

40.     For each Consumer Identified in response to Request No. 39, state the fee or other costs that were charged and the basis for it.

41.     For each Consumer Identified in response to Request No. 39, describe what actions Solar Titan took to mitigate its damages before charging the Consumer the fee or other costs.

42.     For each Consumer Identified in response to Request No. 39, produce all Documents related to any fee or other costs charged to the Consumers.

43.     State whether Solar Titan has a pattern and practice of waiting to order, ship, or acquire the components of a Consumer's Solar Power System, including, but not limited to, solar panels, until after a set period of time. If so, state what the set period of time is and explain Solar Titan's reason(s) for waiting the set period of time.

44.     Describe Solar Titan's procedures for processing a Consumer's request to cancel their Agreement to purchase a Solar Power System by:

- Identifying the manner in which a Consumer may communicate the Consumer's desire to cancel the Agreement to Solar Titan and provide the applicable contact information (e.g., email address, phone number, mailing address, etc.);

- Identifying its employees, agents, independent contractors, and any other Representatives responsible for processing and handling Consumer cancellation requests;

- Producing all Documents relating to Solar Titan's policies and procedures for processing a Consumer's request to cancel their Agreement to purchase a Solar Power System.

Case 3:23-cv-00046-DCLC-JEM   Document 10-9   Filed 02/06/23   Page 18 of 26   PageID #: 1180

45. Identify any electricians or other persons, including, but not limited to, construction laborers, employed by Solar Titan who are involved in installing or inspecting Solar Power Systems on Consumers' property and separately describe each person's duties and responsibilities and Identify the locations in Kentucky (City/County) where the person performs services.

46. Identify any electricians or other persons, including, but not limited to, construction laborers, who are independent contractors utilized by Solar Titan to install or inspect Solar Power Systems on Consumers' property and separately describe each person's duties and responsibilities and Identify the locations in Kentucky (City/County) where the person performs services.

47. For the period of time from January 1, 2019 to the present, Identify all Consumers with whom Solar Titan has entered into an Agreement for the purchase or installation of a Solar Power System.

48. Identify all Agreements that Solar Titan has entered into with Consumers for the purchase or installation of Solar Power Systems in which:

   a. Solar Titan failed to completely perform its obligations within the time period specified when the Agreement was initially entered into notwithstanding any amendments thereto, including, but not limited to, failing to provide the Consumer with a fully functional Solar Power System legally interconnected to the electric grid;

   b. Any Consumer, or a person or entity acting on the Consumer's behalf, alleged that Solar Titan failed to completely perform its obligations specified in the Agreement for any reason, including, but not limited to, poor workmanship and failure to provide the goods and services specified in the Agreement; or

   c. Any Consumer, or a person or entity acting on the Consumer's behalf, alleged that the Solar Power System did not perform as promised by Solar Titan, including, but not limited to, failing to reduce the Consumer's electric bill to the extent represented by Solar Titan's Sales Representative.

Produce all Agreements Identified in Response to this Request along with all communications forming part of the Agreement, including, but not limited to, electronic, graphic,

Case 3:23-cv-00046-DCLC-JEM   Document 10-9   Filed 02/06/23   Page 19 of 26   PageID #: 1181

and handwritten communications. Also state the terms of any oral communications that form part of the Agreement and produce any Documents referencing the oral communications.

49.     For all Agreements Identified in response to Request No. 48, Identify all persons or entities from whom Solar Titan received a complaint on behalf of the Consumer. This Request encompasses complaints made both by the Consumer directly, as well as any person or entity acting on the Consumer's behalf. Produce all Documents relating to complaints Identified in response to this Request, including any recordings of any verbal communications between Solar Titan's representatives and the Consumer, or someone acting on the Consumer's behalf, discussing the complaints.

50.     For all Agreements Identified in response to Request No. 48, state the reason why:

    a.  Solar Titan failed to perform its obligations within the initial time period called for by the Agreement;

    b.  Solar Titan failed to completely perform its obligations specified in the Agreement for any reason, including, but not limited to, poor workmanship and failure to provide the goods and services specified in the Agreement. If Solar Titan contends that, notwithstanding the Consumer's allegations, it did fully perform its obligations under the Agreement, state all facts and Identify all witnesses and produce all Documents that support this contention; or

    c.  The Solar Power System did not perform as promised by Solar Titan, including, but not limited to, failing to reduce the Consumer's electric bill to the extent represented by Solar Titan's Sales Representative. If Solar Titan contends that, notwithstanding the Consumer's allegations, the Solar Power system did perform as promised, state all facts and Identify all witnesses and produce all Documents that support this contention.

