UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL, | ) ) ) ) ) ) ) | 3:23-CV-00046-DCLC-JEM |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, et al., | ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiffs State of Tennessee ("Tennessee") and Commonwealth of Kentucky ("Kentucky") by and through their respective Attorneys General, having filed their Civil Enforcement Complaint [Doc. 3] in this matter pursuant to federal and state consumer protection statutes, and having applied *ex parte* for a Temporary Restraining Order and Order Appointing a Receiver [Doc. 5] pursuant to Rules 65 and 66 of the Federal Rules of Civil Procedure, and in accordance with their enforcement authority granted by state and federal law, and the Court, having considered the Complaint, declarations, exhibits, memoranda, and other submissions filed in support therewith, and now being fully advised of the premises, finds as follows:

1.     This Court has jurisdiction over the subject matter of this case, and there is good cause to believe the Court will have jurisdiction over all parties hereto and that venue in this district is proper.

2.      There is good cause to believe that Defendants Ideal Horizon Benefits, LLC d/b/a Solar Titan USA ("Solar Titan"), Craig Kelley ("Kelley"), Sarah Kirkland ("Kirkland"), and Richard Atnip ("Atnip") (collectively, "Solar Titan Defendants") have engaged in acts and practices that violate state and federal consumer protection laws which authorize Plaintiffs to seek, and this Court to grant, the extraordinary relief provided by this Order.

3.      There is good cause to believe that immediate and irreparable harm will result from Solar Titan Defendants' ongoing violations of the Consumer Financial Protection Act (12 U.S.C. § 5531), the Tennessee Consumer Protection Act (Tenn. Code Ann. § 47-18-104), the Kentucky Consumer Protection Act (Ky. Rev. Stat. Ann. § 367.170), and other state and federal laws unless the Solar Titan Defendants are restrained and enjoined by Order of this Court.

4.      Plaintiffs' Complaint, Motions, and Memoranda in Support, supporting evidence, and argument of counsel have shown that they are likely to succeed on the merits of their claims that the Solar Titan Defendants engaged in deceptive trade practices that are declared unlawful by federal and state statute.

a.      The evidence presented to the Court shows that the Solar Titan Defendants likely make affirmative material misrepresentations to consumers and withhold material information from consumers regarding their purchases of solar systems from the Solar Titan Defendants.

b.      Plaintiffs are likely to prove their allegations that the Solar Titan Defendants (1) make implied and express material misrepresentations that the solar systems they sell are capable of performing as promised; (2) make implied and express material misrepresentations that the money a consumer will spend on a solar system is money the customer would spend "anyway" on their electric utility bill (i.e., misrepresenting the amount of electric utility bill savings a

consumer is likely to see as a result of purchasing a solar system from the Solar Titan Defendants); (3) fail to install solar systems in a timely manner despite representations to the contrary; (4) routinely fail to complete the contracted-for installation and make the solar system fully operational before the consumer's monthly loan payments become due; (5) routinely fail or refuse to obtain the proper permits before beginning an installation; (6) misrepresent that the fault for a consumer's non-functioning or under-performing solar system lies with the electric utility company; (7) fail to perform installation services in a competent manner or in a manner in accordance with applicable laws, rules, regulations, codes, and industry standards; (8) fail or refuse to adequately respond to and address consumer complaints; (9) misrepresent the company's affiliation with other entities in an effort to appear more legitimate and trustworthy; (10) fail or refuse to abide by the express warranties contained in the installation agreements; and (11) misrepresent that a consumer is contractually forbidden from posting negative online reviews about the company.

      c.    All of the aforementioned business practices constitute deceptive trade practices that are declared unlawful under the Consumer Financial Protection Act (12 U.S.C. § 5531), the Consumer Review Fairness Act (15 U.S.C. § 45b), the Tennessee Consumer Protection Act (Tenn. Code Ann. § 47-18-104), the Kentucky Consumer Protection Act (Ky. Rev. Stat. Ann. § 367.170), the Tennessee Home Solicitation Act (Tenn. Code Ann. § 47-18-701), and/or the Kentucky Home Solicitation Sales Act (Ky. Rev. Stat. Ann. § 367.410).

    5.    There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur as a result of the sale, transfer, or other disposition or concealment by the Solar Titan Defendants

of Assets[1] or records if the Solar Titan Defendants are provided with advance notice of the Order: therefore, in accordance with Fed.R.Civ.P. 65(b), the interests of justice require that this Order be granted without prior notice to the Solar Titan Defendants. There is thus good cause for relieving the Plaintiffs of any duty to provide Defendants with prior notice of the State's application.

6.      Good cause exists for: (a) the appointment of a Receiver over Defendant Solar Titan; (b) freezing of the Solar Titan Defendants' Assets; and (c) the ancillary relief ordered below.

7.      Weighing the equities and considering the Plaintiffs' likelihood of ultimate success, a Temporary Restraining Order with an Asset freeze, the appointment of a Receiver, and other equitable relief (collectively, the "TRO") is in the public interest.

8.      The Plaintiffs are not required to post security as a prerequisite to entry of this Order because courts are authorized to issue orders and injunctions to restrain and prevent violations of state and federal consumer protection laws, and such orders and injunctions shall be issued without bond.

Based upon the above-mentioned findings, Plaintiffs' *ex parte* Motion for Temporary Restraining Order and for Appointment of Receiver [Doc. 5] is **GRANTED**, and the Court orders as follows:

## I. PROHIBITED BUSINESS ACTIVITIES

Pursuant to Fed.R.Civ.P. 65 and 66, this Court's equitable powers, the powers granted to and duties imposed upon the State of Tennessee under the Tennessee Consumer Protection Act of 1977 ("TCPA") (Tenn. Code Ann. § 47-18-101, *et. seq.*), and the powers granted to and duties

---

[1]      For purposes of this Order, "Asset" means any legal or equitable interest in, right to, or claim to any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and cash, wherever any such Asset is located, whether in the United States or abroad.

imposed upon the Commonwealth of Kentucky under the Kentucky Consumer Protection Act ("KCPA") (Ky. Rev. Stat. Ann. § 367.110, *et. seq*.), the Solar Titan Defendants are hereby temporarily restrained and enjoined from:

A. Making, or assisting the making of, expressly or by implication, any false or misleading statement or representation of material fact,[2] including, but not limited to:

(1) making implied or express material misrepresentations that a installed solar system will eliminate a homeowner's electric utility bill or reduce the homeowner's electric utility bill by an amount that is not achievable based on the specifications of the installed solar system;

(2) making implied or express material misrepresentations that Solar Titan is affiliated in any way with the Solar Energy Industries Association ("SEIA");

(3) making implied or express material misrepresentations that Solar Titan is affiliated in any way with the Tennessee Valley Authority ("TVA");

(4) making implied or express material misrepresentations to any person[3] or entity regarding the ownership or managerial authority of Kelley, Atnip, or Kirkland as it pertains to Solar Titan;

(5) making implied or express material misrepresentations that a consumer is or could be eligible for a tax credit that will help offset the cost of the installed solar system;

(6) making implied or express material misrepresentations that a consumer will only

---

[2]     For purposes of this Order, "Material fact" means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

[3]     For purposes of this Order, "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

be eligible for a rebate or other savings on the cost to install a solar system if the consumer agrees to purchase from Solar Titan within a certain timeframe;

B. Refusing or failing to cancel a sales agreement when a consumer has exercised their right to cancel within the period of the consumer's statutory right of rescission as defined by applicable state and federal law;

C. Failing to verbally inform a consumer who purchases a solar system that they have the right to cancel the sales agreement at any time prior to midnight of the third business day after the date of the transaction;

D. Failing to disclose material facts about a consumer retail installment loan offered by Defendant Solar Mosaic, LLC d/b/a Mosaic or another lender for the purchase of a Solar Titan solar system, including that a consumer who does not qualify for the Federal Tax Credit will have to pay the 26%-30% prepayment(s) to avoid an increase in the consumer's monthly payment and total loan costs;

E. Asserting that the sales agreement provided to the consumer contains a legally enforceable term preventing the consumer from posting a negative review about Solar Titan online;

F. Refusing or failing to take reasonable and necessary steps to complete the installation of a solar system;

G. Entering into installation agreements without the intent or ability to provide the services described in the agreement in accordance with applicable laws, rules, regulations, codes, and industry standards;

H. Submitting a bill of lading or otherwise seeking loan disbursement, in whole or in part, before a consumer's statutory right to rescind has expired.

