UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* JOHNATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL<br><br>    Plaintiff,<br><br>v.<br><br>IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, et. al.<br><br>    Defendants. | No. 3:23-cv-00046-DCLC-JEM |

### DEFENDANT SARAH KIRKLAND'S MOTION TO STRIKE AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant Sarah Kirkland ("Ms. Kirkland"), by and through counsel pursuant to Fed. R. Civ. P. 12(f), respectfully moves the Court to strike certain allegations—namely, Paragraphs 106-109 and Paragraph J of the Prayer for Relief, as it relates to her—from the Complaint (Doc. 3, PageID #: 31-32, 97). In support of this motion, Ms. Kirkland states the following:

### INTRODUCTION

This is a civil enforcement action by the Tennessee and Kentucky state attorneys general concerning alleged unfair and deceptive business practices by Defendant Ideal Horizon Benefits, LLC d/b/a Solar Titan USA ("Solar Titan"). In their Complaint, the Plaintiffs repeatedly lump Ms. Kirkland together with Defendants Craig Kelley and Richard Atnip (referring to the three of them and the company as "the Solar Titan Defendants") to give the appearance that she, too, was using "ill-gotten gains to purchase or lease expensive items such as luxury vehicles, multi-million-dollar homes, large boats, and even a jet airplane." Doc. 3, PageID#: 19. *See also* Doc. 3, PageID#: 26,

1

¶¶ 64-66 ("Kelley, Atnip, and Kirkland lead a lavish lifestyle that includes several multi-million-dollar homes, yachts, a private jet, and luxury vehicles."). Although their specific allegations and evidence in the record only implicate Kelley and Atnip in this regard, Plaintiffs vaguely chalk Kelley and Atnip's conduct up to Kirkland as well. *See* Doc. 3, PageID#: 322-29 (relying heavily on "information and belief" but only alleging that Kelley and Atnip bought multi-million-dollar property). *See also* Doc. 6, PageID#: 228-230 (describing Kelley and Atnip's conduct but failing to identify what, if anything, Ms. Kirkland did to "lead a lavish lifestyle").

As far as Ms. Kirkland can tell, Plaintiffs equate her with Defendants Kelley and Atnip to justify a blanket freeze of all individual defendants' assets—including her own—instead of narrowly tailoring their request to freeze assets to only those assets in which they claim an equitable interest.

Additionally, even though it has no bearing whatsoever on the merits of their claims pursuant to federal and state consumer financial laws, Plaintiffs needlessly impugn Ms. Kirkland's compliance with the ethical standards of the North American Board of Certified Energy Practitioners ("NABCEP"). *See* Doc. 3, PageID#: 31-32, ¶¶ 106-109 ("As detailed below, Kirkland's involvement with Solar Titan violates nearly every ethical obligation imposed upon NABCEP certificate holders."). These allegations are utterly irrelevant, and their inclusion will only prejudice Ms. Kirkland by confusing the issues and likely resulting in a waste of time and resources needlessly litigating whether Ms. Kirkland satisfied her ethical duties.

Therefore, for the reasons stated herein, Ms. Kirkland respectfully requests that the foregoing allegations and requested relief be stricken from the Complaint (Doc. 3) pursuant to Fed. R. Civ. P. 12(f).

## LAW AND ARGUMENT

I.   Standard

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of the motion is to avoid the expenditure of time and money that would arise from litigating spurious issues by dispensing with those issues prior to trial. *See Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986)). *See also Medevac MidAtlantic, LLC v. Keystone Mercy Health Plan*, 817 F. Supp. 2d 515, 520 (E.D. Pa. 2011) ("The purpose of [Rule 12(f)] is to clean-up the pleadings, streamline the litigation and avoid inquiry into irrelevant matters."). "To prevail on this motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants." 2 Moore's Federal Practice § 12.37 (Matthew Bender 3d Ed.) (cleaned up).

