UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TENNESSEE, *ex rel.* | ) | |
| JONATHAN SKRMETTI, ATTORNEY | ) | |
| GENERAL and REPORTER, and | ) | |
| COMMONWEALTH OF KENTUCKY, *ex* | ) | |
| *rel.* DANIEL CAMERON, ATTORNEY | ) | |
| GENERAL, | ) | |
| | ) | 3:23-CV-00046-DCLC-JEM |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IDEAL HORIZON BENEFITS, LLC, d/b/a | ) | |
| SOLAR TITAN USA, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

## MOTION TO INTERVENE

Comes now, Volunteer Ventures, LLC ("Volunteer Ventures"), and files this Motion to Intervene, respectfully demonstrating to the Court that it has the right to intervene in this action. Alternatively, if the Court finds that intervention as of right is not warranted, Volunteer Ventures should be permitted to intervene because its rights and interests share issues of law and fact with the claims in this action.

### I.    Background

On or about February 19, 2021, Solar Titan USA ("Solar Titan") entered into a five-year lease agreement with Volunteer Ventures to begin April 1, 2021, and end March 31, 2026. (The lease agreement is attached to this motion as "Exhibit 1.") Solar Titan, as lessee, promised to pay Volunteer Ventures $8,700.00 per month for the first three years, $9,483.00 per month for year four and five, and $10,336.00 for the sixth and final year for the use of a commercial building owned by Volunteer Ventures and located at 10306 Yellow Pine Lane, Knoxville, Tennessee.

Solar Titan is currently in default under the lease. The current amount that Solar Titan owes Volunteer Ventures is $10,635.00.  Volunteer Ventures has not been able to ascertain what condition Solar Titan left the interior of the building, but they have left several empty wooden pallets stacked around and against the building.  Volunteer Ventures needs to gain access to the building to perform necessary maintenance and repairs and to begin putting the building toward other commercial use.

On February 7, 2023, this Court entered an Opinion and Order in this case appointing a receiver to take control of all Solar Titan assets. *See* Doc. 21, Opinion and Order. The Court's definition "assets" in the order includes leaseholds, among other things. *Id.* at 4, fn. 1. Volunteer Ventures has attempted to work with the receiver as well as counsel for the receiver to gain access to its property, but those attempts have been to no avail.

At present, Volunteer Ventures has several prospective tenants who are interested in leasing the Yellow Pine building. Solar Titan, on the other hand, is in default and vacated the building. Thus, Volunteer Ventures has need for the space whereas Solar Titan does not.

Additionally, there are other material lease obligations that the receiver has left unfulfilled.  Specifically, the lease requires that the tenant maintain both liability and Rural Metro Fire coverage is in place on the building.  Without this coverage in place, Volunteer Ventures is improperly at risk of loss for any fire or other accident or occurrence on the property. As the receiver is standing in the shoes of Solar Titan, these lease obligations fall on the receiver to fulfil with any assets of Solar Titan while he retains possession of the property.

Because Volunteer Ventures is being denied access to its own property, and rent payments are due but still not being paid, Volunteer Ventures respectfully moves to intervene in

this lawsuit so that it can defend its interest as the property owner and begin to put the property toward beneficial economic use.

## II.     Authority and Argument

### A.     *Intervention of Right*

Under rule 24, a party is *entitled* to intervene in a lawsuit when it files a timely motion and demonstrates that it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). The Sixth Circuit has interpreted this rule as requiring a movant to meet the following four elements:

> (1) the motion to intervene must be timely;
>
> (2) the movant must have a substantial legal interest in the subject matter of the case;
>
> (3) the movant's ability to protect its interest could be impaired in the absence of intervention; and
>
> (4) the parties already before the Court may not adequately represent the movant's interest.

*Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999). Additionally, the Sixth Circuit has stated that rule 24 "is broadly construed in favor of potential intervenors." *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991).

In this case, Volunteer Ventures meets all the elements to intervene as a matter of right.

### 1.     *Timeliness*

The timeliness of a motion to intervene is considered based on five factors:

> (a) the point to which the suit had progressed;
>
> (b) the purpose for which intervention is sought;

(c) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case;

(d) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and

(e) the existence of unusual circumstances militating against or in favor of intervention.

*Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). A review of these factors shows that this motion is timely.

First, proceedings are in the very beginning stages. This case was filed only two weeks ago on February 6, 2023. No answers have yet been filed. The developments to date—such as orders governing depositions, motions to dismiss, and the appointment of the receiver—relate more to the Court's administration of the case than anything else. And it was the Court's order appointing a receiver that firmly established Volunteer Ventures' right to intervene. That order was entered February 7, 2023. This first factor weighs in favor of timely intervention.

