UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL,<br><br>Plaintiffs,<br><br>v.<br><br>IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, *et al.*,<br><br>Defendants. | 3:23-CV-00046-DCLC-JEM |

**ORDER**

This matter is before the Court on Defendant Sarah Kirkland's Motion to Permit Live Testimony at the Preliminary Injunction Hearing [Doc. 36]. In accordance with Section XXV(D) of the Temporary Restraining Order [Doc. 21], Kirkland seeks permission to present live testimony of two witnesses—Kirkland herself and her husband, Kevin Montgomery—at the preliminary injunction hearing, which is currently scheduled for February 27, 2023. In support, she asserts an evidentiary hearing is necessary and that the taking of live testimony from her and her husband, rather than the mere submission of affidavits and declarations, would be more helpful to the Court in determining whether a preliminary injunction is appropriate.

"Federal Rule of Civil Procedure 65, which governs the issuance of preliminary injunctions, does not require the presentation of oral testimony." *Lexington-Fayette Urb. Cnty. Gov't v. BellSouth Telecommunications, Inc.*, 14 F. App'x 636, 639 (6th Cir. 2001). However, "where facts are bitterly contested and credibility determinations must be made to decide whether

1

injunctive relief should issue, an evidentiary hearing must be held." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 553 (6th Cir. 2007) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1312–13 (11th Cir. 1998). Consistent with the foregoing, the Court held, "[a]n evidentiary hearing on Plaintiffs' request for a preliminary injunction is not necessary unless the Solar Titan Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine issue of material fact." [Doc. 21, pgs. 25–26].

Here, the Temporary Restraining Order issued by the Court against Defendants Solar Titan USA and its principals Craig Kelley, Richard Atnip, and Kirkland, included an asset freeze and the appointment of a receiver based on the concern that the Solar Titan Defendants would dissipate or misappropriate Solar Titan assets, leaving consumers with no redress for alleged violations of federal and state consumer protection laws. Kirkland disputes any personal involvement in any alleged dissipation and misappropriation and seeks to present testimony concerning her involvement with and role in the operations of Solar Titan and related entities, her knowledge of the problems Solar Titan had, funds she received and the source, nature, and her extent of knowledge regarding those funds, and her assets and monthly expenses [Doc. 36, pg. 2]. Kirkland also requests to present testimony from her husband, Kevin Montgomery, regarding the use and disposition of money Kirkland was paid by Solar Titan and affiliated entities, his income, and Kirkland's efforts to serve Solar Titan's customers and keep the company afloat while working without compensation [*Id.*].

Although Plaintiffs argue this testimony should have no bearing on the Court's decision, Kirkland's involvement in any dissipation or misappropriation of Solar Titan's assets is undoubtedly relevant to whether a continued freeze of all or part of her assets is warranted. In fact, Plaintiffs contend Kirkland "cannot show that the assets she seeks to access are not 'tainted'

2

by her unlawful behavior" [Doc. 67, pg. 8]. The testimony she seeks to present at the preliminary injunction hearing calls this assertion into question, creating a genuine issue of fact.

Based on the foregoing, the Court finds that Kirkland has sufficiently demonstrated that she intends to introduce evidence that raises a genuine issue of material fact as to her personal involvement in the company and any dissipation of assets and, consequently, as to whether a preliminary injunction including an asset freeze is appropriate as it relates to her. Accordingly, Kirkland's motion [Doc. 36] is well-taken and **GRANTED**. Kirkland and her husband shall be permitted to testify at the preliminary injunction hearing in this matter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge