## STANDARD PERSONAL PROPERTY AUCTION AGREEMENT

THIS AGREEMENT, made the **3rd** day of **March, 2023** by and between
Richard F. Ray, Court Appointed Receiver for Ideal Horizon Benefits, LLC dba Solar Titan USA

**MAILING ADDRESS**   P.O. Box 938, Jonesborough, TN 37659

**TELEPHONE**   (423) 426-3449

**CLIENT REPRESENTATIVE** Richard F. Ray, Receiver

**E-MAIL ADDRESS**   rray@TriaFin.com

(Hereinafter called "SELLER") and FURROW AUCTION COMPANY, 10319 Cogdill Road, Knoxville, Tennessee 37932. Telephone: (865) 546-3206 Fax: (865) 525-4179 (hereinafter referred to as "AUCTIONEER").

WITNESSETH that Seller desires to sell Property, as hereinafter described, and Auctioneer is in the business of selling Property at auction and desires to sell Seller's Property. The parties hereby agree, in consideration of the mutual covenants and promises contained hereinafter, as follows:

1. **Appointment, Properties, Location and Sale Date**. Seller does hereby irrevocably commission Auctioneer to sell to the highest bidder(s) the following described Property at **"Online Only Absolute Auction",** without minimum or reservation, to-wit:

**To include but not limited to office furniture, fixtures, equipment, computer equipment, and miscellaneous office and electronic items**

(Hereinafter referred to as the "Property"). The Property is located at **9111 Cross Park Drive, Suite D-100, Knoxville, TN 37923**

And said sale shall be held as an **ONLINE ONLY ABSOLUTE AUCTION** on or about the **5th** day of **May, 2023**

2. **Warranty of Title**. Seller warrants that as Court Appointed Receiver for Owner, Seller has been duly authorized by the Court to execute this Agreement on behalf of the true and lawful Owner of the Property. Seller further warrants that as Court Appointed Receiver for Owner, Seller has full authority and right to transfer the Property, free and clear of all liens and encumbrances including, but not limited to, unrecorded liens, federal and/or state tax liens, mechanics' and material men's liens and claims of creditors under any law governing transfers in bulk. Seller discloses and acknowledges that there is **no existing, current encumbrance or liens on aforementioned items** and that Seller will transfer said Property to the purchaser thereof free and clear of all liens and encumbrances when same is sold by Auctioneer. In order to further the foregoing Agreement, Seller as Court Appointed Receiver for Owner acknowledges that all Property will be transferred free and clear, to the extent disclosed liens or encumbrances are to be paid from the proceeds of the auction sale, or undisclosed liens and encumbrances are discovered, Seller authorizes Auctioneer or its designee, after Auctioneer shall have satisfied its claim for commissions and expenses of the auction sale, to pay so much of the balance remaining of the proceeds to satisfy any such liens or encumbrances. In the event that the balance remaining of the proceeds is not sufficient to satisfy all of the indebtedness secured by the liens and encumbrances, Seller shall pay or provide for the payment of funds sufficient to satisfy the indebtedness and release the lien or encumbrance.

Seller authorizes Auctioneer to obtain a UCC title search and Personal Property Liens and Assessments Search at Seller's expense **(if applicable)**.

3. **Hazardous Waste Warranty**. Seller shall pay all costs associated with legal pick-up, handling, transportation, and disposal of all hazardous waste, both liquids and solids **(if applicable)**. Auctioneer shall have no liability or responsibility for Seller's contractual agreement regarding removal of any hazardous waste or substance.

4. **Indemnity**. Seller agrees to indemnify, defend, and hold Auctioneer harmless from any and all loss, damage or liability which Auctioneer may sustain or incur as a result of: (i) breach of any agreement made herein, (ii) breach of any warranty made herein or implied by law, (iii) failure of Seller to transfer the Property free and clear of liens and encumbrances, or (iv) any misrepresentation made by Seller to Auctioneer.

5. **Titles**. Seller agrees to furnish clear titles **within 1 week** of contract signing for all titled equipment sold in this sale **(If applicable)**.

6. **Pre/Post Sale Expenses**. Seller agrees to pay the cost of personnel cost associated with the cataloging, tagging, photographing, and pre-auction inspection period as well as the post auction removal period supervision in the amount of **$5,250.00** in full at closing from the Seller's sales proceeds. Also, Seller agrees to pay for any waste removal to include pick-up and dumping fees.

