UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* JOHNATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL<br><br>    Plaintiff,<br><br>v.<br><br>IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, et. al.<br><br>    Defendants. | No. 3:23-cv-00046-DCLC-JEM |

## DEFENDANT KIRKLAND'S RESPONSE IN OPPOSITION TO RECEIVER'S MOTION TO FORFEIT ASSETS

Defendant Sarah Kirkland ("Ms. Kirkland") opposes the Motion to Transfer Frozen Assets of Defendants (Doc. 91) because the request is antithetical to American jurisprudence, unsupported by any caselaw, and—if granted prior to any finding of liability or the entry of a final judgment—would amount to a court-ordered forfeiture without due process.[1]

Ms. Kirkland has been sued. She has not been found liable, and no adverse judgment has been rendered against her. And, while the Court has issued a Preliminary Injunction that freezes her assets, the Preliminary Injunction in no way requires her to forfeit them. *See* Doc. 78. Nonetheless, that is exactly what the Receiver asks this Court to find.

---

[1] Ms. Kirkland notes that although the moving party – the Receiver – did not cite any case law, the Kentucky Plaintiff has this date filed a memorandum in support of the Receiver's position in which some law is cited. Ms. Kirkland will be moving the Court pursuant to LR 7.1 for leave to respond to Kentucky's position.

1

The Court appointed Richard Ray as the receiver for Ideal Horizon Benefits, LLC d/b/a Solar Titan USA ("Solar Titan"). *See* Doc. Doc. 21; *see also* Doc. 78, Section IX. In appointing Mr. Ray as the receiver for Solar Titan, the Court granted him certain authority and set forth his duties. *See* Doc. 78 at Section X. For instance, the Receiver is authorized and directed to "[m]aintain exclusive custody, control, and possession of all *Solar Titan Assets*" and is to "[c]onserve, hold, and manage all Assets of *Solar Titan*, and perform all acts necessary or advisable to preserve the value of those Assets. . . ." *Id.* (emphasis added).

With regard to spending or disbursing assets, the Preliminary Injunction provides that the Receiver can "[m]ake payments and disbursements *from the Receivership Estate* that are necessary or advisable for carrying out the direction of, or exercising the authority granted by, [the Preliminary Injunction]." *Id.* at Section X(K) (emphasis added). The "Receivership Estate," however, "means the totality of all money and property, real or otherwise, *from the Receivership Defendant* subject to the control and/or monitoring of the Receiver." *Id.* at fn. 10-11 (emphasis added). The "Receivership Defendant" is Solar Titan, not the individual Defendants. *Id.* at fn 12.

The Preliminary Injunction is therefore clear. Even if the Preliminary Injunction were to somehow stretch as far as the Receiver suggests and cover all of the individual Defendants' assets that can be traced to income they received from Solar Titan, the Receivership Estate consist solely of Solar Titan's assets and does not include the money or assets of Ms. Kirkland. As a result, and based on the definitions contained in the Preliminary Injunction, the Receiver has the authority to make payments or disbursements *only* from assets of *Solar Titan*, and any suggestion that the Preliminary Injunction required Ms. Kirkland to transfer all of her assets to the Receiver or that the Receiver would have the authority to spend Ms. Kirkland's money, is unfounded and should

2

be rejected. Finding otherwise would amount to a forfeiture without due process and should not be permitted.

Assuming for a moment that the Receiver was entitled to the relief he seeks, what would come of Ms. Kirkland's assets if or when she prevails on the claims and causes of action asserted against her? Would Mr. Ray be liable for spending her money? Would he be required to pay her back with applicable interest? If not, then how would the money, money that Mr. Ray tells the Court he intends to spend, not be considered forfeited or, as a matter of law, misapplied?

Ms. Kirkland understands that Mr. Ray is attempting to keep Solar Titan viable until he can obtain an infusion of cash from the sale of the business's assets. It is further understood that, in Mr. Ray's opinion, he will not have access to money or assets that will permit him to continue the operations of the Receivership, satisfy "Earmarked Contract Obligations," and/or otherwise evaluate or address consumer complaints.[2] Mr. Ray, however, has not identified any efforts to seek alternative relief or obtain the funds from other available, more reasonable means at his disposal. Instead, he appears to have first come to the Court asking that it—without any case or statutory grounds referenced—ignore the fact that this case is in its infancy or that the merits of the claims have not been adjudicated, trample on Ms. Kirkland's rights, and take her money.

---

[2] Ms. Kirkland notes that she, and other employees of Solar Titan, were in the process of completing projects when the intervention of the Plaintiffs and the assumption of control by the Receiver occurred. At that time there was outstanding money owed by Generac to Solar Titan for service work that was already completed: Ms. Kirkland believes this to be around $150,000. A check for $98,0000 was expected from Generac within that week, as well as cash jobs that were close to completion and would have brought in an estimated additional $300,000 into the receivership. In addition, a check for an estimated $30,000 was expected that same week refunding the deposit paid on the 414 N. Peters Rd lease due to a mutual lease termination agreement. These amounts are in addition to the assets which can be sold to supply additional money into the receivership. Ms. Kirkland's desire is for the receivership to move forward as quickly as possible to address any issues and complete the open projects. This had been the focus of her work in the months leading up to the intervention of the Plaintiffs during which she was working without compensation to serve Solar Titan's customers.

## CONCLUSION

For the foregoing reasons, and because there has been no finding of liability or a judgment in this case that would serve to justify an order requiring Defendant Kirkland to forfeit her assets, and because the Receiver cites no authority whatsoever to support his Motion, his Motion and the relief sought should be denied.

Respectfully submitted,

/s/ Gregory Brown
Gregory Brown (BPR #027944)
W. Scott Hickerson (BPR #026369)
Hugh B. Ward (BPR #015071)
G. Alan Rawls (BPR #038300)
900 South Gay Street, Suite 2102
Knoxville, TN 37902
P: (865) 521-6527 / F: (865) 637-0540
gb@lyblaw.net
wsh@lyblaw.net
hbw@lyblaw.net
gar@lyblaw.net
*Counsel for Defendant Sarah Kirkland*

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Gregory Brown