UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL<br><br>Plaintiffs,<br><br>vs.<br><br>IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, *et al.*<br><br>Defendants. | 3:23-CV-00046-DCLC-JEM |

## PLAINTIFFS' OPPOSITION TO SEAGLE FAMILY TRUST'S MOTION FOR LEAVE TO FILE AND PROSECUTE SATELLITE CASE IN STATE COURT

The State of Tennessee ("Tennessee") and Commonwealth of Kentucky ("Kentucky") (collectively, "Plaintiffs") respectfully submit this Motion in opposition to Vickie Seagle and Page Harrison's (collectively, "Movants") Motion for Leave of Court to File Complaint Against Defendant Ideal Horizon Benefits, LLC d/b/a Solar Titan USA ("Solar Titan") in which Movants ask this Court to permit them to file a complaint for various causes of action in the Circuit Court of Hamilton County, Tennessee. (Doc. No. 79). While Plaintiffs do not oppose Movants filing to preserve the relevant statute of limitations, Plaintiffs oppose granting Movants leave to not only file their complaint but also to prosecute the case. Plaintiffs oppose Movants' request to file and prosecute a satellite case in another court because this Court can resolve their claims in this case, permitting satellite cases will drain the resources of the receivership estate (Doc. No. 115), Movants can be made whole by the receivership court, and allowing Movants to pursue the case

in court could interfere with the Receiver satisfying an award for other harmed consumers and creditors.

## BACKGROUND

On February 28, 2023, this Court entered an Order ("the Preliminary Injunction Order") (Doc. No. 78), essentially converting its February 7, 2023 Opinion and Order ("the TRO") (Doc. No. 21) into a preliminary injunction. The Preliminary Injunction Order included a stay of actions during the pendency of the Receivership, enjoining "the Solar Titan Defendants, their Representatives, and all investors, creditors, stockholders, lessors, customers, and other persons from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets and documents of Solar Titan," except by express leave of the Court. (Doc. No. 78, PageID #: 4802 at ¶ XV). More specifically, this Court enjoined any person from "[c]ommencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against Solar Titan." (*Id.* at ¶ XV: § B). However, the blanket stay expressly allows for actions to be commenced to toll the statute of limitations. *Id.*

Pursuant to the Preliminary Injunction Order, on March 14, 2023, Movants filed a Motion for Leave of Court to File Complaint and included their proposed complaint. A little over a week after Movants filed their Motion, the Receiver filed a response objecting to Movants moving forward with their complaint, explaining that it "would generate additional legal fees and costs as the Receiver would be required to participate in litigation in Hamilton County Tennessee in addition to this matter." (Doc. No. 115, PageID #: 5509). To reduce the litigation cost on the estate, the Receiver argued that Movants should utilize the Receivers' claims process for consumers

whom Solar Titan has harmed to "a fair and equitable distribution of available assets to the consumer creditors of Solar Titan."[1] *Id*.

## LEGAL STANDARD

Federal district courts presiding over an equity receivership under FRCP 66 have "'broad powers in fashioning relief in an equity receivership proceeding.'" *Liberte Cap. Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006) (internal citations omitted). Because "a district court's equitable purpose demands that the court be able to exercise control over claims brought against [assets placed in receivership,]… [t]he receivership court has a valid interest in both the value of the claims themselves and the costs of defending any suit as a drain on receivership assets." *Id*. In order to protect the value of themselves and conserving the assets in the estate, "the receivership court may issue a blanket injunction, staying litigation against the named receiver and the entities under his control unless leave of that court is first obtained." *Id*. When determining whether to issue the blanket stay or permit satellite cases, district courts may consider equitable factors such as 1) "litigation costs as a tax on the receivership estate" 2) "the ability of the parties to resolve their claims in the receivership court versus elsewhere" 3) "the implications for any satisfaction of an award on other claimants to the estate." *Id*. at 552-553 (internal citations omitted); *see also Orlowski v. Bates*, 2014 WL 12771522, at *3 (W.D. Tenn. Feb. 11, 2014).

