UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL, | ) ) ) ) ) ) | 3:23-CV-00046-DCLC-JEM |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**AMENDED PRELIMINARY INJUNCTION**

Plaintiffs State of Tennessee ("Tennessee") and Commonwealth of Kentucky ("Kentucky") by and through their respective Attorneys General commenced this civil enforcement action on February 6, 2023, alleging violations of federal and state consumer protection laws by Defendant Ideal Horizon Benefits, LLC d/b/a Solar Titan USA ("Solar Titan") and its individual members Sarah Kirkland ("Kirkland") and Richard Atnip ("Atnip") and its officer Craig Kelley ("Kelley") (collectively, "Individual Defendants"). In accordance with the Court's April 25, 2023 Memorandum Opinion and Order [Doc. 158] granting, in part, Kirkland's Motion to Modify Preliminary Injunction Asset Freeze [Doc. 95], for the reasons provided in the Court's February 28, 2023 Memorandum Opinion and Order [Doc. 78], which are incorporated by reference herein, and pursuant to Fed.R.Civ.P. 65 and 66, this Court's equitable powers, Tenn. Code Ann. § 47-18-101, *et. seq.*, and Ky. Rev. Stat. Ann. § 367.110, *et. seq.*, it is hereby

**ORDERED**:

1

# I. PROHIBITED BUSINESS ACTIVITIES

Solar Titan and the Individual Defendants ("Solar Titan Defendants") are hereby preliminarily enjoined from:

A.  Making, or assisting the making of, expressly or by implication, any false or misleading statement or representation of material fact,[1] including, but not limited to:

   (1) that an installed solar system will eliminate a homeowner's electric utility bill or reduce the homeowner's electric utility bill by an amount that is not achievable based on the specifications of the installed solar system; and

   (2) that a consumer will benefit from net metering or a government buyback program by purchasing a solar system;

B.  Refusing or failing to cancel a sales agreement when a consumer has exercised their right to cancel within the period of the consumer's statutory right of rescission as defined by applicable state and federal law;

C.  Failing to conspicuously inform a consumer who purchases a solar system that they have the right to cancel the sales agreement at any time prior to midnight of the third business day after the date of the transaction;

D.  Failing to disclose material facts about a consumer retail installment loan offered by Defendant Solar Mosaic, LLC d/b/a Mosaic or another lender for the purchase of a Solar Titan solar system;

E.  Asserting that the sales agreement provided to the consumer contains a legally enforceable term preventing the consumer from posting a negative review about Solar Titan online;

F.  Refusing or failing to take reasonable and necessary steps to complete the installation of a

---

[1] For purposes of this Order, "Material fact" means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

solar system;

G. Entering into installation agreements without the intent or ability to provide the services described in the agreement in accordance with applicable laws, rules, regulations, codes, and industry standards;

H. Submitting a bill of lading or otherwise seeking loan disbursement, in whole or in part, before a consumer's statutory right to rescind has expired.

## II. ASSET FREEZE

**IT IS FURTHER ORDERED** that Solar Titan Defendants are preliminarily enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Asset[2], or any interest therein, wherever located, whether within the United States or within a jurisdiction outside the United States, that is:

(1) owned or controlled by any Solar Titan Defendant, in whole or in part;

(2) held for the benefit of any Solar Titan Defendant;

(3) in the actual or constructive possession of any Solar Titan Defendant;

(4) owned, controlled by, or in the actual or constructive possession of any Person[3]

---

[2]   For purposes of this Order, "Asset" means any legal or equitable interest in, right to, or claim to any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and cash, wherever any such Asset is located, whether in the United States or abroad.

[3]   For purposes of this Order, "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

3

directly or indirectly owned, managed, or controlled by any Solar Titan Defendant, including, but not limited to, any Assets held by or for, or subject to access by, any Solar Titan Defendant at any bank or savings and loan institution, broker-dealer escrow agent, title company, commodity trading company, precious metals dealer, or other financial institution or depository of any kind;

B. Physically opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by, any Solar Titan Defendant;

C. Obtaining a personal or secured loan encumbering the Assets of any Solar Titan Defendant; and

D. Incurring liens or other encumbrances on any Assets titled in the name, singly or jointly, of any Solar Titan Defendants.

