UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL<br><br>Plaintiffs,<br><br>vs.<br><br>IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, *et al.*<br><br>Defendants. | 3:23-CV-00046-DCLC-JEM |

### PLAINTIFFS' MOTION TO STRIKE DEFENDANTS ATNIP AND KELLEY's SECOND, THIRD, FOURTH, SIXTH, SEVENTH, ELEVENTH, AND TWELFTH AFFIRMATIVE DEFENSES & DEFENDANT KIRKLAND'S THIRD, FOURTH, FIFTH, SEVENTH, ELEVENTH, AND TWELFTH AFFIRMATIVE DEFENSES

The State of Tennessee and Commonwealth of Kentucky (collectively, "Plaintiffs") respectfully move this Court for an order striking certain affirmative defenses asserted by Defendants Richard Michael Atnip, Craig Kelley, and Sarah Kirkland (collectively, "Individual Defendants"). Specifically, Plaintiffs request this Court strike Defendant Atnip and Kelley's second, third, fourth, sixth, seventh, eleventh, and twelfth defenses, and Defendant Kirkland's third, fourth, fifth, seventh, eleventh, and twelfth defenses as they are futile as a matter of law and cannot be asserted against Plaintiffs in this civil enforcement action.[1]

---

[1] Because Defendant Kirkland included an additional defense not included in Defendants Atnip and Kelley's Joint Answer, the exact numbers of each of her affirmative defenses do not correspond directly with each of Defendant Atnip and Defendant Kelley's affirmative defenses. Nevertheless, each of the defenses Plaintiffs challenge in this Motion are the same and are presented nearly identically in both Defendant Kirkland's Answer and Defendants Atnip and

1

On February 6, 2023, Plaintiffs filed this civil enforcement action to stop the Individual Defendants from facilitating Ideal Horizon Benefits, LLC d/b/a Solar Titan USA's ("Solar Titan") unfair and deceptive business practices in violation of the Tennessee Consumer Protection Act, the Kentucky Consumer Protection Act, and the Consumer Financial Protection Act. In doing so, Plaintiffs also argued that Defendants' own adhesion agreement contained terms that, on their face, violate the Consumer Review Fairness Act, the Tennessee Home Solicitation Sales Act, and the Kentucky Home Solicitation Sales Act. On February 7, 2023, this Court granted Plaintiffs' request for an *Ex Parte* Temporary Restraining Order (Doc. No. 21) and on February 28, 2023, this Court entered an Order essentially converting its February 7, 2023 Opinion and Order into a Preliminary Injunction. (Doc. No. 78). On April 11, 2023, Defendants Atnip and Kelley filed a Joint Answer in which they listed thirteen separate affirmative defenses. On April 19, 2023, Defendant Kirkland filed an Answer which contained a nearly identical recitation of the same affirmative defenses raised by Defendants Atnip and Kelley, listed in largely the same order.[2]

In doing so, however, each of the Individual Defendants have asserted defenses that are not available against attorneys general in a civil law enforcement proceeding or are otherwise meritless. For these reasons, Plaintiffs seek to strike Defendants Atnip and Kelley's Second

---

Kelley's Joint Answer. For this reason, Plaintiffs refer to Defendants Atnip and Kelley's numbered affirmative defenses in each heading, however each section refers to both Defendants Atnip and Kelley's affirmative defense and Defendant Kirkland's corresponding identical defense. Defendant Kirkland also included two items labeled "Seventh Affirmative Defense," with each one asserting a separate affirmative defense (doctrine of laches and doctrine of waiver); thus, for purposes of this Motion, any reference to Defendant Kirkland's Seventh Affirmative Defense is intended to refer to *both* the doctrine of laches and the doctrine of waiver.

[2] As previously mentioned, Defendant Kirkland included an additional defense not included in Defendants Kelly and Atnip's Joint Answer, stated as her Second Affirmative Defense. Defendant Kirkland also added a fourteenth affirmative defense specific to her; however, based on the duplicative nature of the Individual Defendants' filings, Plaintiffs will treat them as one and the same.

