UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL,<br><br>Plaintiffs,<br><br>v.<br><br>IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, et al.,<br><br>Defendants. | 3:23-CV-00046-DCLC-JEM |

**DEFENDANTS MICHAEL ATNIP AND CRAIG KELLEY'S MOTION FOR
*IN CAMERA* REVIEW IN CONNECTION WITH THEIR RENEWED MOTION
MODIFY ORDER AND RELEASE ASSETS TO PAY LIVING AND LEGAL EXPENSES**

Defendants Michael Atnip ("Atnip") and Craig Kelley ("Kelley", and together with Atnip, the "Individual Defendants") respectfully request this Court enter an Order allowing the Individual Defendants' Financial Disclosures (the "Financial Disclosures") and their counsel's attorneys' fee invoices in this litigation (the "Legal Fee Invoices", and together with the Financial Disclosures, the "Confidential Information") in support of their Renewed Emergency Motion to Modify Order and Release Assets to Pay Living and Legal Expenses (ECF No. 163, the "Renewed Motion") only be produced to the Court for *in camera* review, as opposed to being filed on the docket for viewing by the other parties to this litigation[1] and the public. In support thereof, the Individual Defendants state as follows:

---

[1] The Individual Defendants Financial Disclosures were previously provided to the Plaintiffs State of Tennessee, *ex rel*. Jonathan Skrmetti, Attorney General and Reporter and the Commonwealth of Kentucky, *ex rel*. Daniel Cameron, Attorney General ("Plaintiffs").

This Court's April 25, 2023 Order (ECF No. 159, the "Order") denying the Individual Defendants' Emergency Motion to Modify Order and Release Assets to Pay Living and Legal Expenses (ECF No. 101, the "Original Motion") noted a lack of information sufficient "for the Court to determine the propriety of the requested release of funds." Specifically, this Court sought (1) evidence supporting the amount of assets the Individual Defendants have beyond the Receiver's estimated damages of $4,000,000; (2) documentation to support the requested attorneys' fees; and (3) evidence regarding living expenses.

A district court may perform an *in camera* review of a document in appropriate circumstances. *See United States v. Zolin*, 491 U.S. 554, 571-572 (1989). In fact, less than two months ago the United States Court of Appeals for the Sixth Circuit held that a District Court's *in camera* review of a party's attorneys' fees and expense records did not violate "broader principles of openness and transparency." *In Re Flint Water Cases*, 63 F.4th 486, 500 (6th Cir. March 17, 2023); *see also*, *Mattel, Inc v. MGA Ent., Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013) (a Court's *in camera* review of unreacted attorneys' fee invoices "is a sufficient safeguard against unreasonable bills."). Other Courts in the Sixth Circuit have allowed *in camera* review of billing invoices when awarding attorney fees following a judgment or settlement in litigation. *See e.g.*, *Rook v. D's Excavating & Serv. LLC*, No. 2:19-CV-4295, 2021 WL 1084604, at *3 (S.D. Ohio Mar. 22, 2021), report and recommendation adopted, No. 2:19-CV-4295, 2021 WL 2808744 (S.D. Ohio July 6, 2021); *Parker v. Breck's Ridge, LLC*, No. 2:17-CV-633, 2020 WL 977875, at *1 (S.D. Ohio Feb. 28, 2020); In re Delphi Corp. Sec., Derivative & ERISA Litig.*, No. 05-70882, 2010 WL 1913736, at *4 (E.D. Mich. May 11, 2010); *Educ. Credit Mgmt. Corp. v. Cent. Equip. Co.*, 477 F. Supp. 2d 788, 794 (E.D. Ky. 2007) (Court ordered that the billing statements of ECMC's counsel be filed under seal for *in camera* review); *SGA Glob., LLC v. Surface Coatings Co.*, No. 07-CV-10332-DT, 2007 WL

3284006, at *2 (E.D. Mich. Oct. 31, 2007)("costs and submitted itemized statements to support this request for the court's *in camera* review"); *In re CMS Energy Sec. Litig.*, No. CIV. 02-CV-72004-DT, 2002 WL 32817518, at *4 (E.D. Mich. Nov. 14, 2002).

The Individuals Defendants have no reservations to providing their unreacted Legal Fee Invoices to the Court for *in camera* review. However, requiring the Individual Defendants to provide Plaintiffs and other parties with the detailed Legal Fee Invoices would create a risk of disclosing specific and potentially privileged attorney client communications and work product concerning the Individual Defendant's legal strategy, which would give Plaintiffs a one-way view into the litigation strategy of a party while the litigation is still pending. The Court should not turn the individual Defendants' request to release funds to pay their legal fees in litigation brought by Plaintiffs into a tactical advantage as while litigation proceeds.

In addition, the Individual Defendants provided their Financial Disclosures to the Plaintiffs, as required in the Court's Order Granting a Temporary Injunction. The Individual Defendants also disclosed the total value of their assets in their Original Motion. Requiring the Individual Defendants to publicly file their Financial Disclosures would disclose specific details concerning their assets, such has bank account and credit card information, would provide little benefit to the public, while placing the Individual Defendants at risk of potential unauthorized access to the Individual Defendants sensitive financial data.

Wherefore, the Individual Defendants respectfully request that this Court enter an order allowing the Individual Defendants to submit their Financial Disclosures and Legal Fee Invoices to the Court for in camera review, and for such other and further relief as is just.

| WRIGHT, CORTESI & GILBREATH | DARROWEVERETT LLP |
|---|---|
| BY: /s/*Stephan R. Wright*<br>Stephan R. Wright (#031494)<br>2288 Gunbarrel Rd.<br>Ste. 154/Box 247<br>Chattanooga, TN 37421<br>Telephone: (423) 826-6919<br>Facsimile: (423) 826-6929<br>*swright@wcglegal.com*<br>*Attorneys for Craig Kelley* | BY: /s/ *James G. Atchison*<br>Samuel C. Blink (#036400)<br>James G. Atchison (admitted *pro hac vice*)<br>Fifth Third Center<br>424 Church Street, Suite 2000<br>Nashville, TN 37219<br>(615) 651-7386<br>*sblink@darroweverett.com*<br>*jatchison@darroweverett.com*<br>*Attorneys for Richard Michael Atnip* |

BY: /s/ *William C. Killian*
William C. Killian (#002425)
801 Broad St., Suite 428
Chattanooga, TN 37402
(423) 265-8804
*billikillian@cawpllc.com*
*Attorneys for Richard Michael Atnip*

## CERTIFICATE OF SERVICE

I do hereby certify that the forgoing document has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

This 5th day of May, 2023.

BY: /s/ *James G. Atchison*

4
Case 3:23-cv-00046-DCLC-JEM   Document 168   Filed 05/05/23   Page 4 of 4   PageID #: 6213