UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL,<br><br>Plaintiffs,<br><br>v.<br><br>IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, *et al.*,<br><br>Defendants. | 3:23-CV-00046-DCLC-JEM |

**ORDER**

This matter is before the Court on court-appointed receiver Richard F. Ray's ("the Reciever") Motion to Approve Paper-to-Digital Archiving Plan [Doc. 178] and Application for Interim Compensation and Expense Reimbursement [Doc. 179]. No party has responded or otherwise expressed opposition to the Receiver's motions and the time for doing so has expired.[1]

Plaintiffs initiated this civil enforcement action against Ideal Horizon Benefits, LLC d/b/a Solar Titan USA ("Solar Titan") and its individual officers and member alleging violations of various federal and state consumer protection laws. On February 7, 2023, the Court issued a Temporary Restraining Order ("TRO"), which included an asset freeze and the appointment of the Receiver over Solar Titan [Doc. 21]. On February 28, 2023, the Court converted the TRO into a Preliminary Injunction and continued the receivership [Doc. 78]. The Court later issued an

---

[1] "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2.

1

Amended Preliminary Injunction [Doc. 159] to clarify certain aspects of the asset freeze portion of the injunction.

Pursuant to the Preliminary Injunction, which details the Receiver's duties and powers, the Receiver has assumed full control of Solar Titan and has taken possession of Solar Titan's assets. The Receiver now requests authorization to digitize the paper documents of Solar Titan along with interim compensation and expense reimbursement for services rendered from April 1, 2023 through April 30, 2023. Each of the foregoing motions are examined in turn.

## I. Paper-to-Digital Archiving Plan

The Receiver advises that, pursuant to his court-ordered duties, he has taken possession of numerous paper documents located at Solar Titan's business offices [Doc. 178, ¶ 4]. He represents that the documents are voluminous and, in an effort to preserve the documents while also saving the Receivership Estate storage fees, he has created a proposed Paper-to-Digital Archiving Plan for the Court's approval [*Id*. at ¶¶ 4, 5]. Pursuant to that plan, the Receiver will scan the documents into a digital archive and provide hard drives of the archives to all attorneys of record upon request [*Id*. at ¶ 6]. In doing so, the documents will be preserved for use in the ongoing litigation and the Receiver will be able to fully abandon the business locations of Solar Titan, thereby saving additional costs [*Id*.]. Considering the benefits of the proposed plan, the Receiver's request for approval [Doc. 178] is well-taken and **GRANTED**. Accordingly, the Receiver is authorized to digitize the paper documents of Solar Titan pursuant to the Paper-to-Digital Archiving Plan [*See* Doc. 178-1].

## II. Interim Compensation And Expense Reimbursement

In imposing the receivership in this action, the Court held:

> [T]he Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable

> compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, Solar Titan.

[Doc. 159, § XVI]. The Court further directed the Receiver to file periodic requests for the payment of such reasonable compensation [*Id.*]. Pursuant to this provision, the Receiver requests interim compensation for time and out-of-pocket expenses in the amount of $7,648.56, attorney's fees in the amount of $6,930.00, and other professional fees and expenses totaling $24,488.21 [Doc. 179-2]. Upon review of the documentation submitted in support of the Receiver's request, the Court finds that the compensation for the services performed is reasonable and the fees and expenses incurred were reasonably necessary for the Receiver to perform his duties and responsibilities under the receivership.[2] Accordingly, the Receiver's request [Doc. 179] is **GRANTED**.

### III.  Conclusion

For the reasons provided herein, the Receiver's Motion to Approve Paper-to-Digital Archiving Plan [Doc. 178] and Application for Interim Compensation and Expense Reimbursement [Doc. 179] are **GRANTED**. Accordingly, it is hereby **ORDERED**:

1. the Receiver is authorized to digitize the paper documents of Solar Titan pursuant to the Paper-to-Digital Archiving Plan provided to the Court [*See* Doc. 178-1];

2. the Receiver shall be entitled to interim compensation in the amount of $7,648.56 from receivership funds;

---

[2]   Among the Receiver's court-ordered duties are the duty to "[c]hoose engage, and employ such attorneys, accountants, appraisers, and other independent contractors and technical specialists as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by" the Court's Order [Doc. 159, § X(J)].

3. the Receiver is authorized to funds presently within the receivership or from future sales of receivership assets to pay reasonable and necessary attorney's fees in the amount of $6,930.00; and

4. the Receiver is authorized to use funds presently within the receivership or from future sales of receivership assets to pay professional fees and expenses totaling $24,488.21.

**SO ORDERED:**

s/ Clifton L. Corker<br>
United States District Judge