UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL,<br><br>Plaintiffs,<br><br>v.<br><br>IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, *et al.*,<br><br>Defendants. | 3:23-CV-00046-DCLC-JEM |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motions to Intervene filed by Volunteer Ventures, LLC ("Volunteer Ventures") [Doc. 62] and Consolidated Electrical Distributors, Inc. d/b/a Greentech Renewables ("CED") [Doc. 147]. No party to this action has responded or otherwise expressed opposition to the foregoing motions.[1] For the reasons stated herein, the Motions to Intervene [Docs. 62, 147] are **DENIED**.

### I. BACKGROUND

On February 6, 2023, Plaintiffs State of Tennessee and Commonwealth of Kentucky, by and through their respective Attorneys General, initiated this civil enforcement action against Ideal Horizon Benefits, LLC d/b/a Solar Titan USA ("Solar Titan") and its individual owners alleging violations of various federal and state consumer protection laws. On February 7, 2023, the Court

---

[1] "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2.

issued a Temporary Restraining Order ("TRO"), which included, in relevant part, a freeze of Solar Titan's assets, the appointment of Richard F. Ray ("Receiver") as receiver over Solar Titan, and a stay of all actions that would interfere with the exclusive jurisdiction of this Court over Solar Titan's assets [Doc. 21].

Thereafter, the Court converted the TRO into a Preliminary Injunction and continued the receivership, asset freeze, and stay of actions [Doc. 159]. In doing so, the Court granted the Receiver "full powers of an equity receiver, except as otherwise specified in [the Preliminary Injunction]." [Doc. 159, § IX]. As part of his court-ordered duties, the Receiver has taken full control of Solar Titan and has exclusive custody, control, and possession of Solar Titan's Assets [*Id*. at § X(A)–(C)]. The Court further directed the Receiver to "[t]ake all steps necessary to secure each location from which Solar Titan operates its business" including "changing the locks" and to "[p]revent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with Solar Titan" [*Id*. at § X(D)(5), (H)].

Prior to the commencement of this action, Solar Titan and owners Richard Atnip and Sarah Kirkland ("the Individual Defendants") executed a Credit Agreement with CED, pursuant to which Solar Titan agreed to purchase certain supplies and materials for solar panel installations from CED on credit under an open account and the Individual Defendants personally guaranteed Solar Titan's obligations [Doc. 147-1]. Solar Titan later registered a UCC Financing Statement with the Tennessee Secretary of State granting CED a priority security interest in all of Solar Titan's assets [Doc. 147-2]. Solar Titan ordered supplies and materials from CED until January 6, 2023, and ultimately failed to pay CED all amounts due under the Credit Agreement for those supplies and materials [Doc. 147, pg. 2]. As of February 23, 2023, Solar Titan owed CED $589,494.88 under the Credit Agreement [Doc. 147-3].

2

Also prior to the commencement of this action, Solar Titan entered into a five-year lease agreement with Volunteer Ventures for the use of a commercial building located at 10306 Yellow Pine Lane in Knoxville, Tennessee ("Yellow Pine property") [Doc. 62-1]. Pursuant to the lease agreement, Solar Titan agreed to pay Volunteer Ventures $8,700.00 per month from April 1, 2021 to March 31, 2024, $9,483.00 per month from April 1, 2024 to March 31, 2026 [*Id*.]. Additionally, Solar Titan agreed to pay additional rent each month for the cost of real estate taxes, insurance premiums, and common area maintenance expenses [*Id*. at pg. 3]. Defendant Sarah Kirkland personally guaranteed Solar Titan's obligations under the lease [*Id*. at pg. 10]. As of February 20, 2023, Solar Titan was in default under the lease in the amount of $10,635.00 [Doc. 62, pg. 2].

Based on their interests in Solar Titan's assets, CED and Volunteer Ventures now both seek to intervene in this action pursuant to Federal Rule of Civil Procedure 24. Specifically, they assert they have a right to intervene and, if not, the Court should permit intervention.

## II.     LEGAL STANDARD

"Rule 24 should be broadly construed in favor of potential intervenors." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (citation omitted). Rule 24(a) requires intervention when a party, upon timely motion, "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(2). In contrast, Rule 24(b) *permits* intervention by anyone who "has a claim or defense that shares with the main action as a common question of law or fact." Fed.R.Civ.P. 24(b). A motion to intervene under either Rule 24(a) or (b) "must be served on the parties" and "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed.R.Civ.P. 24(c).