51.     For all Agreements Identified in response to Request No. 48, state the amount of funds received by Solar Titan from the Consumer(s) it entered into the Agreement with, including, but not limited to, down payments, and state how Solar Titan used the funds.

52.     For all Agreements Identified in Response to Request No. 48, state whether Solar

Titan ever completely performed its obligations under the Agreement, and if so, provide the date on which Solar Titan completed performance and Identify all witnesses and produce any Documents supporting the fact that Solar Titan fulfilled its obligations.

53. For all Agreements Identified in response to Request No. 48, Identify all Sales Representatives involved in the transaction between Solar Titan and the Consumer.

54. For all Agreements Identified in response to Request No. 48, Identify all persons or entities involved in designing the Solar Power System that was the subject of the Agreement.

55. For all Agreements Identified in response to Request No. 48, Identify all persons or entities who submitted any permit applications on behalf of Solar Titan to any state or local government entities or any electric utility company, including, but not limited to electrical permit applications.

56. For all Agreements Identified in response to Request No. 48, state whether Solar Titan ever conditioned any resolution of a Consumer's complaint, or included in any resolution of a Consumer's complaint, the Consumer agreeing to provide Solar Titan a positive review, including, but not limited to, reviews posted on social media platforms, the Better Business Bureau, business review platforms (such as Yelp and Angie's List), or providing a testimonial to be used by Solar Titan in its marketing materials. If so, describe the resolution that was conditioned on (or included) a positive review and produce all Documents relating to Solar Titan conditioning the resolution on (or including) a positive review, including, but not limited, communications between Solar Titan and the affected Consumer, and the review(s), if any.

57. State whether Solar Titan has ever conditioned any resolution of a Consumer's complaint, or included in any resolution of a Consumer's complaint, the Consumer agreeing to modify, update, or remove any negative reviews, including, but not limited to, reviews posted on

social media platforms, the Better Business Bureau, and business review platforms (such as Yelp and Angie's List). If so, describe the resolution that was conditioned on (or included) a modification, update, or removal of a review and produce all Documents relating to Solar Titan conditioning the resolution on (or including) a modification, update, or removal of a review, including, but not limited, communications between Solar Titan and the affected Consumer, and the review(s), if any.

58.    State whether Solar Titan has ever conditioned any resolution of a Consumer's complaint, or included in any resolution of a Consumer's complaint, the Consumer agreeing to withdraw any complaints filed with federal, state, or regulatory agencies or inform the agencies that the matter that was the subject of the complaint had been resolved. If so, describe the resolution that was conditioned on (or included) the Consumer agreeing to withdraw any complaints with federal, state, or regulatory agencies or inform the agencies that the matter that was the subject of the complaint had been resolved and produce all Documents relating to Solar Titan conditioning the resolution on (or including) the Consumer agreeing to withdraw any complaints with federal, state, or regulatory agencies or inform the agencies that the matter that was the subject of the complaint had been resolved. Produce copies of any complaints with federal, state, or regulatory agencies Identified in response to this Request.

59.    Produce a copy of all agreements between Solar Titan and a Consumer relating to the resolution of a complaint Identified in response to Request No. 49.

60.    For each Consumer that Solar Titan enters into an Agreement with for the purchase of a Solar Power System, state what actions Solar Titan takes to coordinate with the electric utility company servicing the Consumer to ensure that the Solar Power System complies with all laws and regulations.

61. Identify each time Solar Titan has ever been reprimanded, cited, fined, or received other negative treatment from a state or local governmental entity or electric utility company for its failure to comply with laws and regulations related to the installation and operation of Solar Power Systems in Kentucky. For each reprimand, citation, fine, or other negative treatment Identified in response to this Request, Identify the Consumer(s) and governmental entities or electric utility company involved and the basis for the reprimand, citation, fine, or other negative treatment. Produce all Documents related to any reprimand, citation, fine, or other negative treatment Identified in response to this Request.

62. State whether Solar Titan has ever interconnected a Consumer's Solar Power System to the electric grid before completing all necessary inspections and obtaining all required permits. If so, Identify the Consumer(s) and electric utility company(ies) involved, and produce all Documents related to the incident, including, but not limited to, communications between Solar Titan and the electric utility company involved or any state or local governmental entity.