6

## II. ASSET FREEZE

IT IS FURTHER ORDERED, pursuant to Tenn. Code Ann. §§ 47-18-108 and 66-3-308(a)(3), and Ky. Rev. Stat. § 367.200 and this Court's own equitable powers, that the Solar Titan Defendants are hereby temporarily restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Asset, or any interest therein, wherever located, whether within the United States or within a jurisdiction outside the United States, that is:

   (1) owned or controlled by any Solar Titan Defendant, in whole or in part;

   (2) held for the benefit of any Solar Titan Defendant;

   (3) in the actual or constructive possession of any Solar Titan Defendant;

   (4) owned, controlled by, or in the actual or constructive possession of any Person directly or indirectly owned, managed, or controlled by any Solar Titan Defendant, including, but not limited to, any Assets held by or for, or subject to access by, any Solar Titan Defendant at any bank or savings and loan institution, broker-dealer escrow agent, title company, commodity trading company, precious metals dealer, or other financial institution or depository of any kind;

B. Physically opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by, any Solar Titan Defendant;

C. Obtaining a personal or secured loan encumbering the Assets of any Solar Titan Defendant; and

D. Incurring liens or other encumbrances on any Assets titled in the name, singly or jointly,

7

of any Solar Titan Defendants.

E. The Assets affected by this Section II shall include:

(1) all Assets of any Solar Titan Defendant as of the time of issuance of this Order; and

(2) Assets obtained after the time of issuance of this Order if the Assets are derived from the conduct alleged in the Plaintiffs' Complaint.

## III. RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS

IT IS FURTHER ORDERED that, pending determination of Plaintiffs' request for a preliminary injunction, any financial or brokerage institution, business entity, or person served with a copy of this Order that holds, controls, or maintains custody of any account or Asset of any Solar Titan Defendant shall:

A. Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such Asset, except by further order of the Court;

B. Deny any person, except the Receiver[4] acting pursuant to Section X of this Order, access to any safe deposit box that is titled in the name of, individually or jointly, or otherwise subject to access by, any Solar Titan Defendant;

C. Provide Plaintiffs' counsel, within five business days of receiving a copy of this Order, a sworn statement setting forth:

(1) The identification number of each such account or Asset titled in the name, individually or jointly, of any Solar Titan Defendant, or held on behalf of, or for the benefit of any Solar Titan Defendant;

---

[4] For purposes of this Order, "Receiver" means the temporary receiver appointed in Section IX of this Order and any deputy receivers that shall be named by the receiver

8

(2) The balance of each such account, or a description of the nature and value of such Asset as of the close of business on the day on which this Order is served, and if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

(3) The identification of any safe deposit box that is titled in the name of, individually or jointly, or otherwise subject to access by, any Solar Titan Defendant;

D. Upon request by one or both Plaintiffs, promptly provide Plaintiff(s) with copies of all records or other documentation pertaining to each such account or Asset, including, but not limited to, originals or copies of all account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## IV. PRESERVATION OF RECORDS

IT IS FURTHER ORDERED that the Solar Titan Defendants and their Representatives[5] are hereby temporarily restrained and enjoined from:

A. Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents[6] that relate to the business, business practices, Assets, or business or personal finances of any Solar Titan Defendant;

---

[5]     For purposes of this Order, "Representatives" means Defendants' successors, assigns, officers, agents, servants, employees, or attorneys, and any person or entity in active concert or participation with them who receives actual notice of this Order by personal service or otherwise.

[6]     For purposes of this Order, the term "document" is equal in scope and synonymous in meaning to the usage of the term in Federal Rule of Civil Procedure 34, and includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form.

and

B. Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect the Solar Titan Defendants' incomes, disbursements, transactions, and use of money.

## V. FINANCIAL DISCLOSURES

IT IS FURTHER ORDERED that each Solar Titan Defendant, within 48 hours of service of this Order, shall prepare and deliver to counsel for Plaintiffs and to the Receiver completed financial statements on the forms attached to this Order as Attachment A (Financial Statement of Individual Defendant) for Craig Kelley, Sarah Kirkland, and Richard Atnip, and Attachment B (Financial Statement of Corporate Defendant) for Ideal Horizon Benefits, LLC d/b/a Solar Titan USA, LLC, and Solar Titan Charters, LLC d/b/a Titan Charters. The financial statements shall be accurate as of the date of entry of this Order. Each Defendant shall include in the financial statements a full accounting of all Assets, whether located inside or outside of the United States, that are: (a) titled in the name of such Defendant, jointly, severally, or individually; (b) held by any person or entity for the benefit of such Defendant; or (c) under the direct or indirect control of such Defendant.

## VI. CONSUMER CREDIT REPORT

IT IS FURTHER ORDERED that, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(I), any consumer reporting agency may furnish a consumer credit report concerning any Defendant to Plaintiffs.

## VII. FOREIGN ASSET REPATRIATION

IT IS FURTHER ORDERED that within five (5) business days following the service of this Order, each Solar Titan Defendant shall:

A.  Provide Plaintiffs and the Receiver with a full accounting of all funds, documents, and Assets outside of the United States, which are:

   (1) titled in the name, individually or jointly, of any Solar Titan Defendant; or

   (2) held by any person or entity for the benefit of any Solar Titan Defendant; or

   (3) under the direct or indirect control, whether jointly or singly, of any Solar Titan Defendant;

B.  Transfer to the territory of the United States and deliver to the Receiver all funds, documents, and Assets located in foreign countries which are:

   (1) titled in the name, individually or jointly, of any Solar Titan Defendant; or

   (2) held by any person or entity for the benefit of any Solar Titan Defendant; or

   (3) under the direct or indirect control, whether jointly or singly, of any Solar Titan Defendant; and

C.  Provide Plaintiffs access to all records of accounts or Assets of any Defendant held by financial institutions located outside the territory of the United States by signing the Consent to Release of Financial Records appended to this Order within Attachments A and B.

## VIII. INTERFERENCE WITH REPATRIATION

IT IS FURTHER ORDERED that the Solar Titan Defendants and their Representatives are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by Section VII of this Order, including but not limited to:

A.  Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or

other entity that a "duress" event has occurred under the rules of a foreign trust agreement until such time that all Assets have been fully repatriated pursuant to Section VII of this Order; and

B. Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all Assets have been fully repatriated pursuant to Section VII of this Order.

## IX. APPOINTMENT OF A TEMPORARY RECEIVER

IT IS FURTHER ORDERED, pursuant to Tenn. Code Ann. §§ 47-18-108 and 66-3-308(a)(3)(B), Ky. Rev. Stat. Ann. § 367.200, Fed.R.Civ.P. 66, and this Court's own equitable powers, that Richard Ray, the Principal of Tria Financial Consulting in Jonesborough, Tennessee, is appointed temporary receiver for Ideal Horizon Benefits, LLC d/b/a Solar Titan USA, LLC. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court.

## X. RECEIVER'S DUTIES

IT IS FURTHER ORDERED that the Receiver is authorized and directed to accomplish the following:

A. Assume full control of Solar Titan by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of Solar Titan, including any Solar Titan Defendant, from the control of, management of, or participation in, the affairs of Solar Titan;

B. Take exclusive custody, control, and possession of all Assets and documents of, or in the possession, custody, or control of, Solar Titan, wherever situated. The Receiver shall have

full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all Assets and documents of Solar Titan and other persons whose interests are under the direction, possession, custody, or control of, Solar Titan. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to Solar Titan. Provided, however, that the Receiver shall not, without prior Court approval, attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices or other violations of law alleged in the Complaint in this matter;

C. Take exclusive custody, control, and possession of all Solar Titan Assets;

D. Take all steps necessary to secure each location from which Solar Titan operates its business. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable:

(1) serving this Order;

(2) completing a written inventory of all Receivership Assets[7];

(3) obtaining pertinent information from all employees and other agents of Solar Titan, including, but not limited to, the name, home address, Social Security Number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent;

(4) photographing and videotaping any or all portions of the location;

(5) securing the location by changing the locks and disconnecting any computer modems or other means of remote access to the computer or other records