Indeed, while motions to strike are generally disfavored, they may be granted when the allegations at issue have no possible relation or logical connection to the subject matter of the controversy and may cause prejudice to the defendant. *See Bailey v. Gibson Hotel Mgmt.*, No. 3:18-CV-167, 2018 U.S. Dist. LEXIS 189659, at *2-3 (E.D. Tenn. Nov. 6, 2018). In the context of Rule 12(f), "scandalous" generally refers to an allegation that unnecessarily reflects on the moral character of an individual, and such an allegation should be stricken if it is irrelevant and immaterial to the issues in controversy. *See* 2 Moore's Federal Practice § 12.37 (Matthew Bender 3d Ed.) (citing *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) ("[a]llegations may be stricken as scandalous if the matter bears no possible relation to the

controversy or may cause the objecting party prejudice")). Whether to grant a motion to strike is within the court's discretion. *See Bailey*, 2018 U.S. Dist. LEXIS 189659, at *2-3.

For example, in *Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991), a defendant moved to strike several references in the complaint to his criminal conviction and income level. The district court granted the motion to strike, reasoning as follows:

> The complaint's reference to [defendant's] criminal conviction and his income level are immaterial and impertinent to this case, and may be "scandalous." Neither [defendant's] income nor the outcome of his celebrated criminal prosecution bears remotely on the merits of this case. Reference to those matters serves no purpose except to inflame the reader. Although courts have commented that motions to strike pursuant to Rule 12(f) "are not favored" and should be denied "especially if the presence of the material does not prejudice the moving party," *Schramm v. Krischell,* 84 F.R.D. 294, 299 (D. Conn. 1979), here there is no reason to allow those references to remain in the complaint.

*Id. See also Smith v. AVSC Int'l, Inc.*, 148 F. Supp. 2d 302, 317-18 (S.D.N.Y. 2001) (finding that plaintiff's allegations regarding "ethical obligations to report financial misconduct, and specific instances of such acts," were irrelevant to his discrimination claims and subject to being stricken); *Maurizi v. Callaghan*, No. 20-CV-922JLS(F), 2022 U.S. Dist. LEXIS 35099, at *59 (W.D.N.Y. Feb. 25, 2022) ("[T]he allegations are utterly irrelevant to the Complaint such that no evidence relevant to these allegations, which are of a scandalous nature, would be admissible at trial.").

Additionally, "[a] motion to strike should also be granted where the requested relief is unavailable." *Spectrum Health v. Good Samaritan Emplrs. Ass'n*, No. 1:08-CV-182, 2008 U.S. Dist. LEXIS 46994, at *3 (W.D. Mich. June 18, 2008) (citing *Brokke v. Stauffer Chem. Co.*, 703 F. Supp. 215, 222-23 (D. Conn. 1988)).

II. **Because it is improper to make a blanket request to freeze a defendant's assets instead of specifically seeking to freeze only those assets in which an equitable interest is claimed—and because Plaintiffs' request is based on the conduct of other parties—the complete freezing of Ms. Kirkland's assets is an unavailable remedy, and the request for it should be stricken from the Complaint as it relates to Ms. Kirkland.**

4

A district court may freeze an asset in which an "equitable interest is claimed." *See III Fin. Ltd. v. Aegis Consumer Funding Grp., Inc*., 1999 U.S. Dist. LEXIS 10070, 1999 WL 461808, at *4 n.1 (S.D.N.Y. July 2, 1999); *JSC Foreign Econ. Ass'n Technostroyexpoert v. Int'l Dev. And Trade Servs., Inc*., 295 F. Supp. 2d 366, 389 (S.D.N.Y. 2003). *See also* Turnkey Offshore Project Servs., LLC v. JAB Energy Sols., LLC, No. 21-672, 2021 U.S. Dist. LEXIS 149733, at *17 (E.D. La. Aug. 10, 2021) (citing *Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940) (an injunction to freeze assets must be narrowly drawn to sequester only those funds subject to the equitable claim as necessary to satisfy the potential judgment). While a "court's general equitable power does not reach a defendant's assets unrelated to the underlying litigation or entail the power to freeze such assets so that they may be preserved to satisfy a potential money judgment … [i]f a plaintiff asserts a lien or equitable claim in the particular assets it seeks to freeze, rather than solely a claim for monetary damages, the court may enter a preliminary injunction freezing a defendant's assets pending judgment. *Turnkey Offshore*, 2021 U.S. Dist. LEXIS 149733, at *14-16 (cleaned up). "The injunction must be drafted so as not to freeze assets not subject to equitable remedies." *Id.* (cleaned up). A request to freeze all of a defendant's asserts, however, is improper. *Id.* at *17.