Second, the purpose for which Volunteer Ventures seeks to intervene is both legitimate and directly affected by the Court's order appointing a receiver and empowering the receiver with exclusive authority to control Solar Titan's assets. Solar Titan owes Volunteer Ventures rent that was past due before the receiver was appointed, and Solar Titan is under contract to pay monthly rent to Volunteer Ventures for the next three years. Of course, given the nature of the claims in this lawsuit and the fact that Solar Titan already abandoned the property, Volunteer Ventures questions whether Solar Titan will make any of its promised future payments.

Ordinarily, when a tenant abandons its lease, the property owner can consider the lease in default and take steps to relet the property to a new tenant. Here, however, the receiver possesses

4

full and exclusive control of all of Solar Titan's assets, including its now-ineffectual lease with Volunteer Ventures. *See* Doc. 21, Opinion and Order, at 12-16. The purpose of the receiver's full and exclusive control is apparently to enable the receiver to preserve whatever valuable assets Solar Titan may have during the pendency of this litigation. But Solar Titan abandoned its lease with Volunteer Ventures and is not occupying or using the building.

As things stand, Volunteer Ventures is at risk of sustaining continuing financial losses as a result of not being able to find a new tenant for its property. To rectify this situation (and prevent it from worsening), Volunteer Ventures has attempted to work with the receiver to gain access to its property (which Volunteer Ventures, as owner of the property, is well within its rights to seek) so that it can begin the process of reletting the property to a new tenant. Counsel for the receiver, however, has indicated that the receiver may wish to keep Solar Titan's lease in place. The Court's order also stayed and enjoined other court proceedings against Solar Titan during the pendency of the receivership. *See* Doc. 21, Opinion and Order, at 19-20.

As a result of these developments, Volunteer Ventures now has only two options. The first is to simply acquiesce to the present circumstances—which in effect amount to a judicial taking of Volunteer Ventures' property. That would be patently unfair and is not really worth considering. The second option is to seek to intervene in this lawsuit to protect its interest as the owner of the property that is leased to Solar Titan and is now tied up in receivership despite the fact that Solar Titan is not even using the property. This is the only real choice. The second timeliness factor thus weighs in Volunteer Ventures' favor as well.

The third factor—the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case—is also in Volunteer Ventures' favor. As noted, the Court's order appointing a receiver, giving the receiver

5

full control over Solar Titan's assets, and enjoining all other litigation was entered less than two weeks ago. And since that time, Volunteer Ventures sought to cooperate with the receiver to resolve the issues presented in this motion. Volunteer Ventures is filing this motion as soon as it learned that its efforts to cooperate with the receiver would not be helpful.

Fourth, there is no prejudice to the other parties already in this case if Volunteer Ventures intervenes. As noted, Solar Titan has moved out of the leased property, so its interest in keeping that property is nonexistent. Indeed, if Volunteer Ventures can gain access to its property and relet it to a new tenant, that would seem to be to Solar Titan's benefit. Additionally, the plaintiffs in this case would seem to benefit as well because terminating the lease would mean that Solar Titan would have fewer financial obligations constraining its payment on a judgment.

Fifth, usual circumstances in this case show that intervention is warranted. This lawsuit was brought by the attorneys general of Tennessee and Kentucky, and is based on alleged violations of each states' respective consumer protection statutes. The claims in this case and the relief sought directly affect Volunteer Ventures' interest. Volunteer Ventures started out as a simple creditor of Solar Titan by virtue of the rent payments that Solar Titan owed even before the receiver was appointed. When the receiver was appointed and given total control of the lease at issue, however, Volunteer Ventures is forced to involuntarily guarantee or subsidize the judgment by maintaining its lease with Solar Titan despite the massive financial loss this would work upon Volunteer Ventures.

### 2. *Substantial Legal Interest*

The Sixth Circuit "has opted for a rather expansive notion of the interest sufficient to invoke intervention of right." *Mich. State v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). As explained above, Volunteer Ventures is in the precarious position of its property being subjected

to the control of the receiver even if that results in great financial loss to Volunteer Ventures. There can be no question that Volunteer Ventures has the legal right to protect its property interest in this case. *See East v. Crowdus*, 302 F.2d 645, 647 (8th Cir. 1962) (holding that a claim to property held by a receiver supports intervention as of right).