7. **Cost of Marketing**. Seller agrees to pay the cost of advertising and promotion of the auction sale in the amount of **$4,750.00** in full at closing from the Seller's sales proceeds.

8. **Payment of Auctioneer's Fee and Expenses**. Seller hereby grants to the Auctioneer a first priority security interest in all proceeds of any sale conducted by the Auctioneer to secure the payment of all expenses incurred by the Auctioneer pursuant to this Agreement, and to also secure the payment of all commissions earned by the Auctioneer hereunder. In the event proceeds of the sale do not exceed the sum of said commissions and expenses due Auctioneer, Seller agrees to reimburse Auctioneer in full.

9. **Commissions**. This Agreement constitutes an exclusive contract with Auctioneer to sell and receive the following commission on the Property from the date of this Agreement until the Property is sold.

1

a) For and in consideration of Auctioneer's services in selling the Property, Seller agrees to allow Auctioneer to collect as commission a **15%** Buyer's Premium from individual bidders at the auction sale (an additional **5%** will be added to the aforementioned **15%** to cover the expense of the bidding platform) **creating a total of 20% Buyer's Premium for all online bidding and online purchases.** Additionally, for and in consideration of Auctioneer's services in selling the Property, Seller agrees to pay Auctioneer **5%** as commission (the "Commission Rate") of the total gross sales price of all or any portion of the Property sold at the auction sale, notwithstanding that said sale may not be subsequently consummated due to the refusal of the Seller to close or the inability of Seller to comply with the warranties made herein.

b) In the event third party buyers do not fulfill their obligation of performance under the terms of the auction sale, Auctioneer, as Seller's Agent, shall have full authority to reclaim and resell at the best price obtainable (or return to Seller upon demand) any item not paid for as agreed in the terms of the sale by third party buyer. In the event third party buyers abandon item(s) that have been paid for, said abandoned item(s) shall be returned to Seller for Seller's disposition.

c) Except as otherwise specifically provided herein, Seller's refusal to permit the auction sale, to cooperate in preparations for the auction sale or if the sale is cancelled for any reason, same shall constitute a breach of this contract, and, in such event, Seller agrees to pay Auctioneer liquidated damages in the form of a cancellation fee immediately upon notification of said cancellation in the amount of **$5,000.00**, which is agreed to be fair and reasonable, plus all expenses incurred by Auctioneer which Seller has agreed to pay pursuant hereto.

10. **Costs of Collection**. In the event Auctioneer retains counsel in order to enforce its rights under this Agreement, Seller agrees to pay all related costs and expenses incurred by Auctioneer including a reasonable attorney's fee if Auctioneer prevails in the enforcement of its rights.

11. **Closing and Settlement**. All checks shall be drawn payable to **Furrow Auction Company**, Escrow Account who shall collect all checks and accounts. Settlement shall be made within thirty **(30)** days after sale with respect to all checks and other items collected at that time.

12. **Risk of Loss**. Auctioneer agrees to exercise due care in the protection of the Property during its preparation for and conduct of the auction sale pursuant to this contract. The risk of fire, damage, theft and other loss prior to the delivery to the buyer at the auction sale shall remain with the Seller and Seller agrees to continue in effect any insurance on the Property pending consummation of the auction sale, and to hold Auctioneer harmless from any loss resulting from such occurrences.

13. **Owner's Acceptance**. The Seller whose signature appears hereon warrants that they have received the full and complete authorization to act on behalf of those Owner(s) whose signatures do not appear hereon, and the Seller so signing accepts personal responsibility and agrees to pay all fees, expenses and commissions due Auctioneer in the event the non-signing Owner(s) and/or Court refuse to proceed hereunder.

14. **Miscellaneous**. This Agreement shall be binding upon and inure to the benefit of Auctioneer and Seller, their respective heirs, successors, assigns, executors and/or administrators.

| | |
|---|---|
| **FURROW AUCTION COMPANY** | **SELLER** |
| 10319 Cogdill Road | P.O. Box 938 |
| Knoxville, Tennessee 37932 | Jonesborough, TN 37659 |
| (865) 546-3206 | (423) 426-3449 |
| By _____ | By _____ |
| Rob Strickland | Richard F. Ray |
| Title <u>Vice President</u> | Title <u>Court Appointed Receiver</u> |
| Date_____ | Date_____ |