---

[1] On March 27, 2023, Movants filed a reply to the Receiver's Response in Opposition to Movants' Motion for Leave of Court to File Complaint in which Movants assert that allowing them to file in state court would not "usurp or strain the resources of the Receivership as [their claims] would be managed as claims under any third-party insurance coverage of the Defendant or proposed Defendants . . . ." (Doc. No. 122, PageID #: 5535, at ¶ 8). It is Plaintiffs' understanding, however, that Solar Titan's insurance coverage would not cover the cost of an attorney to litigate any matter. Moreover, any litigation would still necessarily consume some of the Receiver's limited resources and time, including that of the Receivership attorney, Ryan Jarrad.

3

**ARGUMENT**

This Court should reject Movants' motion requesting relief from the stay to prosecute a case against Solar Titan, a Solar Titan former employee and Defendant Solar Mosaic, LLC ("Mosaic"). As the Receiver has outlined in his response to Movants' Motion (Doc. 115, PageID# 5509), requiring the Receiver to defend an action in state court would increase the litigation costs on the Receivership Estate. In cases such as these, actions which "'unnecessarily increase the litigation cost to the Receivership to the detriment of defrauded investors'" (or, in this case, defrauded consumers) should not be allowed to proceed. *Liberte Cap. Grp., LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2006) (quoting the trial court). Further, the Movants can resolve their claims through the receivership court, as Plaintiffs' action has sought restitution, contract rescission, disgorgement, and other monetary damages for all consumers harmed by Defendants and Solar Titan has set up a claims process to ensure a fair and equitable distribution of assets to consumer creditors. Movants' action also could result in inconsistent findings and judgments in the state court case and thus negatively affect Plaintiffs' ability to obtain an award for the other hundreds of consumers harmed by Defendants. Moreover, authorizing Movants to prosecute a satellite case could reduce the Receiver's ability to satisfy an award for the other consumers harmed by requiring the Receiver to defend parallel state court actions.

Movants may argue that their claims against Solar Titan's general liability insurance carrier, former employees, and lending partners like Solar Mosaic are not covered by the blanket stay; however, prosecuting claims against these parties would necessitate involvement from the Receivership Estate, unnecessarily depleting the Receivership Estate of resources and distracting the Receiver from his court-appointed duties. Because Movants' claims overlap with the issues of

4

law and fact raised by Plaintiffs' Civil Enforcement Action, the risk of inconsistent rulings should preclude Movant's ability to prosecute its state court complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs ask this Court to deny Movants' request to pursue their case against Solar Titan, a former employee, and Mosaic for consumer protection violations in the Circuit Court of Hamilton County, Tennessee. While Plaintiffs do not oppose Movants filing to preserve the relevant statute of limitations, Plaintiffs oppose granting Movants leave to prosecute said case. Allowing Movants to pursue a satellite case in state court would increase the litigation costs taxed on the Receivership Estate, is unnecessary to ensure that Movants can be effectively redressed for Defendants' unlawful conduct, and could undermine Plaintiffs pursuing relief and the Receivership's ability to satisfy an award for hundreds of other harmed consumers.

DATED: March 28, 2023

Respectfully submitted,

/s/ Samuel Keen
SAMUEL KEEN, TN BPR #033865
(Admitted *Pro Hac Vice*)
ALICIA DANIELS-HILL, TN BPR #040672
(Admitted *Pro Hac Vice*)
J. DAVID MCDOWELL, TN BPR #024588

OFFICE OF THE TENNESSEE ATTORNEY GENERAL
P.O. Box 20207
Nashville, Tennessee 37202

Attorneys for Plaintiff
STATE OF TENNESSEE

/s/ Paul Fata
PAUL FATA, KY Bar #99528
(Admitted *Pro Hac Vice*)
LYNDSEY ANTOS, KY Bar #99971
(Admitted *Pro Hac Vice*)

OFFICE OF THE KENTUCKY ATTORNEY GENERAL
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601

Attorneys for Plaintiff
COMMONWEALTH OF KENTUCKY

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated in the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ J. David McDowell
Attorney for Plaintiff
STATE OF TENNESSEE