E. Except as set forth below in this Section, the Assets affected by this Section shall include:

(1) all Assets of Solar Titan Defendants as of the time of issuance of this Court's Opinion and Order [Doc. 21] ("Temporary Restraining Order" or "TRO"); and

(2) Assets obtained after the time of issuance of the TRO if the Assets are derived from the conduct alleged in the Plaintiffs' Complaint or conduct that is prohibited by this Order.

F. As further provided in the Court's prior Order [Doc. 63] and Agreed Order [Doc. 75] and to effectuate the intent thereof, the Assets affected by this Section **shall not include** the following accounts:

(1) Defendant Kirkland's ORNL FCU Account ending in 8490

(2) Defendant Kirkland's US Bank Account ending in 9484

(3) Defendant Kirkland's First Horizon Bank Account ending in 7814

(4) Defendant Kirkland's US Bank Account ending in 4611

4

(5) Defendant Kirkland's Enrichment FCU Account ending in 9870

(6) Defendant Kirkland's US Bank Account ending in 0279.

## III. RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, business entity, or person served with a copy of this Order that holds, controls, or maintains custody of any account or Asset of any Solar Titan Defendant shall:

A. Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such Asset, except by further order of the Court;

B. Deny any person, except the Receiver[4] acting pursuant to Section X of this Order, access to any safe deposit box that is titled in the name of, individually or jointly, or otherwise subject to access by, any Solar Titan Defendant;

C. To the extent not already provided pursuant to the TRO, provide the Receiver, within five business days of receiving a copy of this Order, a sworn statement setting forth:

(1) The identification number of each such account or Asset titled in the name, individually or jointly, of any Solar Titan Defendant, or held on behalf of, or for the benefit of any Solar Titan Defendant;

(2) The balance of each such account, or a description of the nature and value of such Asset as of the close of business on the day on which this Order is served, and if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

---

[4] For purposes of this Order, "Receiver" means the temporary receiver appointed in Section IX of this Order and any deputy receivers that shall be named by the receiver

5

(3) The identification of any safe deposit box that is titled in the name of, individually or jointly, or otherwise subject to access by, any Solar Titan Defendant;

D. Upon request of the Receiver, promptly provide copies of all records or other documentation pertaining to each such account or Asset, including, but not limited to, originals or copies of all account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## IV. PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that the Solar Titan Defendants and their Representatives[5] are preliminarily enjoined from:

A. Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents[6] that relate to the business, business practices, Assets, or business or personal finances of any Solar Titan Defendant; and

B. Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect the Solar Titan Defendants' incomes, disbursements, transactions, and use of money.

---

[5]     For purposes of this Order, "Representatives" means Defendants' successors, assigns, officers, agents, servants, employees, or attorneys, and any person or entity in active concert or participation with them who receives actual notice of this Order by personal service or otherwise.

[6]     For purposes of this Order, the term "document" is equal in scope and synonymous in meaning to the usage of the term in Federal Rule of Civil Procedure 34, and includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form.

## V. FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that each Solar Titan Defendant, within 48 hours of service of this Order, who has not already done so, shall prepare and deliver to Plaintiffs' counsel and the Receiver completed financial statements on the forms attached to the TRO as Attachment A (Financial Statement of Individual Defendant) for each Individual Defendant, and Attachment B (Financial Statement of Corporate Defendant) for Ideal Horizon Benefits, LLC d/b/a Solar Titan USA, LLC, and Solar Titan Charters, LLC d/b/a Titan Charters.

The financial statements shall be accurate as of the date of entry of this Order. Each Defendant shall include in the financial statements a full accounting of all Assets, whether located inside or outside of the United States, that are: (a) titled in the name of such Defendant, jointly, severally, or individually; (b) held by any person or entity for the benefit of such Defendant; or (c) under the direct or indirect control of such Defendant.