2

Affirmative Defense (accord and satisfaction), Third Affirmative Defense (contributory negligence and/or comparative fault), Fourth Affirmative Defense (lack of consideration), Sixth Affirmative Defense (action is barred by the doctrine of laches), Seventh Affirmative Defense (doctrine of waiver), Eleventh Affirmative Defense (Plaintiffs lack standing to bring this suit against the Individual Defendants), and Twelfth Affirmative Defense (failure to satisfy conditions precedent).[3] For the same reasons, Plaintiffs seek to strike Defendant Kirkland's Third Affirmative Defense (accord and satisfaction), Fourth Affirmative Defense (contributory negligence and/or comparative fault), Fifth Affirmative Defense (lack of consideration), Seventh Affirmative Defense (action is barred by the doctrine of laches and the doctrine of waiver), Eleventh Affirmative Defense (Plaintiffs lack standing to bring this suit against the Individual Defendants), and Twelfth Affirmative Defense (failure to satisfy conditions precedent). These defenses are without merit and, while some of these defenses may be available to private parties in private litigation, Defendants' attempt to assert them here illustrates Defendants' misapprehension of the nature of a civil law enforcement proceeding brought by a state attorney general for the protection of the public. As such, each of these defenses should be stricken because they are futile as a matter of law and cannot succeed under any set of circumstances.

## Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Sony/ATV*

---

[3] Plaintiffs are unsure what Defendants mean or are alluding to via their Fifth Affirmative Defense (consumer fraud against Defendants), Eighth Affirmative Defense (intervening act), or Thirteenth Affirmative Defense (unconstitutionality), but Plaintiffs have chosen not to argue that these defenses are insufficiently pled under Federal Rule of Civil Procedure 8. Regarding the Tenth Affirmative Defense (failure to join a necessary party), Plaintiffs have responded to Defendants Kelley and Atnip's Motion to Dismiss, which sets out Plaintiffs' position in more detail.

*Music Pub. LLC v. D.J. Miller Music Dist., Inc.*, 2011 WL 4729811, at *12 (M.D. Tenn. Oct. 7, 2011) (quoting F.R.C.P 12(f)). The decision to strike an affirmative defense is discretionary but may help to "avoid the expenditure of time and money [arising] from litigating spurious issues by dispensing with them early in the case." *Willis v. Phillips*, 2018 WL 5983562, at *1 (E.D. Tenn. Nov. 14, 2018) (citing *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)). District courts in this circuit have reasoned that "motions to strike . . . 'serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case.'" *Davis v. Trane U.S. Inc.*, 2016 WL 520865, at *1 (E.D. Mich. Feb. 10, 2016) (quoting *United States v. Pretty Products, Inc.*, 780 F. Supp 1488, 1498 (S.D. Ohio 1991)); *S.E.C. v. Thorn*, 2002 WL 31412440, at *2 (S.D. Ohio Sept. 30, 2002) (a motion to strike is proper "if it aids in eliminating spurious issues before trial, thereby streamlining the litigation.").

Although motions to strike are generally disfavored, motions to strike affirmative defenses "'are properly granted when plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *Mockeridge v. Alcona Cty. by Board of Commissioners*, 599 F.Supp.3d 561, 569 (E.D. Mich. Apr. 19, 2022) (quoting *Hemlock v. Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017)). In other words, a motion to strike is appropriate "if the defense is insufficient; that is, if as a matter of law, the defense cannot succeed under any circumstances." *CNB Bancshares, Inc. V. Stonecastle Sec. LLC*, No. 3:09-CV-33, 2012 WL 13020054, at *1 (E.D. Tenn. Jan. 30, 2012) (quoting *Thorn*, 2002 WL 31412440, at *2).