3

## III. DISCUSSION

As an initial matter, neither CED nor Volunteer Ventures included with their motion "a pleading that sets out the claim or defense for which intervention is sought" as required by Rule 24(c). Nonetheless, the Sixth Circuit has expressed approval of "a lenient approach to the requirements of Rule 24(c)" so long as the failure to attach the required pleading does not result in prejudice to the existing parties. *League of Women Voters of Michigan v. Johnson*, 902 F.3d 572, 580 (6th Cir. 2018) (citation omitted). Here, considering the lack of opposition by the parties, the Court finds no prejudice has resulted from the failure to strictly comply with the procedural requirements of Rule 24(c). Therefore, the Court turns to the merits of the motions.

### A. Intervention as of Right under Rule 24(a)

In interpreting Rule 24(a), the Sixth Circuit has held that "proposed intervenors" must demonstrate the following four elements to intervene as a matter of right:

> (1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest.

*Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999). Although both Volunteer Ventures and CED timely moved to intervene, and such intervention would further the ability to protect substantial interests they have in the subject matter of this case, the Receiver appointed by the Court in this action adequately represents those interests. Accordingly, intervention as of right is not warranted.

To intervene as a matter of right, Volunteer Ventures and CED bear the burden of demonstrating that their interests are not adequately represented by the current parties to the action. *Meyer Goldberg, Inc. of Lorain v. Goldberg*, 717 F.2d 290, 293 (6th Cir. 1983). The Preliminary Injunction entered by the Court in this action directs the Receiver to "[c]onserve, hold, and manage

4

all Assets of Solar Titan, and perform all acts necessary or advisable to preserve the value of those Assets in order to prevent any irreparable loss, damage, or injury to consumers *or creditors* of Solar Titan" [Doc. 159, § X(E)]. CED seeks to intervene as a secured creditor with a security interest in Solar Titan's assets and Volunteer Ventures classifies itself as a "simple creditor of Solar Titan by virtue of the rent payments that Solar Titan owed" [Doc. 62, pg. 6]. In sum, they both seek to intervene as creditors to preserve the value of their assets—a goal that is synonymous with the Receiver's duties.

In fact, CED admittedly has already worked with the Receiver to recover "certain inventory and materials" from Solar Titan's warehouse, the proceeds of which will be credited against the balance due under the Credit Agreement [Doc. 147, pg. 3]. Additionally, although Volunteer Ventures asserts that the Receiver "is not cooperating so that [it] can gain access to the [Yellow Pine] property and show it to prospective tenants" [Doc. 62, pg. 8], the Receiver avers that he has never denied Volunteer Ventures reasonable access to the property [Doc. 212-1, ¶ 10]. The Receiver is also diligently working to clear out each of Solar Titan's locations by selling and auctioning off the items being stored at those locations [Docs. 86, 150, 193, 194, 208, 212]. He has further acknowledged that Volunteer Ventures is entitled to rent but asserts that the Receivership Estate was insolvent at the time of his appointment and, since then, he has not had sufficient cash on hand to meet all of Solar Titan's outstanding obligations [Doc. 212, ¶¶ 8, 12, 16]. The Receiver informs that, once funds are available, he plans to direct some of those funds to pay rent obligations [Doc. 212-1, ¶ 8]. Put simply, the Receiver's goals align with those of Volunteer Ventures and CED. Thus, neither Volunteer Ventures nor CED have carried their burden of demonstrating that their interests are not adequately represented by the current parties to the action and, as a result, intervention as of right is not warranted.

5

### B. Permissive Intervention

Volunteer Ventures and CED alternatively move for permission to intervene pursuant to Rule 24(b). Volunteer Ventures asserts that it has a compelling interest in the outcome of this action because it "has no way of knowing whether any monetary assets exist or, if some do, whether any will be allocated to Solar Titan's debt to Volunteer Ventures" [Doc. 62, pg. 9]. It asserts intervention is the only way to protect and assert its legal rights due to the injunction prohibiting the commencement of legal actions that would interfere with the Court's jurisdiction over Solar Titan's assets [*Id.*]. CED advances an identical argument [Doc. 147, pg. 10]. Neither Volunteer Ventures nor CED, however, have demonstrated that they have "a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). This is a civil enforcement action for various consumer protection violations. Neither Volunteer Ventures' claims regarding the Yellow Pine property nor CED's secured claims share a common question of law or fact with the consumer protection claims asserted by Plaintiffs. Thus, the requirements for permissive intervention are not met.

### IV. CONCLUSION

Accordingly, CED and Volunteer Ventures' Motions to Intervene [Docs. 62, 147] are **DENIED**. Moreover, considering the Court enjoined all creditors and lessors of Solar Titan from "attempting to take possession, custody, or control of any Asset of Solar Titan; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of Solar Titan," Volunteer Ventures' motions relating to the enforcement of the lease agreement at the Yellow Pine property or the eviction of the Receiver from the property [Docs. 105, 185, 207] are **DENIED**.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge

6

Case 3:23-cv-00046-DCLC-JEM   Document 217   Filed 08/18/23   Page 6 of 6   PageID #: 6560