63. State whether any of the Agreements between Solar Titan and a Consumer contain a clause stating that the Consumer may not publicly disparage or make negative comments about Solar Titan including, but not limited to, a clause stating that the Consumer may not use social media to express a negative opinion about Solar Titan, or any Affiliated Solar Business Entity.

64. State whether Solar Titan has ever taken any action against a Consumer for a public statement the Consumer made about Solar Titan, or an Affiliated Solar Business Entity, including, but not limited to, requiring the Consumer to pay a penalty or initiating legal action against the Consumer. If so, Identify the Consumer(s) involved, describe the action taken by Solar Titan and produce all Documents relating to the statement(s) that formed the basis for Solar Titan's actions. If Solar Titan took legal action against a Consumer for a public statement made about Solar Titan,

or an Affiliated Solar Business Entity, Identify the jurisdiction where the action was filed and provide the case number.

65. Identify all class action lawsuits brought against Solar Titan relating to Solar Titan's selling, marketing, installing, or financing of Solar Power Systems, including, but not limited to, class action lawsuits alleging that Solar Titan violated consumer protection laws or engaged in unfair, false, misleading, or deceptive business practices. For each lawsuit Identified, Identify the jurisdiction, case number, and state whether the action is still pending or has been resolved. If the action has been resolved, state the manner of resolution, e.g., judgment, arbitration award, or settlement. If the action was resolved by way of judgment, state the prevailing party and award (if any), including any monetary and equitable relief. If the action was resolved by some other means, e.g., arbitration award or settlement, state the amount of any monetary compensation provided to or by the settling parties and describe any non-monetary relief provided.

66. State whether Solar Titan provides financing to its customers for the purchase of a Solar Power System.

67. State whether Solar Titan assists its customers with obtaining third-party financing for the purchase of a Solar Power System. If so, describe the assistance provided and produce any Documents related thereto.

68. Identify all lead generation services that Solar Titan utilizes to locate potential customers and state what affiliation the lead generation service has to Solar Titan and whether Solar Titan holds an ownership interest in the lead generation service. Also Identify the particular platforms and methods employed by each lead generation service utilized by Solar Titan.

69. Produce all Documents relating to any Agreement between Solar Titan and any lead generation service that it utilizes.

70.     State whether Solar Titan has ever conducted business under a different name, and if so, Identify the previous name, the dates the previous name was used, and reason(s) for the name change.

71.     If Solar Titan contends that it changed the name under which it conducts business to reflect additional or different services not previously provided, specifically Identify each additional or different service that influenced Solar Titan's decision to change its business name.

72.     If Solar Titan has ever conducted business under a different name, state whether Solar Titan's decision to change the name under which it conducts business was ever influenced, in whole or in part, by bad publicity stemming from lawsuits, negative customer reviews, or other negative information associated with a prior name under which it conducted business.

73.     If Your answer to Request No. 72 is in the affirmative, Identify all persons involved in making the decision to change the name under which Solar Titan conducts business and describe each person's specific role in making the decision.

74.     If Your answer to Request No. 72 is in the affirmative, produce all Documents relating to Solar Titan's decision to change the name under which it conducts business, including, but not limited to, emails, letters, memorandums, and records of meetings.

75.     Identify the individual depicted in Exhibit "A," and describe the individual's position/title and duties and responsibilities within Solar Titan or any Affiliated Solar Business Entity.

76.     Produce all Documents Solar Titan has Identified in response to the Requests above or that it has otherwise relied upon in responding to these Requests that have not already been produced in response to another Request.

**There is a continuing obligation to disclose pursuant to this CID.**

**VERIFICATION**

I, _____, am employed by Ideal Horizon Benefits LLC d/b/a Solar Titan USA ("Solar Titan") as a _____ and am authorized to give this Verification on behalf of Solar Titan. I have read Solar Titan's objections and responses to the Civil Investigative Demand and Subpoena issued on June 6, 2022, and state that the factual matters set forth in the responses are true, correct, and complete to the best of my knowledge, information and belief.

Further, I, _____, certify under penalty of perjury under the laws of the Commonwealth of Kentucky that records and documents produced herein were made at or near the time of the occurrence of the matters set forth by (or from information transmitted by) a person with knowledge of those matters in the course of a regularly conducted business activity, and were made by the regularly conducted activity as a regular practice.

Signature:_____

STATE OF _____ )
COUNTY OF _____ )


Subscribed, sworn to and acknowledged before me by _____ (name), _____(title), on behalf of _____, on _____, ____.

My Commission expires: _____.


Signature:_____
Print Name:_____
Title: _____

Page **21** of **21**