---

[7]     For purposes of this Order, "Receivership Asset" means any Asset, as defined above, which the Receiver is entitled to control and/or monitor as part of the Receivership Estate.

maintained at that location; and

(6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or Assets of Solar Titan. Law enforcement personnel, including, but not limited to, highway patrol, police, sheriffs, or U.S. Marshals may assist the Receiver in implementing these provisions in order to keep the peace and maintain security;

E. Conserve, hold, and manage all Assets of Solar Titan, and perform all acts necessary or advisable to preserve the value of those Assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of Solar Titan, including, but not limited to, obtaining an accounting of the Assets, and preventing the unauthorized transfer, withdrawal, or misapplication of Assets;

F. Obtain all of Solar Titan's computer hardware, software, and database information from any consultant or service provider, including, but not limited to, Solar Titan's user identification, passwords, software, and backup data files:

G. Enter into contracts and purchase insurance as advisable or necessary;

H. Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with Solar Titan;

I. Manage and administer the business of Solar Titan until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes but is not limited to retaining, hiring, or dismissing any Solar Titan employees, independent contractors, or agents;

J. Choose, engage, and employ such attorneys, accountants, appraisers, and other independent contractors and technical specialists as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

K. Make payments and disbursements from the Receivership Estate[8] that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendant[9] prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Defendants, such as rental payments;

L. Suspend business operations of Solar Titan if, in the judgment of the Receiver, such operations cannot be continued legally and sustainably;

M. Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of Solar Titan, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

N. Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against

---

[8] For purposes of this Order, "Receivership Estate" means the totality of all money and property, real or otherwise, from the Receivership Defendant subject to the control and/or monitoring of the Receiver.

[9] For purposes of this Order, "Receivership Defendant" means Ideal Horizon Benefits d/b/a Solar Titan USA, LLC.

Solar Titan, as the Receiver deems necessary and advisable to preserve the Assets of Solar Titan, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

O. Issue subpoenas to obtain documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the Receivership Estate;

P. Open one or more bank accounts as designated depositories for funds of Solar Titan. The Receiver shall deposit all funds of Solar Titan in such a designated account and shall make all payments and disbursements from the Receivership Estate from such an account. The Receiver shall serve copies of monthly account statements on all parties;

Q. Maintain accurate records of all receipts and expenditures incurred as Receiver;

R. Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency; and

S. Distribute funds, to the extent available, recovered from the Solar Titan Defendants, by:

    (1) Distributing $3,500 per month to the individual Solar Titan Defendants for the purpose of providing for reasonable housing and other living expenses, including the payment of any home mortgage, food, health insurance, recurring expenses or charges, or other reasonable living expenses; and

    (2) Distributing funds for the purpose of paying any non-residential mortgages.

T. The Solar Titan Defendants, with or without the agreement of Plaintiffs, may move to adjust the reasonable living expense amount stated above for good cause shown.

<u>XI. TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER</u>

IT IS FURTHER ORDERED that the Solar Titan Defendants, their Representatives, and any other person or entity with possession, custody, or control of property of or records relating to

the Receivership Defendants shall, upon notice of this Order by personal service or otherwise immediately notify the Receiver of, and, upon receiving a request from the Receiver, immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A. All Assets of, or traceable to, Solar Titan;

B. All documents of Solar Titan, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents, and other papers;

C. All computers and data in whatever form used to conduct the business of Solar Titan;

D. All Assets belonging to other persons or entities whose interests are under the direction, possession, custody, or control of Solar Titan; and

E. All keys, codes, and passwords necessary to gain or to secure access to any Assets or documents of Solar Titan, including but not limited to access to any Solar Titan business premises, means of communication, accounts, computer systems, or other property. In the event that any person or entity fails to deliver or transfer any Asset or otherwise fails to comply with any provision of this Section, the Receiver may file ex parte an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct any sheriff or deputy sheriff of any county, or any other law enforcement officer, to seize the Asset, document, or other item covered by this Section and to deliver it to the Receiver.

## XII. PROVISION OF INFORMATION TO RECEIVER

IT IS FURTHER ORDERED that Defendants shall provide to the Receiver, immediately

upon request, the following:

    A. A list of all Assets and property, including accounts, in which Solar Titan holds a legal or equitable interest, that are held in any name other than the name of Solar Titan, or by any person or entity other than Solar Titan; and

    B. A list of all agents, employees, officers, servants, or those persons in active concert and participation with the Solar Titan Defendants, who have been associated or done business with Solar Titan.

## XIII. COOPERATION WITH RECEIVER

IT IS FURTHER ORDERED that the Solar Titan Defendants, their Representatives, and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets of Solar Titan. This cooperation and assistance shall include, but not be limited to: providing information to the Receiver that the Receiver deems necessary in order to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic file, or telephonic data in any medium; advising all persons who owe money to Solar Titan that all debts should be paid directly to the Receiver; transferring funds at the Receiver's direction; and producing records related to the Assets and sales of Solar Titan. The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers, and other financial institutions and depositories of any kind, and all third-party billing agents, common carriers, and telecommunications companies that have transacted business with the Receivership Defendants.

## XIV. INTERFERENCE WITH THE RECEIVER

IT IS FURTHER ORDERED that the Solar Titan Defendants and their Representatives are hereby restrained and enjoined from directly or indirectly:

A. Interfering with the Receiver managing, or taking custody, control, or possession of the Assets or documents subject to this Receivership;

B. Transacting any of the business of Solar Titan except at the express direction of the Receiver;

C. Transferring, receiving, altering, selling, encumbering, pledging, ass1gnmg, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, Solar Titan, or the Receiver; and

D. Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XV. STAY OF ACTIONS AGAINST SOLAR TITAN DEFENDANTS

IT IS FURTHER ORDERED that, except by leave of this Court, during pendency of the Receivership ordered herein, the Solar Titan Defendants, their Representatives, and all investors, creditors, stockholders, lessors, customers, and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of the Solar Titan Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or documents of Solar Titan, including, but not limited to:

A. Petitioning, or assisting in the filing of a petition that would cause Solar Titan to be placed in bankruptcy;

B. Commencing, prosecuting, or continuing a judicial, administrative, or other action or

proceeding against Solar Titan, including the issuance or employment of process against Solar Titan, except that such actions may be commenced if necessary to toll any applicable statute of limitation;

C. Filing or enforcing any lien on any Asset of Solar Titan, taking, or attempting to take possession, custody, or control of any Asset of Solar Titan; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of Solar Titan, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; and

D. Initiating any other process or proceeding that would interfere with the Receiver managing or taking custody, control, or possession of the Assets or documents subject to this receivership. Provided that this Order does not stay: (i) the commencement or continuation of a criminal action or proceeding; (ii) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (iii) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XVI. COMPENSATION OF RECEIVER

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, Solar Titan. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver shall

not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

<u>XVII. RECEIVER'S BOND</u>

Due to the short-term nature of this Order and the lack of an accounting of the Solar Titan Defendants' Assets at this stage of the proceedings, the Receiver need not file a bond with the Clerk of Court at this time. The Court will revisit the issue of a receiver's bond at the preliminary injunction hearing.

<u>XVIII. IMMEDIATE ACCESS TO BUSINESS OFFICES AND RECORDS</u>

IT IS FURTHER ORDERED that, in order to allow Plaintiffs and the Receiver to preserve Assets and evidence relevant to this action, and to expedite discovery, Plaintiffs and Receiver, and their representatives, agents, and assistants, shall have immediate access to the business premises of Solar Titan. Plaintiffs and the Receiver, and their representatives, agents, and assistants, are authorized to enlist the assistance of law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order. Plaintiffs and the Receiver, and their representatives, agents, and assistants, are authorized to remove documents from Solar Titan's premises in order that they may be inspected, inventoried, and copied for the purpose of preserving discoverable material in connection with this action.