Here, Plaintiffs have not sought to narrowly tailor their request for an asset freeze at all. They have made no effort in either the Complaint generally or in their Prayer for Relief to seek the freezing of any particular assets in which they assert an "equitable interest." Nor have Plaintiffs presented any authority supporting their incredibly broad request for an asset freeze, let alone authority that should persuade the Court to freeze assets in which Plaintiff claims no equitable interest. In fact, while both the Complaint and the Plaintiffs' Memorandum of Law in Support of *Ex Parte* Motion for Temporary Restraining Order (Doc. 6) describe assets belonging to

5

Defendants Kelley and/or Atnip, neither document contemplates any specific assets of Ms. Kirkland's in which Plaintiffs directly or indirectly assert an equitable interest.

As a result, and because the Plaintiffs request relief that is not available to them under the law, such request should be stricken from their Complaint as it relates to Ms. Strickland.

**III. Whether or not Ms. Kirkland's "involvement with Solar Titan violates nearly every ethical obligation imposed upon NABCEP certificate holders" is irrelevant and has no rational connection to the claims raised in the Complaint; therefore, Paragraphs 106-109 should be stricken as impertinent, immaterial, and scandalous.**

In an apparent attempt to further cast aspersions on Ms. Kirkland, and without evidence to support their conclusory allegations that Ms. Kirkland (individually or, generally, as a member of the Solar Titan Defendants) was using ill-gotten gains to fund a "lavish lifestyle" or "extravagant spending habits," Plaintiffs assert that Ms. Kirkland's "involvement with Solar Titan violates nearly every ethical obligation" imposed upon her as a NABCEP certificate holder. Doc. 3, PageID#: 31-32.

The inclusion of Paragraphs 106 through 109 in the Complaint is unnecessary and likely referenced for an improper purpose. The allegation that Ms. Kirkland may have violated—or rather, as Plaintiffs baldly assert, did violate ethical obligations—has no bearing whatsoever on the merits of their claims. Stated differently, these allegations are utterly irrelevant, and their inclusion will only prejudice Ms. Kirkland by confusing the issues later in the litigation. Specifically, the parties and the Court may, whether inadvertently or not, conflate Ms. Kirkland's compliance with NABCEP ethical standards with her compliance with consumer protection law. Furthermore, not striking these paragraphs will also likely prejudice Ms. Kirkland by causing her, the other parties, and perhaps the Court to waste valuable time and resources needlessly litigating a spurious issue, *i.e.* whether Ms. Kirkland satisfied her ethical duties and whether such ethical obligations have any bearing on any applicable standard of care.

6

## CONCLUSION

Therefore, for the reasons stated herein, Ms. Kirkland respectfully requests that the foregoing allegations and requested relief be stricken from the Complaint (Doc. 3) pursuant to Fed. R. Civ. P. 12(f).

Respectfully submitted this 13th day of February, 2023.

/s/ G. Alan Rawls
Gregory Brown (BPR #027944)
W. Scott Hickerson (BPR #026369)
Hugh B. Ward (BPR #015071)
G. Alan Rawls (BPR #038300)
900 South Gay Street, Suite 2102
Knoxville, TN 37902
P: (865) 521-6527
F: (865) 637-0540
gb@lyblaw.net
wsh@lyblaw.net
hbw@lyblaw.net
gar@lyblaw.net
*Counsel for Defendant Sarah Kirkland*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system

/s/ G. Alan Rawls