Importantly, in considering a motion to intervene, the analysis is not whether a movant's asserted legal interest will be meritorious, but simply whether the movant has asserted a substantial legal interest deserving of participation in the case. *See Biodiesel Capital Mgmt., LLC v. Biodiesel of Miss., Inc.*, No. 06-2061BV, 2006 U.S. Dist. LEXIS 11236, at *8 (W.D. Tenn. Feb. 27, 2006) (recognizing that the court was not deciding the merits of the movant's asserted legal interest, but only whether the asserted interest was sufficient to support intervention); *see also Liberte Capital Grp., LLC v. Capwill*, 126 F. App'x 214, 219 (6th Cir. 2005) (noting that a movant could show a substantial legal interest to intervene even if the movant lacked an interest in the ultimate resolution of the case on the merits). In this case, Volunteer Ventures' interest of protecting its property rights, resolving the outstanding issues with the Solar Titan lease, and finding a new tenant for its property certainly satisfies the substantial legal interest element.

### 3. *Impairment Absent Intervention*

To meet the impairment element, "a would-be intervenor must show only that impairment of its substantial legal interest is ***possible*** if intervention is denied." *Miller*, 103 F.3d at 1247 (emphasis added). If Volunteer Ventures is not permitted to intervene, it stands to continue losing nearly $10,000.00 per month for as long as Solar Titan's rent payments are not made. If Solar Titan had continuing business operations at the property, the receiver could more sensibly seek to safeguard the lease as a company asset. But that is not the case, and the receiver is opposing Volunteer Ventures' efforts to make other beneficial use of the building. These facts

7

clearly show that Volunteer Ventures needs to intervene in order to protect its interest. In addition, the condition of the premises and the fact that there is no occupant mean there is increased risk of damage, theft, or other harms. In short, absent intervention, Volunteer Ventures is at the mercy of whatever the receiver ultimately decides to do, whenever a decision is made.

### 4. *Movant's Interest Not Represented*

"The prospective intervenor's burden on the inadequate representation element is also minimal." *Biodiesel*, No. 06-2061BV at *9. "The moving party does not need to show that representation will in fact be inadequate; it is sufficient to show that it may be inadequate." *Id.* The facts presented in this motion show that no other party will represent Volunteer Ventures' interest. Solar Titan's receiver is not cooperating so that Volunteer Ventures can gain access to the property and show it to prospective tenants, and the interest of Plaintiffs has nothing to do with whether Solar Titan should continue its lease at the property.

Volunteer Ventures thus thoroughly satisfies all four elements of intervention as right. This Court should grant the motion.

### B. *Permissive Intervention*

In some cases, when a party is not granted intervention as a matter of right, the party may still be granted *permissive* intervention. In that scenario, rule 24 provides that a party may intervene if it files a timely motion and shows that it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). When a party moves for permissive intervention, the trial court is to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.*

If for some reason this Court is not satisfied that Volunteer Ventures is entitled to intervene under rule 24(a), it should grant Volunteer Ventures permissive intervention. As

previously argued, Volunteer Ventures has a compelling interest in the outcome of this litigation and has no other means by which to protect its interest. Those interests will be in peril if Volunteer Ventures is not made an intervenor. The Court has ordered that Solar Titan's assets be subject to the control of the Receiver, and Volunteer Ventures has no way of knowing whether any monetary assets exist or, if some do, whether any will be allocated to Solar Titan's debt to Volunteer Ventures. And because the Court has enjoined all other lawsuits, this is the only avenue by which Volunteer Ventures may protect and assert its legal rights.

## III.     Conclusion

For the forgoing reasons, Volunteer Ventures respectfully requests that the Court grant this motion and allow it to intervene as a matter of right pursuant to rule 24(a). In the alternative, Volunteer Ventures asks that it be permitted to intervene in accordance with rule 24(b).


Dated this, the 20th day of February, 2023.


>           */s/ Benjamin C. Mullins*
> Benjamin C. Mullins, Esq.   (BPR No. 20924)
> **FRANTZ, McCONNELL & SEYMOUR, LLP**
> 550 W. Main Street, Suite 500
> Knoxville, TN 37902
> E-mail:  bmullins@fmsllp.com
> (865) 546-9321
> *Attorney for Volunteer Ventures*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2023, a true and correct copy of the foregoing Motion to Intervene, including all attachments, was filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the counsel of record, if such counsel is in the system.

*/s/ Benjamin C. Mullins*
Benjamin C. Mullins
**FRANTZ, McCONNELL & SEYMOUR, LLP**

S:\WDOX\CLIENTS\4481\000033\MOTIONS\02548839.DOCX