## VI. CONSUMER CREDIT REPORT

**IT IS FURTHER ORDERED** that, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(I), any consumer reporting agency may furnish a consumer credit report concerning any Defendant to Plaintiffs.

## VII. FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that, to the extent the Solar Titan Defendants have not done so already, within five business days following entry of this Order, each Solar Titan Defendant shall:

A.  Provide Plaintiffs and the Receiver with a full accounting of all funds, documents, and Assets outside of the United States, which are:

    (1) titled in the name, individually or jointly, of any Solar Titan Defendant; or

    (2) held by any person or entity for the benefit of any Solar Titan Defendant; or

7

(3) under the direct or indirect control, whether jointly or singly, of any Solar Titan Defendant;

B. Transfer to the territory of the United States and deliver to the Receiver all funds, documents, and Assets located in foreign countries which are:

(1) titled in the name, individually or jointly, of any Solar Titan Defendant; or

(2) held by any person or entity for the benefit of any Solar Titan Defendant; or

(3) under the direct or indirect control, whether jointly or singly, of any Solar Titan Defendant; and

C. Provide Plaintiffs access to all records of accounts or Assets of any Defendant held by financial institutions located outside the territory of the United States by signing the Consent to Release of Financial Records appended to this Order within Attachments A and B.

## VIII. INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that the Solar Titan Defendants and their Representatives are hereby preliminarily enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by Section VII of this Order, including but not limited to:

A. Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the rules of a foreign trust agreement until such time that all Assets have been fully repatriated pursuant to Section VII of this Order; and

B. Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to

a Court Order, until such time that all Assets have been fully repatriated pursuant to Section VII of this Order.

## IX. APPOINTMENT OF A TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Richard Ray shall continue as Receiver of Solar Titan with full powers of an equity receiver, except as otherwise specified in this Order. The Receiver shall be solely the agent of this Court, in acting as Receiver under this Order, and shall be accountable directly to this Court.

## X. RECEIVER'S DUTIES

**IT IS FURTHER ORDERED** that the Receiver is authorized and directed to accomplish the following:

A. Maintain full control of Solar Titan by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of Solar Titan, including any Solar Titan Defendant, from the control of, management of, or participation in, the affairs of Solar Titan;

B. Maintain exclusive custody, control, and possession of all Assets and documents of, or in the possession, custody, or control of, Solar Titan, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all Assets and documents of Solar Titan and other persons whose interests are under the direction, possession, custody, or control of, Solar Titan. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to Solar Titan. Provided, however, that the Receiver shall not, without prior Court approval, attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices or other violations of law alleged in the Complaint in this matter;

9

C. Maintain exclusive custody, control, and possession of all Solar Titan Assets;

D. Take all steps necessary to secure each location from which Solar Titan operates its business. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable:

    (1) serving this Order;

    (2) completing a written inventory of all Receivership Assets[7];

    (3) obtaining pertinent information from all employees and other agents of Solar Titan, including, but not limited to, the name, home address, Social Security Number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent;

    (4) photographing and videotaping any or all portions of the location;

    (5) securing the location by changing the locks and disconnecting any computer modems or other means of remote access to the computer or other records maintained at that location; and

    (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or Assets of Solar Titan. Law enforcement personnel, including, but not limited to, highway patrol, police, sheriffs, or U.S. Marshals may assist the Receiver in implementing these provisions in order to keep the peace and maintain security;

E. Conserve, hold, and manage all Assets of Solar Titan, and perform all acts necessary or

---

[7] For purposes of this Order, "Receivership Asset" means any Asset, as defined above, which the Receiver is entitled to control and/or monitor as part of the Receivership Estate.

advisable to preserve the value of those Assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of Solar Titan, including, but not limited to, obtaining an accounting of the Assets, and preventing the unauthorized transfer, withdrawal, or misapplication of Assets;

F.  Obtain all of Solar Titan's computer hardware, software, and database information from any consultant or service provider, including, but not limited to, Solar Titan's user identification, passwords, software, and backup data files:

G.  Enter into contracts and purchase insurance as advisable or necessary;

H.  Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with Solar Titan;

I.  Manage and administer the business of Solar Titan until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes but is not limited to retaining, hiring, or dismissing any Solar Titan employees, independent contractors, or agents;