## Argument

Defendants Atnip and Kelley's second, third, fourth, sixth, seventh, eleventh, and twelfth defenses, along with Defendant Kirkland's third, fourth, fifth, seventh, eleventh, and twelfth defenses are without merit and are insufficient because, as a matter of law, the defenses cannot succeed under any circumstances. As such, each of these defenses should be stricken.

### A. Second, Fourth, and Twelfth Defenses: Accord and Satisfaction, Lack of Consideration, and Failure to Satisfy a Condition Precedent

In their Answer, Defendants Atnip and Kelley assert:

2. The Individual Defendants are not liable because many, if not all, of the consumer issues have been resolved by accord and satisfaction.

. . .

4. The Individual Defendants are not liable because many, if not all, of the complained consumer contracts failed to have consideration.

. . .

12. Any derivative claims fail for failure of consumers to satisfy the conditions precedent.

(Doc. No. 142, PAGE ID #: 5858–59, ¶¶ 2, 4, 12). Similarly, Defendant Kirkland asserts:

3. Ms. Kirkland is not liable because many, if not all, of the consumer issues have been resolved by accord and satisfaction.

. . .

5. Ms. Kirkland is not liable because many, if not all, of the complained consumer contracts failed to have consideration.

. . .

5

12. Any derivative claims fail for failure of consumers to satisfy the conditions precedent.

(Doc. No. 153, PAGE ID #: 6029–6030, ¶¶ 3, 5, 12).

Each of these contractual defenses, however, are inapplicable in this case.

As a matter of law, breach of contract defenses are not applicable in a consumer protection action. "[A]lthough a breach of contract claim and a [Tennessee Consumer Protection Act (TCPA)] claim may arise from the same course of conduct, they are separate and distinct causes of action, each with its own separate elements and defenses." *Wilson v. State Farm Fire & Cas. Co.*, 799 F.Supp.2d 829, 841–42 (E.D. Tenn. 2011) (first alteration in original) (quoting *Office Furniture & Related Servs. Inc. v. United Const. Corp.*, No. M2003-02126-COA-R3-CV, 2005 WL 378707, at *5 (Tenn. Ct. App. Feb. 16, 2005)). "In order to be successful under the [TCPA] it must be proven that 'there was some deception, misrepresentation, or unfairness, regardless of any breach of contract." *Id.* (alteration in original). "[T]he absence of a finding of a valid contract is not fatal to a claim for unfair trade practices under the [Kentucky Consumer Protection Act (KCPA)] as it would be to a breach of contract claim." *Craig & Bishop, Inc. v. Piles*, 247 S.W.3d 897, 903 (Ky. 2008). The same rationale may be imputed to the Consumer Financial Protection Act, which determines liability based on whether a party engaged in "an unfair, deceptive, or abusive act or practice," not whether a breach of contract occurred. *See* 15 U.S.C. § 5531(a).

Plaintiffs' claims are unrelated to, and unaffected by, any potential breach of contract by either party to Solar Titan's agreements with consumers or any possible defense Defendants could have to a breach of contract claim brought by a consumer. Thus, the three breach of contract defenses asserted here are immaterial and insufficient as a matter of law. Likewise, Plaintiffs' Home Solicitation Sales Acts and Consumer Review Fairness Act claims do not concern an alleged

breach of contract committed by the Individual Defendants against Plaintiffs; instead, these are statutory consumer protection claims brought in the interest of public protection.

Further, breach of contract defenses cannot be brought as a defense to a consumer protection action brought by the state. As the Davidson County Circuit Court noted in *State v. Consumer Depot, LLC*, No. 06C1093, at 38 (Dec. 22, 2008) (attached to this Motion for the Court's reference as Attachment 1):

> Defendants' affirmative defenses do not apply as a matter of law under Tenn. Code Ann. § 47-18-113(b) because the Attorney General's ability to proceed on behalf of the public in a TCPA enforcement action may not be altered, amended, obstructed, or in any way abolished by a defendant. . . . Defendants' affirmative defenses are also inapplicable here because they (1) constitute third-party contract defenses which may not be asserted against the State as a non-party . . . .