Furthermore, the Receiver shall allow the Solar Titan Defendants reasonable access to the premises and business records of Solar Titan within his possession for the purpose of inspecting and copying materials relevant to this action. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XIX. EXPEDITED DISCOVERY

IT IS FURTHER ORDERED that, in anticipation of the temporary injunction hearing in this matter, Plaintiff and the Receiver are authorized to conduct expedited discovery concerning the Solar Titan Defendants' Assets and the location of business records in accordance with the following provisions:

A. Plaintiffs and the Receiver may take the depositions of parties and non-parties. Forty-eight hours' notice shall be sufficient notice for such depositions;

B. Plaintiffs and the Receiver may serve upon parties' requests for production of documents or inspection that require production or inspection within five calendar days of service, and may serve subpoenas upon non-parties that direct production or inspection within five calendar days of service;

C. Plaintiffs and the Receiver may serve deposition notices and other discovery requests upon the parties to this action by facsimile or overnight courier, and depositions may be taken by telephone or other remote electronic means; and

D. Any discovery taken pursuant to this Order is in addition to, and is not subject to, the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure and Local Rules of this Court. If a Solar Titan Defendant fails to appear for a properly noticed deposition or fails to comply with a request for production or inspection, that Solar Titan Defendant may be prohibited from introducing evidence at the hearing on Plaintiffs request for a temporary injunction.

## XX. SERVICE OF THIS ORDER

IT IS FURTHER ORDERED that copies of this Order, as well as the Motion for Temporary Restraining Order and all other pleadings, documents, and exhibits, filed

contemporaneously with that Motion (other than the Complaint and summons), may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiffs, by any law enforcement agency, or by private process server, upon any Defendant or any person (including any financial institution) that may have possession, custody or control of any Asset or document of any Defendant or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch, subsidiary, affiliate, or office of any entity shall effectuate service upon the entire entity.

## XXI. DEFENDANTS' DUTY TO DISTRIBUTE ORDER

IT IS FURTHER ORDERED that the Solar Titan Defendants shall immediately provide a copy of this Order to each of their affiliates, subsidiaries, divisions, sales entities, successors, assigns, officers, directors, employees, independent contractors, client companies, agents, attorneys, spouses and representatives, and shall, within ten days from the date of entry of this Order, provide Plaintiffs with a sworn statement that: (A) confirms that the Solar Titan Defendants have provided copies of the Order as required by this paragraph; and (B) lists the names and addresses of each entity or person to whom Defendants provided a copy of the Order. Furthermore, the Solar Titan Defendants shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities to disregard this Order or believe that they are not bound by its provisions.

## XXII. DURATION OF TEMPORARY RESTRAINING ORDER

IT IS FURTHER ORDERED that the Temporary Restraining Order granted herein shall expire 14 days from the date of entry noted below unless, within such time, the Order is extended

for an additional period not to exceed 14 days for good cause shown, or unless, as to any Defendant, such Defendant consents to an extension for a longer period.

## XXIII. CORRESPONDENCE AND SERVICE ON PLAINTIFFS

IT IS FURTHER ORDERED that, for the purposes of this Order, all correspondence and service of pleadings on Plaintiffs shall be addressed to:

For Tennessee:

*Electronic Mail*
Samuel Keen at samuel.keen@ag.tn.gov
Alicia Daniels-Hill at alicia.daniels-hill@,ag.tn.gov

*Mail*
Office of the Tennessee Attorney General
ATTN: Consumer Protection Division
P.O. Box 20207
Nashville, Tennessee 37202

*Hand Delivery*
Office of the Tennessee Attorney General
Consumer Protection Division
315 Deaderick Street, 20th Floor
Nashville, Tennessee 37243

For Kentucky:

*Electronic Mail*
Paul Fata at paul.fata@ky.gov
Lyndsey Antos at lyndsey.antos@ky.gov

*Mail and Hand Delivery*
Office of the Kentucky Attorney General
ATTN: Office of Consumer Protection
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40222

## XXIV. ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

IT IS FURTHER ORDERED, pursuant to Fed.R.Civ.P. 65(b), that each Defendant shall appear before this Court on **February 15, 2023, at 1:30 p.m. EST** to show cause, if there is any,

why this Court should not enter a Temporary Injunction enjoining the violations of law alleged in Plaintiffs' Civil Enforcement Complaint, continuing the freeze of their Assets, permanently continuing the Receivership and imposing such additional relief as may be appropriate.

## XXV. BRIEFS AND AFFIDAVITS CONCERNING PRELIMINARY INJUNCTION

IT IS FURTHER ORDERED that:

A. Defendants shall file with the Court and serve on Plaintiffs' counsel any answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda no later than four days prior to the order to show cause hearing scheduled pursuant to this Order.

B. Plaintiffs may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same upon counsel for the Defendants no later than 24 hours before the time scheduled for the preliminary injunction hearing.

C. The parties must file with the Clerk's Office and deliver to counsel that have entered an appearance any affidavits and other evidence upon which they intend to rely in connection with Plaintiffs' request for a temporary injunction no later than 24 hours before the time scheduled for the temporary injunction hearing. If any party intends to present the testimony of any witness at the hearing on a temporary injunction, that party shall file with the Court and deliver to counsel that have entered an appearance a statement disclosing the name, address, and telephone number of any such witness, and either a summary of the witness's expected testimony, or the witness's affidavit or declaration revealing the substance of the witness's testimony, no later than 24 hours before the time scheduled for the temporary injunction hearing.

D. An evidentiary hearing on Plaintiffs' request for a preliminary injunction is not necessary unless the Solar Titan Defendants demonstrate that they have, and intend to introduce,

evidence that raises a genuine issue of material fact. The question of whether this Court should enter a preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by the parties, along with any oral argument presented to the Court. Live testimony shall be heard only on further order of this Court. Any motion to permit such testimony shall be filed with the Court and served on counsel for the other parties at least five days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any pleading submitted in opposition to a timely motion to present live testimony (or seeking to present live testimony in response to another party's timely motion to present live testimony) shall be filed with this Court and served on the other parties at least three days prior to the order to show cause hearing. Provided, however, that service shall be performed by personal or overnight delivery, facsimile, or email, and documents shall be delivered so that they shall be received by the other parties no later than 5:00 p.m. Central Time on the appropriate dates provided in this Section

## XXVI. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge

# ATTACHMENT A

## Instructions:

1      Complete all items, Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.  In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action. When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities held by the corporation or held by others for the benefit of the corporation. Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number being continued.

2      An officer of the corporation must sign under oath before a notary and date the completed financial statement on the last page and initial each page in the space provided at the bottom of each page.

## BACKGROUND INFORMATION

### Item 1.       General Information

Corporation's Full Name

Primary Business Address _____From (Date) _____

Provide all other current addresses & previous addresses for the past three years, including post office boxes and mail drops:

Address _____ From/Until _____
Address _____ From/Until _____
Address _____ From/Until _____

List all predecessor companies for the past three years:

Name & Address _____ From/Until _____
Name & Address _____ From/Until _____
Name & Address _____ From/Until _____

### Item 2.       Legal Information

Federal Taxpayer ID No. _____ State Tax ID No. _____

### Item 3.       Principal Stockholders

List all persons and entities that own at least 5% of the corporation's stock.


<u>Name & Address</u>                                        <u>% Owned</u>

Page 1 of 9 _____ Initials

**Item 4.**      **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

<u>Name & Address</u>                                   <u>% Owned</u>

**Item 5.**      **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

<u>Name & Address</u>              <u>Business Activities</u>        <u>% Owned</u>

**Item 6.**      **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders and officers (*i.e.*, the individuals listed above) have an ownership interest.

<u>Individual's Name</u>         <u>Business Name & Address</u>        <u>Business Activities</u>      <u>% Owned</u>

**Item 7.**      **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders and/or officers (i.e., the individuals listed above).

| Name & Address | Relationship | Business Activities |
|---|---|---|

## Item 8.     Outside Accountants

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA |
|---|---|---|---|

## Item 9.     Corporation's Record Keeping

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|---|---|

## Item 10.     Attorneys

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|---|---|---|

## Item 11.     All litigation involving the Corporation

List all pending lawsuits in which the corporation is involved in court or before an administrative agency.