J.  Choose, engage, and employ such attorneys, accountants, appraisers, and other independent contractors and technical specialists as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

K.  Make payments and disbursements from the Receivership Estate[8] that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt

---

[8] For purposes of this Order, "Receivership Estate" means the totality of all money and property, real or otherwise, from the Receivership Defendant subject to the control and/or monitoring of the Receiver.

or obligation incurred by the Receivership Defendant[9] prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Defendants, such as rental payments;

L.  Suspend business operations of Solar Titan if, in the judgment of the Receiver, such operations cannot be continued legally and sustainably;

M.  Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of Solar Titan, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

N.  Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against Solar Titan, as the Receiver deems necessary and advisable to preserve the Assets of Solar Titan, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

O.  Issue subpoenas to obtain documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the Receivership Estate;

P.  Open one or more bank accounts as designated depositories for funds of Solar Titan. The Receiver shall deposit all funds of Solar Titan in such a designated account and shall make all payments and disbursements from the Receivership Estate from such an account. The Receiver shall serve copies of monthly account statements on all parties;

Q.  Maintain accurate records of all receipts and expenditures incurred as Receiver;

---

[9]     For purposes of this Order, "Receivership Defendant" means Ideal Horizon Benefits d/b/a Solar Titan USA, LLC.

R. Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency; and

S. Distribute funds, to the extent available, recovered from the Solar Titan Defendants, by:

    (1) Distributing $3,500 per month to the Defendants Atnip and Kelley for the purpose of providing for reasonable housing and other living expenses, including the payment of any home mortgage, food, health insurance, recurring expenses or charges, or other reasonable living expenses;

    (2) Distributing funds for the purpose of paying any non-residential mortgages.

T. Defendants Atnip and Kelley, with or without the agreement of Plaintiffs, may move to adjust the reasonable living expense amount stated above for good cause shown.

## XI. TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that the Solar Titan Defendants, their Representatives, and any other person or entity with possession, custody, or control of property of or records relating to the Receivership Defendants shall, upon notice of this Order, immediately notify the Receiver of, and, upon receiving a request from the Receiver, immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A. All Assets of, or traceable to, Solar Titan;

B. All documents of Solar Titan, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents, and other papers;

C. All computers and data in whatever form used to conduct the business of Solar Titan;

D. All Assets belonging to other persons or entities whose interests are under the direction, possession, custody, or control of Solar Titan; and

E. All keys, codes, and passwords necessary to gain or to secure access to any Assets or documents of Solar Titan, including but not limited to access to any Solar Titan business premises, means of communication, accounts, computer systems, or other property. In the event that any person or entity fails to deliver or transfer any Asset or otherwise fails to comply with any provision of this Section, the Receiver may file ex parte an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct any sheriff or deputy sheriff of any county, or any other law enforcement officer, to seize the Asset, document, or other item covered by this Section and to deliver it to the Receiver.

## XII. PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that the Solar Titan Defendants shall provide to the Receiver, immediately upon request, the following:

A. A list of all Assets and property, including accounts, in which Solar Titan holds a legal or equitable interest, that are held in any name other than the name of Solar Titan, or by any person or entity other than Solar Titan; and

B. A list of all agents, employees, officers, servants, or those persons in active concert and participation with the Solar Titan Defendants, who have been associated or done business with Solar Titan.

## XIII. COOPERATION WITH RECEIVER

**IT IS FURTHER ORDERED** that the Solar Titan Defendants, their Representatives, and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets of Solar Titan. This cooperation and assistance shall include, but not be limited to: providing information to the

14

Receiver that the Receiver deems necessary in order to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic file, or telephonic data in any medium; advising all persons who owe money to Solar Titan that all debts should be paid directly to the Receiver; transferring funds at the Receiver's direction; and producing records related to the Assets and sales of Solar Titan. The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers, and other financial institutions and depositories of any kind, and all third-party billing agents, common carriers, and telecommunications companies that have transacted business with the Receivership Defendants.