For this same reason, this Court should find that, while these defenses may be available to the Individual Defendants in a breach of contract action brought by a private consumer, they are insufficient as a matter of law against the consumer protection claims brought by the Tennessee and Kentucky Attorneys General in this case. As such, Plaintiffs respectfully request this Court order that Defendants Atnip and Kelley's Second, Fourth, and Twelfth defenses, as well as Defendant Kirkland's Third, Fifth, and Twelfth defenses should be stricken.

### B. Third Defense: Contributory Negligence and/or Comparative Fault Principles

In their Answer, Defendants Atnip and Kelley assert that "[t]he Individual Defendants are not liable, or their liability is reduced by, contributory negligence and/or comparative fault principles." (Doc. No. 142, PAGE ID #: 5858, ¶ 2). Similarly, Defendant Kirkland asserts, "Ms. Kirkland is not liable, or their liability is reduced by, contributory negligence and/or comparative

7

fault principles." (Doc. No. 153, PAGE ID #: 6029, ¶ 4). This defense, however, is inapplicable to the case at bar and is, thus, insufficient such that it could not succeed under any set of circumstances.

As a threshold matter, Plaintiffs have not brought a negligence—or any other tort action—against Defendants, but have instead brought this civil enforcement action against Defendants for federal and state consumer protection violations. Thus, this Court need not address contributory or comparative negligence principles. *See Milliken v. Crye-Leike Realtors*, No. M1999-00071-COA-R3-CV, 2001 WL 747638, at *4 n.5 (Tenn. Ct. App. July 5, 2001) ("[D]amages under the TCPA are not subject to comparative fault analysis."). That issue aside, neither Tennessee nor Kentucky recognize contributory negligence. *See McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992) ("In all trials where the issue of comparative fault is before a jury, the trial court shall instruct the jury on the effect of the jury's findings as to the percentage of negligence between the plaintiff or plaintiffs and the defendant or defendants."); *see also Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 294 (Ky. 2015) ("But contributory negligence is no longer the law."). Instead, both states recognize comparative fault in *tort* actions. *See* KY. REV. STAT. 411.182(1) ("In all *tort* actions . . . .) (emphasis added); *see also Owens v. Truckstops of America*, 915 S.W.2d 420, 425 n. 7 (Tenn. 1996) ("The term 'comparative fault' is defined as those principles which encompass the determination of how to 'apportion damage recovery among multiple or joint *tortfeasors* . . . .'") (emphasis added). Thus, if this were a tort action, the doctrine of comparative fault would govern. But, as noted above, this is not a tort action and the doctrine of comparative fault does not apply. *See Milliken*, 2001 WL 747638, at *4 n.5 ("[D]amages under the TCPA are not subject to comparative fault analysis."). For this reason, this Court should strike Defendants Atnip and Kelley's Third Affirmative Defense and Defendant Kirkland's Fourth Affirmative Defense.

8

### C. Sixth and Seventh Defenses: Doctrine of Wavier and Laches

In their Answer, Defendants Atnip and Kelley assert that "[t]he Individual Defendants are not liable pursuant to many, if not all, of the allegedly aggrieved consumers under the doctrine of laches." (Doc. No. 142, PAGE ID #: 5858, ¶ 6). Defendants Atnip and Kelley go on to state, "[t]he Individual Defendants are not liable pursuant to many, if not all, of the allegedly aggrieved consumers under the doctrine of waiver." (Doc. No. 142, PAGE ID #: 5859, ¶ 7). Similarly, Defendant Kirkland asserts, "Ms. Kirkland is not liable pursuant to many, if not all, of the allegedly aggrieved consumers under the doctrine of laches[,]" and that "Ms. Kirkland is not liable pursuant to many, if not all, of the allegedly aggrieved consumers under the doctrine of waiver." (Doc. No. 153, PAGE ID #: 6030, ¶¶ 7, 7). These defenses, however, are inapplicable to the case at bar and, thus, are insufficient such that it could not succeed under any set of circumstances.