Opposing Party's Name & Address_____
Court's Name & Address_____
Docket No._____ Relief Requested_____ Nature of Lawsuit_____
Status_____

Opposing Party's Name & Address_____
Court's Name & Address_____
Docket No._____ Relief Requested_____ Nature of Lawsuit_____
Status_____

Page 3 of 9 _____ Initials

# FINANCIAL INFORMATION

**Item 12.**     **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years.
*Attach copies of all returns.*

| Federal State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| $ | $ | $ | $ | $ | $ | |
| $ | $ | $ | $ | $ | $ | |
| $ | $ | $ | $ | $ | $ | |

**Item 13.**     **Safe Deposit Boxes**

List all safe deposit boxes, located within the State of Tennessee or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|

**Item 14.**     **Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|---|---|---|---|---|---|

**Item 15.**     **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 14 above, provide the following summary financial information.

| | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|---|---|---|---|---|
| Gross Revenue | $ | $ | $ | $ |
| Expenses | $ | $ | $ | $ |
| Net Profit After Taxes | $ | $ | $ | $ |
| Payable | $ | $ | $ | $ |
| Receivables | $ | $ | $ | $ |

Page 4 of 9 _____ Initials

<u>Item 16.</u>    **Cash, Bank, and Money, Market Accounts**

List cash and all bank and money market accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit, held by the corporation.  The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit  $ _____

<u>Name & Address of Financial Institution</u>    <u>Signatory(ies) on Account</u>    <u>Account No.</u>    <u>Current  Balance</u>

_____  _____  _____  $_____
_____  _____  _____  $_____

<u>Item 17.</u>    **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property _____

Property's Location _____
Name(s) on Title and Ownership Percentages _____
Current Value $_____ Loan or Account No._____
Lender's Name and Address _____
Current Balance On First Mortgage $_____ Monthly Payment $_____
Other Loan(s) (describe) _____ Current Balance $_____
Monthly Payment $_____Rental Unit_____ Monthly Rent Received $_____
Type of Property_____ Property's Location_____
Name(s) on Title and Ownership Percentages _____
Current Value $_____ Loan or Account No._____
Lender's Name and Address _____
Current Balance On First Mortgage $_____ Monthly Payment $_____
Other Loan(s) (describe) _____ Current Balance $_____
Monthly Payment $_____Rental Unit?_____ Monthly Rent Received $_____

<u>Item 18.</u>    **Other Assets**

List all other property, by category, with an estimated value of $5000 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| <u>Property Category</u> | <u>Property Location</u> | <u>Acquisition Cost</u> | <u>Current Value</u> |
|---|---|---|---|

**Item 19.**      **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

**Item 20.**      **Monetary Judgments and Settlements Owed By and To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by and to the corporation.

Opposing Party's Name & Address_____
Court's Name & Address_____Docket No._____
Nature of Lawsuit_____Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____
Court's Name & Address_____Docket No._____
Nature of Lawsuit_____Date of Judgment_____ Amount $_____

**Item 21.**      **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency_____Contact Person_____
Address_____ Telephone No._____
Agreement Date_____ Nature of Agreement_____

Name of Agency_____Contact Person_____
Address_____ Telephone No._____
Agreement Date_____ Nature of Agreement_____

**Item 22.**      **Credit Cards**

List all of the corporation's credit cards and retail charge accounts and the individuals authorized to use them.

| Name of Credit Card or Store | Names of Authorized Users and Positions Held |
|---|---|

**Item 23.**      **Compensation of Employees**

List all compensation and other benefits paid by the corporation to the five most highly compensated employees, independent contractors, and consultants, for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

### Item 24.   Compensation of Board Members and Officers

List all compensation and other benefits received from the corporation by Board Members and Officers for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

### Item 25.   Transfers of Assets Including Cash and Property

List all transfers of assets over $5,000 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship Transfer | Property Transferred | Aggregate Value | Transfer Date | Type of (e.g., Loan, Gift) |
|---|---|---|---|---|

**OATH OF OFFICER**

Page 7 of 9 _____ Initials

I, _____, an officer of _____ (insert name of corporation), am submitting this financial statement with the understanding that it may affect action by the State of Tennessee, Attorney General, or a state court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I certify under penalty of perjury under the laws of the State of Tennessee the foregoing is true and correct. I further swear under oath to the truthfulness and completeness of the facts and information set forth in this Financial Statement.

_____
Signature

Full Name: _____

_____
Officer's Corporate Position

_____
Business Address

_____
Business Telephone Number

Sworn to and subscribed before me
this _____ day of _____, _____.

_____
Notary Public

My commission expires:

_____

# RELEASE FORM

**Consent to Release of Financial Records,** _____ **(Corporate Form)**

I, _____ , as an officer of _____,
do hereby direct any bank, trust company, or financial institution, at which _____,
has an account of any kind upon which _____ is authorized to draw, and its officers,
employees, and agents, to disclose all information and deliver copies of all documents of every nature in their
possession or control that relate to any such account to any employee of the State of Tennessee, Attorney
General and to give evidence relevant thereto, and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the United States that restrict or
prohibit the disclosure of financial information without the consent of the holder of the account, or its officers,
and shall be construed as consent with respect thereto.

Dated: _____ , _____.

Signature: _____

Name: _____

Title: _____

Sworn to and subscribed before me
this ___ day of _____, _____.

_____
Notary Public

My commission expires:

_____

Case 3:23-cv-00046-DCLC-JEM   Document 21   Filed 02/07/23   Page 35 of 63   PageID #: 2392

## ATTACHMENT B

Instructions:

**Instructions:**

Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why. "Assets" and "Liabilities" includes ALL assets and liabilities located within the United States or elsewhere. Attach additional pages as necessary to answer all questions fully. Initial each page in the space provided in the lower right corner. Sign under oath before a notary and date the completed financial statement on the last page.

## BACKGROUND INFORMATION

**Item 1.**        **Information about You**

Your Full Name _____ Social Security # _____
Current Address _____ Since (Date) _____
Current Telephone Number _____ (cellular) _____ (work) _____ (home)
Current Email Address _____ (personal) _____ (work)

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used_____ Marital Status _____

**Item 2.**        **Information about Spouse, Dependents**

Name _____ Date of Birth _____
Relationship_____ Social Security No. _____

Name _____ Date of Birth _____
Relationship_____ Social Security No. _____

**Item 3.**        **Employment Information**

Provide the following information for this year to-date, and for each of the previous three full years, for each company of which you were a director, officer, employee, agent, or consultant at any time during that period.

Company Name & Address_____
Position Held and Dates Employed_____

Company Name & Address_____
Position Held and Dates Employed_____

Company Name & Address_____
Position Held and Dates Employed_____

Case 3:23-cv-00046-DCLC-JEM   Document 21   Filed 02/07/23   Page 37 of 63   PageID #: 2394

# FINANCIAL INFORMATION: ASSETS AND LIABILITIES

**REMINDER: "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities located within the United States or elsewhere, whether held individually or jointly.**

## <u>Item 4.</u>     **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| | | |
| | | |
| | | |

## <u>Item 5.</u>     **Cash, Bank Accounts, Money Market Accounts, Certificates of Deposit**

List cash and all bank accounts, money market accounts, and/or certificates of deposit held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____     Cash Held for Your Benefit $_____

| Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

## <u>Item 6.</u>     **Publicly Traded and Government Securities**

List all securities, including but not limited to, stock options, registered and bearer bonds, state and municipal bond, and mutual funds held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents. In the alternative, attach the most recent brokerage statement for each account.

| Name of Security | # of units owned | Owner of Security | Location of Security | Current Value |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## <u>Item 7.</u>     **Other Business Interests**

List all other business interests, including but not limited to, non-public corporations, general or limited partnership interests, sole proprietorships, and oil and mineral leases, in which you, your spouse, or your dependents are an office, director, or have an ownership interest.