## XIV. NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that the Solar Titan Defendants and their Representatives are hereby preliminarily enjoined from directly or indirectly:

A. Interfering with the Receiver managing, or taking custody, control, or possession of the Assets or documents subject to this Receivership;

B. Transacting any of the business of Solar Titan except at the express direction of the Receiver;

C. Transferring, receiving, altering, selling, encumbering, pledging, ass1gnmg, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, Solar Titan, or the Receiver; and

D. Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XV. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during pendency of the Receivership ordered herein, the Solar Titan Defendants, their Representatives, and all investors, creditors, stockholders, lessors, customers, and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of the Solar Titan Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or documents of Solar Titan, including, but not limited to:

A. Petitioning, or assisting in the filing of a petition that would cause Solar Titan to be placed in bankruptcy;

B. Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against Solar Titan, including the issuance or employment of process against Solar Titan, except that such actions may be commenced if necessary to toll any applicable statute of limitation;

C. Filing or enforcing any lien on any Asset of Solar Titan, taking, or attempting to take possession, custody, or control of any Asset of Solar Titan; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of Solar Titan, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; and

D. Initiating any other process or proceeding that would interfere with the Receiver managing or taking custody, control, or possession of the Assets or documents subject to this receivership. Provided that this Order does not stay: (i) the commencement or continuation of a criminal action or proceeding; (ii) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (iii) the enforcement of a judgment, other than a money judgment, obtained in

an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XVI. COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, Solar Titan. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XVII. RECEIVER'S BOND

**IT IS FURTHER ORDERED** that, if he has not already done so, the Receiver shall file with the Clerk of this Court a bond in the sum of **$25,000** with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs, pursuant to 28 U.S.C. § 754.

## XVIII. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiffs, by any law enforcement agency, or by private process server, upon any Defendant or any person (including any financial institution) that may have possession, custody or control of any Asset or document of any Defendant or that may be subject to any provision of this Order pursuant to Rule 65(d)(2)

of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch, subsidiary, affiliate, or office of any entity shall effectuate service upon the entire entity.

## XIX. DEFENDANTS' DUTY TO DISTRIBUTE ORDER

**IT IS FURTHER ORDERED** that the Solar Titan Defendants shall immediately provide a copy of this Order to each of their affiliates, subsidiaries, divisions, sales entities, successors, assigns, officers, directors, employees, independent contractors, client companies, agents, attorneys, spouses and representatives, and shall, within ten days from the date of entry of this Order, provide Plaintiffs with a sworn statement that: (A) confirms that the Solar Titan Defendants have provided copies of the Order as required by this paragraph; and (B) lists the names and addresses of each entity or person to whom Defendants provided a copy of the Order. Furthermore, the Solar Titan Defendants shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities to disregard this Order or believe that they are not bound by its provisions.

## XX. CORRESPONDENCE AND SERVICE ON PLAINTIFFS

**IT IS FURTHER ORDERED** that, for the purposes of this Order, all correspondence and service of pleadings on Plaintiffs shall be addressed to:

For Tennessee:

*Electronic Mail*
Samuel Keen at samuel.keen@ag.tn.gov
Alicia Daniels-Hill at alicia.daniels-hill@,ag.tn.gov

*Mail*
Office of the Tennessee Attorney General
ATTN: Consumer Protection Division
P.O. Box 20207
Nashville, Tennessee 37202

*Hand Delivery*
Office of the Tennessee Attorney General
Consumer Protection Division
315 Deaderick Street, 20th Floor
Nashville, Tennessee 37243

For Kentucky:

*Electronic Mail*
Paul Fata at paul.fata@ky.gov
Lyndsey Antos at lyndsey.antos@ky.gov

*Mail and Hand Delivery*
Office of the Kentucky Attorney General
ATTN: Office of Consumer Protection
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40222

## XXI. DURATION OF THIS ORDER

**IT IS FURTHER ORDERED** that this Order, including the provisions of the Asset Freeze in Section II, will expire upon entry of a final judgment in this matter.

## XXII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge

19