Neither laches nor waiver is a proper defense to an action brought by the state. While Defendants attempt to argue that Plaintiffs' claims are subject to the doctrine of laches, "laches is not imputable to the government." *Long v. Bd. Of Prof'l Resp.*, 435 S.W.3d 174, 182 (Tenn. 2014); *see also Prof'l Home Health Care v. Cabinet for Health and Family Servs*, No. 2022-CA-0046-MR, 2023 WL 3028543, at *5 (Ky. Ct. App. April 21, 2023) (explaining that the court is still bound by the Kentucky Supreme Court's holding in *City of Paducah v. Gillispie*, 115 S.W.2d 574, 576 (1938), in which the Supreme Court held that "a municipality or government cannot be affected by the laches of its agents or estopped from asserting its rights because of the acts or omission of its official servants."); *see also F.T.C. v. Debt Solutions Inc.*, No. C06-298JLR, 2006 WL 2257022, at *1 (W.D. Wash. Aug. 7, 2006) ("As to the equitable defenses of estoppel, waiver, unclean hands, and *laches*, the FTC correctly notes that equitable defenses are unavailable to a

9

party seeking to avoid a governmental entity's exercise of statutory power.") (emphasis added).[4] Courts have also held that laches "cannot be asserted against the government when it seeks to enforce a public right or protect a public interest." *United States v. Summerlin*, 310 U.S. 414, 416 (1940); *see F.T.C. v. Instant Response Sys., LLC*, 2014 WL 558688, at *2 (E.D.N.Y. Feb. 11, 2014) (striking a laches defense and reasoning, "[t]here are accordingly no disputed questions of law or fact with respect to this affirmative defense and the FTC would be prejudiced by unnecessary litigation if it were not stricken."). Like the FTC, Plaintiffs are seeking to enforce a public right or protect a public interest in this case. *See* First Amended Complaint, ¶¶ 1–2.

Similarly, the doctrine of waiver is also inapplicable in civil enforcement actions brought by a governmental entity for consumer protection violations. *See Debt Solutions Inc.*, 2006 WL 2257022, at *1 ("As to the equitable defenses of estoppel, *waiver*, unclean hands, and laches, the FTC correctly notes that equitable defenses are unavailable to a party seeking to avoid a governmental entity's exercise of statutory power.") (emphasis added). This Court should strike Defendants Atnip and Kelley's Sixth and Seventh Affirmative Defenses and Defendant Kirkland's Seventh Affirmative Defenses as they fail as a matter of law.

### D. Eleventh Defense: Standing to Assert Claims for Personal Liability

In their Answer, Defendants Atnip and Kelley assert as an affirmative defense that "[p]laintiffs lack standing to assert claims against Individual Defendants for personal liability." (Doc. No. 142, PAGE ID #: 5859, ¶ 11). Similarly, Defendant Kirkland asserts, "[p]laintiffs lack

---

[4] Cases involving the Federal Trade Commission are particularly relevant here, as the Tennessee Consumer Protection Act mandates that it "shall be interpreted as construed consistently with the interpretations given by the federal trade commission and the federal courts pursuant to § 5(A)(1) of the Federal Trade Commission Act (15 U.S.C. § 45(a)(1))." Tenn. Code Ann. § 47-18-115.

standing to assert claims against Ms. Kirkland for personal liability." (Doc. No. 153, PAGE ID #: 6030, ¶ 11).