Page 2 of 9 _____ Initials

Business Format _____ Business Names & Address _____

_____ Ownership % _____ Officer/Director _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $ _____

Business Format _____ Business Names & Address _____

_____ Ownership % _____ Officer/Director _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $ _____

## Item 8.     Amounts Owed to You, Your Spouse, or Your Dependents

List all amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address & Telephone No. _____

Original Amount Owed $ _____ Current Amount Owed $ _____ Monthly Payment $ _____

Debtor's Name, Address & Telephone No. _____

Original Amount Owed $ _____ Current Amount Owed $ _____ Monthly Payment $ _____

## Item 9.     Personal Property

List all personal property, by category, whether held for personal use or for investment, including but not limited to, furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| _____ | _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | _____ | $ _____ | $ _____ |

## Item 10.     Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Current Value $ _____ Current Loan Balance $ _____ Monthly Payment $ _____

Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Current Value $ _____ Current Loan Balance $ _____ Monthly Payment $ _____

Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Current Value $ _____ Current Loan Balance $ _____ Monthly Payment $ _____

Page 3 of 9 _____ Initials

Vehicle Type_____ Make_____ Model_____ Year_____
Registered Owner's Name_____ Registration State & No._____
Current Value $_____ Current Loan Balance $_____ Monthly Payment $_____

## Item 11.    Real Property

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Type of Property_____ Property Location_____
Name(s) on Title and Ownership Percentages _____
Current Value $_____ Balance on First Mortgage $_____ Monthly Payment $_____
Other Loan(s) (describe) _____ Current Balance $_____
Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property Location_____
Name(s) on Title and Ownership Percentages _____
Current Value $_____ Balance on First Mortgage $_____ Monthly Payment $_____
Other Loan(s) (describe) _____ Current Balance $_____
Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property Location_____
Name(s) on Title and Ownership Percentages _____
Current Value $_____ Balance on First Mortgage $_____ Monthly Payment $_____
Other Loan(s) (describe) _____ Current Balance $_____
Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

## Item 12.    Credit Cards

List each credit card held by you, your spouse, or your dependents.  Also list any other credit cards that you, your spouse, or your dependents use.

| Name of Credit Card (*e.g.*, Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

## Item 13.    Loans and Liabilities

List all loans or liabilities in your name, your spouse's name, or your dependents' names.

Name & Address of Lender/Creditor_____
Nature of Liability_____ Name(s) on Liability_____
Date of Liability_____ Amount Borrowed $_____ Current Balance $_____
Payment Amount $_____ Frequency of Payment_____

Page 4 of 9 _____ Initials

Name & Address of Lender/Creditor_____
Nature of Liability_____ Name(s) on Liability_____
Date of Liability_____ Amount Borrowed $_____ Current Balance $_____
Payment Amount $_____ Frequency of Payment_____

Name & Address of Lender/Creditor_____
Nature of Liability_____ Name(s) on Liability_____
Date of Liability_____ Amount Borrowed $_____ Current Balance $_____
Payment Amount $_____ Frequency of Payment_____

Name & Address of Lender/Creditor_____
Nature of Liability_____ Name(s) on Liability_____
Date of Liability_____ Amount Borrowed $_____ Current Balance $_____
Payment Amount $_____ Frequency of Payment_____

## OTHER FINANCIAL INFORMATION

__Item 14.__    **Tax Returns**

List all federal and state tax returns that were filed during the last three years by or on behalf of you.  Provide a copy of each signed tax return that was filed during the last three years.

| Tax Year | Federal Refund Expected | State Refund Expected | Preparer=s Name |
|---|---|---|---|
| _____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | _____ |

__Item 15.__    **Transfers of Assets**

List each person to whom you have transferred, in the aggregate, more than $5000 in funds or other assets during the previous three years by loan, gift, sale, or other transfer.  For each such person, state the total amount transferred during that period.

| Transferee's Name, Address & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

Case 3:23-cv-00046-DCLC-JEM   Document 21   Filed 02/07/23   Page 41 of 63   PageID #: 2398

## SUMMARY FINANCIAL SCHEDULES

**Item 16.**     **Combined Balance Sheet for You, Your Spouse, and Your Dependents. "You" includes yourself, your spouse, and your dependents.**

<table>
<tr><td colspan="2" align="center">ASSETS</td><td colspan="2" align="center">LIABILITIES</td></tr>
<tr><td>Cash on Hand</td><td>$_____</td><td>Credit Card Balances</td><td>$_____</td></tr>
<tr><td>Cash in Financial Institutions</td><td>$_____</td><td>Motor Vehicles, Boats, Airplanes (Liens)</td><td>$_____</td></tr>
<tr><td>Securities</td><td>$_____</td><td>Real Property - Mortgages</td><td>$_____</td></tr>
<tr><td>Other Business Interests</td><td>$_____</td><td>Loans Against Securities</td><td>$_____</td></tr>
<tr><td>Amounts Owed to You</td><td>$_____</td><td>Taxes Owed by You</td><td>$_____</td></tr>
<tr><td>Personal Property You Own</td><td>$_____</td><td>Other Loans and Liabilities (Itemize)</td><td>$_____</td></tr>
<tr><td>Airplanes You Own</td><td>$_____</td><td></td><td>$_____</td></tr>
<tr><td>Value of Real Property You Own</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>Other Assets You Own (Itemize)</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>**Total Assets**</td><td>$_____</td><td>**Total Liabilities**</td><td>$_____</td></tr>
</table>

Case 3:23-cv-00046-DCLC-JEM   Document 21   Filed 02/07/23   Page 42 of 63   PageID #: 2399

<u>Item 17.</u>  **Combined Average MONTHLY Income and Expenses for You, Your Spouse, and Your Dependents for the Last Six (6) Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last six (6) months. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| INCOME | | EXPENSES | |
|---|---|---|---|
| Salary - After Taxes | $_____ | Mortgage payments for Residence(s) | $_____ |
| Fees, Commissions, and Royalties | $_____ | Property Taxes for Residence(s) | $_____ |
| Interest | $_____ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $_____ |
| Dividends and Capital Gains | $_____ | Car or other Vehicle Lease or Loan Payments | $_____ |
| Gross Rental Income | $_____ | Food Expenses | $_____ |
| Profits from Sole Proprietorships | $_____ | Clothing Expenses | $_____ |
| Distributions from Partnerships, S-Corporations, and LLCs | $_____ | Utilities | $_____ |
| Distributions from Trusts and Estates | $_____ | Medical Expenses, Including Insurance | $_____ |
| Social Security Payments | $_____ | Other Insurance Premiums | $_____ |
| Alimony/Child Support Received | $_____ | Other Transportation Expenses | $_____ |
| <u>Other Income</u> (Itemize) | $_____ | Other Household Expenses | $_____ |
| _____ | $_____ | Other Expenses (Itemize) | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Income | $_____ | Total Expenses | $_____ |

Page 7 of 9 _____ Initials

Case 3:23-cv-00046-DCLC-JEM   Document 21   Filed 02/07/23   Page 43 of 63   PageID #: 2400

## OATH OF INDIVIDUAL

I, _____, am submitting this financial statement with the understanding that it may affect action by the State of Tennessee, the Attorney General, or a state court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I certify under penalty of perjury under the laws of the State of Tennessee the foregoing is true and correct. I further swear under oath to the truthfulness and correctness of the facts and information set forth in this Financial Statement.

_____

Signature

_____

Full Name

_____

Residential Address

_____

Residential Telephone Number

_____

Business Address

_____

Business Telephone Number

Sworn to and subscribed before me
this ___ day of _____, 20___.


_____

Notary Public

My commission expires:


_____

Case 3:23-cv-00046-DCLC-JEM    Document 21    Filed 02/07/23    Page 44 of 63    PageID #: 2401

# RELEASE FORM

## Consent to Release of Financial Records, Individual

I, _____, do hereby direct any bank, trust company, or financial institution at which I have an account of any kind upon which I am authorized to draw, and its officers, employees, and agents, to disclose all information and deliver copies of all documents of every nature in their possession or control that relate to any such account to any employee of the State of Tennessee or the Tennessee Attorney General and to give evidence relevant thereto, and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the United States that restrict or prohibit the disclosure of financial information without the consent of the holder of the account, or its officers, and shall be construed as consent with respect thereto.

Dated: _____, 20___.

Signature: _____

Name: _____

Title: _____

Sworn to and subscribed before me
this ___ day of _____, 20___.

_____
Notary Public

My commission expires:

_____

Page 9 of 9 _____ Initials

**Instructions:**

1. Complete all items, Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why. In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action. When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities held by the corporation or held by others for the benefit of the corporation. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

2 An officer of the corporation must sign under oath before a notary and date the completed financial statement on the last page and initial each page in the space provided at the bottom of each page.

## BACKGROUND INFORMATION

<u>Item 1.</u> **General Information**

Corporation's Full Name

Primary Business Address _____From (Date) _____

Provide all other current addresses & previous addresses for the past three years, including post office boxes and mail drops:

Address _____ From/Until _____

Address _____ From/Until _____

Address _____ From/Until _____

List all predecessor companies for the past three years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

<u>Item 2.</u> **Legal Information**

Federal Taxpayer ID No. _____ State Tax ID No. _____

<u>Item 3.</u> **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

<u>Name & Address</u>       <u>% Owned</u>

Page 1 of 9 _____ Initials

<u>**Item 4.**</u>        **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

<u>Name & Address</u>                                                      <u>% Owned</u>

<u>**Item 5.**</u>        **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

<u>Name & Address</u>                      <u>Business Activities</u>          <u>% Owned</u>

<u>**Item 6.**</u>        **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders and officers (*i.e.*, the individuals listed above) have an ownership interest.