This defense once again misunderstands the role of the Tennessee and Kentucky Attorneys General and the statutory authority granted to them to bring this action against the Individual Defendants. "As the chief law enforcement officer of the state, the attorney general may exercise such authority as the public interest may require and may file suits necessary for the enforcement of state laws and public protection." *State v. Heath*, 806 S.W.2d 535, 537 (Tenn. Ct. App. 1990); *Com. ex rel. Chandler v. Anthem Ins. Companies, Inc.*, 8 S.W.3d 48, 55 (Ky. Ct. App. 1999) (recognizing "the General Assembly's intent that the Consumer Protection Act, in the hands of the Attorney General, be a flexible and effective means of combating abusive trade practices however novel their forms or well disguised their sources.").

Here, the Tennessee and Kentucky Attorneys General have brought this action against Solar Titan USA and the Individual Defendants to vindicate those consumers harmed by Defendants' unfair and deceptive business practices. In doing so, Plaintiffs are entitled to bring claims for violations of their respective consumer protection laws against any entity or individual who violates those laws. *See Heath*, 806 S.W.2d at 537 ("The attorney general's standing under the Tennessee Consumer Protection Act arises from Tenn. Code Ann. § 47-18-114 . . . ."); *see also* Tenn. Code Ann. § 47-18-114 ("The attorney general may bring any appropriate action or proceeding in any court of competent jurisdiction pursuant to this part."); KY REV. STAT. § 367.190(1) (The Attorney General has authority to act under the KCPA "[w]henever the Attorney General has reason to believe that *any person* [has violated the KCPA]") (emphasis added); *Com. ex rel. Beshear v. ABAC Pest Control, Inc.*, 621 S.W.2d 705, 706–07 (Ky. Ct. App. 1981) (The Attorney General may exercise his authority to "seek restitution on behalf of defrauded consumers

. . . concurrently with his authority to maintain an action for injunctive relief under KRS 367.190.").

Plaintiffs clearly have the authority to bring actions against the Individual Defendants for alleged violations of their respective state laws. Plaintiffs also have express authority to bring the federal consumer protection claims they've brought against Defendants. *See* 12 U.S.C. § 5552; 12 U.S.C § 5565(b); 15 U.S.C. § 45(b). Because there are no set of facts wherein Plaintiffs would not have standing to bring their claims against the Individual Defendants, the Individual Defendants' Eleventh Affirmative Defense alleging Plaintiffs lack standing should be stricken as a matter of law.

## Conclusion

Defendants Atnip and Kelley's second, third, fourth, sixth, seventh, eleventh, and twelfth defenses and Defendant Kirkland's third, fourth, fifth, seventh, eleventh, and twelfth defenses are without merit and are insufficient because, as a matter of law, the defenses cannot succeed under any circumstances. These defenses are futile and cannot be properly asserted against Plaintiffs in this civil enforcement action. For these reasons, this Court should order that each challenged affirmative defense be stricken from Defendants' respective answers.

DATED: May 2, 2023,            Respectfully submitted,

| | |
|---|---|
| /s/Samuel Keen | /s/Paul Fata |
| SAMUEL KEEN | PAUL FATA |
| (TN BPR #: 033865) | (Admitted *Pro Hac Vice*, KY BAR #: 99528) |
| ALICIA DANIELS-HILL | LYNDSEY ANTOS |
| (TN BPR #: 040672) | (Admitted *Pro Hac Vice*, KY BAR #: 99971) |
| J. DAVID MCDOWELL | |
| (TN BPR #: 024588) | |
| | |
| OFFICE OF THE TENNESSEE ATTORNEY GENERAL | OFFICE OF THE KENTUCKY ATTORNEY GENERAL |
| P.O. Box 20207 | 1024 Capital Center Drive, Suite 200 |
| Nashville, Tennessee 37202 | Frankfort, Kentucky 40601 |
| | |
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| STATE OF TENNESSEE | COMMONWEALTH OF KENTUCKY |

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated in the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Samuel Keen
Attorney for Plaintiff
STATE OF TENNESSEE