<u>Individual's Name</u>         <u>Business Name & Address</u>        <u>Business Activities</u>      <u>% Owned</u>

<u>**Item 7.**</u>        **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders and/or officers (i.e., the individuals listed above).

| Name & Address | Relationship | Business Activities |
|---|---|---|

**Item 8.**      **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA |
|---|---|---|---|

**Item 9.**      **Corporation's Record Keeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|---|---|

**Item 10.**      **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|---|---|---|

**Item 11.**      **All litigation involving the Corporation**

List all pending lawsuits in which the corporation is involved in court or before an administrative agency.

Opposing Party's Name & Address_____
Court's Name & Address_____
Docket No._____ Relief Requested_____ Nature of Lawsuit_____
Status_____

Opposing Party's Name & Address_____
Court's Name & Address_____
Docket No._____ Relief Requested_____ Nature of Lawsuit_____
Status_____

# FINANCIAL INFORMATION

**Item 12.**      **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years.
*Attach copies of all returns.*

| Federal State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| $_____ | $_____ | $_____ | $_____ | $_____ | $_____ | _____ |
| $_____ | $_____ | $_____ | $_____ | $_____ | $_____ | _____ |
| $_____ | $_____ | $_____ | $_____ | $_____ | $_____ | _____ |

**Item 13.**      **Safe Deposit Boxes**

List all safe deposit boxes, located within the State of Tennessee or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|

**Item 14.**      **Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|---|---|---|---|---|---|

**Item 15.**      **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 14 above, provide the following summary financial information.

| | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|---|---|---|---|---|
| Gross Revenue | $_____ | $_____ | $_____ | $_____ |
| Expenses | $_____ | $_____ | $_____ | $_____ |
| Net Profit After Taxes | $_____ | $_____ | $_____ | $_____ |
| Payable | $_____ | $_____ | $_____ | $_____ |
| Receivables | $_____ | $_____ | $_____ | $_____ |

Page 4 of 9 _____ Initials

<u>Item 16.</u>        **Cash, Bank, and Money, Market Accounts**

List cash and all bank and money market accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit, held by the corporation.  The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit  $ _____

<u>Name & Address of Financial Institution</u>    <u>Signatory(ies) on Account</u>    <u>Account No.</u>    <u>Current  Balance</u>

_____   _____   _____   $_____
_____   _____   _____   $_____

<u>Item 17.</u>        **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property _____

Property's Location _____
Name(s) on Title and Ownership Percentages _____
Current Value $_____ Loan or Account No._____
Lender's Name and Address _____
Current Balance On First Mortgage $_____ Monthly Payment $_____
Other Loan(s) (describe) _____ Current Balance $_____
Monthly Payment $ _____Rental Unit_____ Monthly Rent Received $_____
Type of Property_____ Property's Location_____
Name(s) on Title and Ownership Percentages _____
Current Value $_____ Loan or Account No._____
Lender's Name and Address _____
Current Balance On First Mortgage $_____ Monthly Payment $_____
Other Loan(s) (describe) _____ Current Balance $_____
Monthly Payment $ _____Rental Unit?_____ Monthly Rent Received $_____

<u>Item 18.</u>        **Other Assets**

List all other property, by category, with an estimated value of $5000 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| <u>Property Category</u> | <u>Property Location</u> | <u>Acquisition Cost</u> | <u>Current Value</u> |
|---|---|---|---|

Page 5 of 9 _____ Initials

<u>Item 19.</u>　　　**Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| <u>Trustee or Escrow Agent's<br>Name & Address</u> | <u>Description and Location of Assets</u> | <u>Present Market<br>Value of Assets</u> |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

<u>Item 20.</u>　　　**Monetary Judgments and Settlements Owed By and To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by and to the corporation.

Opposing Party's Name & Address_____
Court's Name & Address_____ Docket No._____
Nature of Lawsuit_____ Date o f Judgment_____ Amount $_____

Opposing Party's Name & Address_____
Court's Name & Address_____ Docket No._____
Nature of Lawsuit_____ Date o f Judgment_____ Amount $_____

<u>Item 21.</u>　　　**Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency_____ Contact Person_____
Address_____ Telephone No._____
Agreement Date_____ Nature of Agreement_____

Name of Agency_____ Contact Person_____
Address_____ Telephone No._____
Agreement Date_____ Nature of Agreement_____

<u>Item 22.</u>　　　**Credit Cards**

List all of the corporation's credit cards and retail charge accounts and the individuals authorized to use them.

　　　　　<u>Name of Credit Card or Store</u>　　　　　<u>Names of Authorized Users and Positions Held</u>

<u>Item 23.</u>　　　**Compensation of Employees**

Page 6 of 9 _____ Initials

List all compensation and other benefits paid by the corporation to the five most highly compensated employees, independent contractors, and consultants, for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

## Item 24.    Compensation of Board Members and Officers

List all compensation and other benefits received from the corporation by Board Members and Officers for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

## Item 25.    Transfers of Assets Including Cash and Property

List all transfers of assets over $5,000 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of (e.g., Loan, Gift) |
|---|---|---|---|---|

**OATH OF OFFICER**

Page 7 of 9 _____ Initials

I, _____, an officer of _____ (insert name of corporation), am submitting this financial statement with the understanding that it may affect action by the State of Tennessee, Attorney General, or a state court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I certify under penalty of perjury under the laws of the State of Tennessee the foregoing is true and correct. I further swear under oath to the truthfulness and completeness of the facts and information set forth in this Financial Statement.

_____
Signature

Full Name: _____

_____
Officer's Corporate Position

_____
Business Address

_____
Business Telephone Number

Sworn to and subscribed before me
this _____ day of _____, _____.

_____
Notary Public

My commission expires:

_____

# RELEASE FORM

**Consent to Release of Financial Records, _____ (Corporate Form)**

I, _____ , as an officer of _____,
do hereby direct any bank, trust company, or financial institution, at which _____,
has an account of any kind upon which _____ is authorized to draw, and its officers,
employees, and agents, to disclose all information and deliver copies of all documents of every nature in their
possession or control that relate to any such account to any employee of the State of Tennessee, Attorney
General and to give evidence relevant thereto, and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the United States that restrict or
prohibit the disclosure of financial information without the consent of the holder of the account, or its officers,
and shall be construed as consent with respect thereto.

Dated: _____ , _____.

Signature: _____

Name: _____

Title: _____


Sworn to and subscribed before me
this __ ___ day of _____, _____.



__ _____
Notary Public

My commission expires:


__ _____

**ATTACHMENT B**

<u>Instructions:</u>

Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why. "Assets" and "Liabilities" includes <u>ALL</u> assets and liabilities located within the United States or elsewhere. Attach additional pages as necessary to answer all questions fully. Initial each page in the space provided in the lower right corner. Sign under oath before a notary and date the completed financial statement on the last page.

## BACKGROUND INFORMATION

<u>Item 1.</u>        **Information about You**

Your Full Name _____ Social Security #_____

Current Address _____ Since (Date)_____

Current Telephone Number _____ (cellular) _____ (work) _____ (home)

Current Email Address _____ (personal) _____ (work)

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used_____ Marital Status_____

<u>Item 2.</u>        **Information about Spouse, Dependents**

Name _____ Date of Birth_____

Relationship_____ Social Security No._____

Name _____ Date of Birth_____

Relationship_____ Social Security No._____

<u>Item 3.</u>        **Employment Information**

Provide the following information for this year to-date, and for each of the previous three full years, for each company of which you were a director, officer, employee, agent, or consultant at any time during that period.

Company Name & Address_____

Position Held and Dates Employed_____

Company Name & Address_____

Position Held and Dates Employed_____

Company Name & Address_____

Position Held and Dates Employed_____

## FINANCIAL INFORMATION: ASSETS AND LIABILITIES

**REMINDER: "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities located within the United States or elsewhere, whether held individually or jointly.**

**<u>Item 4.</u>** **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| | | |
| | | |
| | | |

**<u>Item 5.</u>** **Cash, Bank Accounts, Money Market Accounts, Certificates of Deposit**

List cash and all bank accounts, money market accounts, and/or certificates of deposit held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____  Cash Held for Your Benefit $_____

| Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

**<u>Item 6.</u>** **Publicly Traded and Government Securities**

List all securities, including but not limited to, stock options, registered and bearer bonds, state and municipal bond, and mutual funds held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents. In the alternative, attach the most recent brokerage statement for each account.

| Name of Security | # of units owned | Owner of Security | Location of Security | Current Value |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**<u>Item 7.</u>** **Other Business Interests**

List all other business interests, including but not limited to, non-public corporations, general or limited partnership interests, sole proprietorships, and oil and mineral leases, in which you, your spouse, or your dependents are an office, director, or have an ownership interest.

Page 2 of 9 _____Initials

Business Format_____ Business Names & Address_____

_____ Ownership %_____ Officer/Director_____

Owner (*e.g.*, self, spouse)_____ Current Fair Market Value $_____

Business Format_____ Business Names & Address_____

_____ Ownership %_____ Officer/Director_____

Owner (*e.g.*, self, spouse)_____ Current Fair Market Value $_____

<u>Item 8.</u>        **Amounts Owed to You, Your Spouse, or Your Dependents**

List all amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address & Telephone No._____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

Debtor's Name, Address & Telephone No._____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

<u>Item 9.</u>        **Personal Property**

List all personal property, by category, whether held for personal use or for investment, including but not limited to, furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| <u>Property Category</u> | <u>Name of Owner</u> | <u>Property Location</u> | <u>Acquisition Cost</u> | <u>Current Value</u> |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

<u>Item 10.</u>        **Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles**

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Vehicle Type_____ Make_____ Model_____ Year_____

Registered Owner's Name_____ Registration State & No._____

Current Value $_____ Current Loan Balance $_____ Monthly Payment $_____

Vehicle Type_____ Make_____ Model_____ Year_____

Registered Owner's Name_____ Registration State & No._____

Current Value $_____ Current Loan Balance $_____ Monthly Payment $_____

Vehicle Type_____ Make_____ Model_____ Year_____

Registered Owner's Name_____ Registration State & No._____

Current Value $_____ Current Loan Balance $_____ Monthly Payment $_____

Page 3 of 9 _____ Initials

Vehicle Type_____ Make_____ Model_____ Year_____
Registered Owner's Name_____ Registration State & No._____
Current Value $_____ Current Loan Balance $_____ Monthly Payment $_____

## Item 11.     Real Property

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Type of Property_____ Property Location_____
Name(s) on Title and Ownership Percentages _____
Current Value $_____ Balance on First Mortgage $_____ Monthly Payment $_____
Other Loan(s) (describe) _____ Current Balance $_____
Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property Location_____
Name(s) on Title and Ownership Percentages _____
Current Value $_____ Balance on First Mortgage $_____ Monthly Payment $_____
Other Loan(s) (describe) _____ Current Balance $_____
Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property Location_____
Name(s) on Title and Ownership Percentages _____
Current Value $_____ Balance on First Mortgage $_____ Monthly Payment $_____
Other Loan(s) (describe) _____ Current Balance $_____
Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

## Item 12.     Credit Cards

List each credit card held by you, your spouse, or your dependents. Also list any other credit cards that you, your spouse, or your dependents use.

| Name of Credit Card (*e.g.*, Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

## Item 13.     Loans and Liabilities

List all loans or liabilities in your name, your spouse's name, or your dependents' names.

Name & Address of Lender/Creditor_____
Nature of Liability_____ Name(s) on Liability_____
Date of Liability_____ Amount Borrowed $_____ Current Balance $_____
Payment Amount $_____ Frequency of Payment_____

Page 4 of 9 _____Initials

Name & Address of Lender/Creditor_____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____


Name & Address of Lender/Creditor_____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____


Name & Address of Lender/Creditor_____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____

## OTHER FINANCIAL INFORMATION

**Item 14.**        **Tax Returns**

List all federal and state tax returns that were filed during the last three years by or on behalf of you.  Provide a copy of each signed tax return that was filed during the last three years.

| Tax Year | Federal Refund Expected | State Refund Expected | Preparer=s Name |
|---|---|---|---|
| _____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | _____ |

**Item 15.**        **Transfers of Assets**

List each person to whom you have transferred, in the aggregate, more than $5000 in funds or other assets during the previous three years by loan, gift, sale, or other transfer.  For each such person, state the total amount transferred during that period.

| Transferee's Name, Address & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

## SUMMARY FINANCIAL SCHEDULES

**Item 16.**     **Combined Balance Sheet for You, Your Spouse, and Your Dependents. "You" includes yourself, your spouse, and your dependents.**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand | $_____ | Credit Card Balances | $_____ |
| Cash in Financial Institutions | $_____ | Motor Vehicles, Boats, Airplanes (Liens) | $_____ |
| Securities | $_____ | Real Property - Mortgages | $_____ |
| Other Business Interests | $_____ | Loans Against Securities | $_____ |
| Amounts Owed to You | $_____ | Taxes Owed by You | $_____ |
| Personal Property You Own | $_____ | Other Loans and Liabilities (Itemize) | $_____ |
| Airplanes You Own | $_____ | | $_____ |
| Value of Real Property You Own | $_____ | _____ | $_____ |
| Other Assets You Own (Itemize) | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Assets | $_____ | Total Liabilities | $_____ |

Page 6 of 9 _____Initials

<u>Item 17.</u>  **Combined Average MONTHLY Income and Expenses for You, Your Spouse, and Your Dependents for the Last Six (6) Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last six (6) months. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| INCOME | | EXPENSES | |
|---|---|---|---|
| Salary - After Taxes | $_____ | Mortgage payments for Residence(s) | $_____ |
| Fees, Commissions, and Royalties | $_____ | Property Taxes for Residence(s) | $_____ |
| Interest | $_____ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $_____ |
| Dividends and Capital Gains | $_____ | Car or other Vehicle Lease or Loan Payments | $_____ |
| Gross Rental Income | $_____ | Food Expenses | $_____ |
| Profits from Sole Proprietorships | $_____ | Clothing Expenses | $_____ |
| Distributions from Partnerships, S-Corporations, and LLCs | $_____ | Utilities | $_____ |
| Distributions from Trusts and Estates | $_____ | Medical Expenses, Including Insurance | $_____ |
| Social Security Payments | $_____ | Other Insurance Premiums | $_____ |
| Alimony/Child Support Received | $_____ | Other Transportation Expenses | $_____ |
| Other Income (Itemize) | $_____ | Other Household Expenses | $_____ |
| _____ | $_____ | Other Expenses (Itemize) | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Income | $_____ | Total Expenses | $_____ |

Case 3:23-cv-00046-DCLC-JEM   Document 21   Filed 02/07/23   Page 61 of 63   PageID #: 2418

# OATH OF INDIVIDUAL

      I, _____, am submitting this financial statement with the understanding that it may affect action by the State of Tennessee, the Attorney General, or a state court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I certify under penalty of perjury under the laws of the State of Tennessee the foregoing is true and correct. I further swear under oath to the truthfulness and correctness of the facts and information set forth in this Financial Statement.

_____
Signature

_____
Full Name

_____
Residential Address

_____
Residential Telephone Number

_____
Business Address

_____
Business Telephone Number

Sworn to and subscribed before me
this ___ day of _____, 20___.


_____
Notary Public

My commission expires:

_____

Page 8 of 9 _____ Initials

# RELEASE FORM

## Consent to Release of Financial Records, Individual

I, _____, do hereby direct any bank, trust company, or financial institution at which I have an account of any kind upon which I am authorized to draw, and its officers, employees, and agents, to disclose all information and deliver copies of all documents of every nature in their possession or control that relate to any such account to any employee of the State of Tennessee or the Tennessee Attorney General and to give evidence relevant thereto, and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the United States that restrict or prohibit the disclosure of financial information without the consent of the holder of the account, or its officers, and shall be construed as consent with respect thereto.

Dated: _____, 20____.

Signature: _____

Name: _____

Title: _____


Sworn to and subscribed before me
this ____ day of _____, 20____.


_____
Notary Public

My commission expires:

_____

.