UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* JOHNATHAN SKRMETTTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex. rel.* DANIEL CAMERON, ATTORNEY GENERAL, <br><br>Plaintiffs, <br><br>v. <br><br>IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, *et. al.*, <br><br>Defendants. | No. 3:23-CV-00046-DCLC-JEM |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Strike Defendants Atnip and Kelley's Second, Third, Fourth, Sixth, Seventh, Eleventh, and Twelfth Affirmative Defenses & Defendant Kirkland's Third, Fourth, Fifth, Seventh, Eleventh, and Twelfth Affirmative Defenses [Doc. 166]. Defendants have responded in opposition to the motion [Docs. 176 & 177], and Plaintiffs filed a reply [Doc. 180]. The motion is now ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **RECOMMENDS** that the District Judge **GRANT** Plaintiffs' motion in part and **DENY** Plaintiffs' motion in part [**Doc. 166**].

I.    **STANDARD OF REVIEW**

Plaintiffs move to strike Defendants' affirmative defenses under Rule 12(f) of the Federal Rules of Civil Procedure. Under Rule 12(f), the court may strike any "redundant, immaterial,

1

impertinent, or scandalous matter," either on its own or upon a party's request. Fed. R. Civ. P. 12(f).

Motions to strike are generally disfavored, not frequently granted, and considered a drastic remedy. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *see also E.E.O.C. v. FPM Grp., Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009) ("Striking a pleading is considered 'a drastic remedy to be resorted to only when required for the purposes of justice' and it 'should be sparingly used by the courts.'" (quoting *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822)). A party must show that the allegations have "no possible relation to the controversy." *Parlak v. U.S. Immigr. & Customs Enf't*, No. 05-2003, 2006 WL 3634385, at *1 (6th Cir. Apr. 27, 2006) (citation omitted). In other words, courts should grant motions to strike only when "the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *FPM Grp.*, 657 F. Supp. 2d at 966 (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 at 650 (2d ed. 1990)).

With respect to motions to strike affirmative defenses, a court may strike an affirmative defense "if it aids in . . . streamlining the litigation[,]" *SEC v. Thorn*, No. 2:01-CV-290, 2002 WL 31412440, at *2 (S.D. Ohio Sept. 30, 2002) (citation omitted), or when the defense fails as a matter of law, *CNB Bancshares, Inc. v. Stonecastle Sec. LLC*, No. 3:09-CV-33, 2012 WL 13020054, at *1 (E.D. Tenn. Jan. 30, 2012) (citation omitted). They "are properly granted when plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Mockeridge v. Alcona Cnty.*, 599 F. Supp. 3d 561, 569 (E.D. Mich. 2022) (quoting *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017)). The

decision to strike a defense is within the Court's discretion. *Willis v. Phillips*, No. 1:18-CV-142, 2018 WL 5983562, at *1 (E.D. Tenn. Nov. 14, 2018) (citation omitted).

## II.  ANALYSIS

Plaintiffs allege in their Amended Complaint [Doc. 124] that Defendants have violated the Tennessee Consumer Protection Act ("TCPA"), the Kentucky Consumer Protection Act ("KCPA"), and the Consumer Financial Protection Act ("CFPA"), by engaging in unfair, deceptive, or abusive acts or practices [*Id*. ¶¶ 332, 349–50, 398, 417]. Plaintiffs also bring claims under the Consumer Review Fairness Act, the Tennessee Home Solicitation Sales Act, and the Kentucky Home Solicitation Sales Act alleging that Defendants' customer agreements contained terms that, on their face, violate these laws [*Id.* ¶¶ 395, 434–438, 460].

In their Answers, Defendants Atnip and Kelley assert the affirmative defenses of (1) accord and satisfaction, (2) contributory negligence and/or comparative fault, (3) lack of consideration, (4) doctrine of laches, (5) doctrine of waiver, (6) standing, and (7) failure to satisfy conditions precedent [Doc. 142 pp. 32–33]. Defendant Kirkland asserts the same [Doc. 153 pp. 37–38].

Plaintiffs seek to strike these defenses [Doc. 166]. They argue Tennessee's and Kentucky's Attorneys General have standing pursuant to their role as the chief law enforcement officer, that contract defenses are inapplicable because they seek to protect public interests, and that neither contributory negligence nor comparative fault are available in consumer protection actions [*Id.*].

For the reasons explained below, the undersigned does not recommend that the District Judge strike Defendants' standing defense but does recommend that he strike the other defenses.[1]

---

[1] In their response and in support of their assertion of these defenses, Defendants contend that Plaintiffs have not yet articulated their measure of damages or basis for calculation, and to the extent any claims are calculated based on the individual customer contracts, installation, or other claims, it is unclear what remedies Defendants would be entitled to assert with respect to the calculation of any damages [Doc. 176 p. 2; Doc. 177 p. 2]. Defendants rely upon *Liberte Capital*

3

A. Standing

Defendants assert in their Answers that Plaintiffs lack standing to bring this action [Doc. 142 p. 33; Doc. 153 p. 38]. Plaintiffs argue that the Tennessee and Kentucky Attorneys General do have standing to bring this action under state law, specifically Tenn. Code Ann. § 47-18-114 and Ky. Rev. Stat. Ann. § 367.190, and their role as chief law enforcement officers [Doc. 166 p. 11].

"Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation." *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994). The undersigned therefore recommends that the District Judge exercise his discretion to not strike this defense as "insufficient" or "redundant, immaterial, impertinent, or scandalous[]" under Rule 12(f). *See Sream, Inc. v. MLF Tobacco Shop, LLC*, No. 17-22518-CIV, 2017 WL 4838788, at *2 (S.D. Fla. Oct. 24, 2017) (declining to strike the defendant's standing argument because the argument was "not insufficient nor frivolous" (citation omitted)); *Fesnak and Assocs., LLP v. U.S. Bank Nat'l Ass'n*, 722 F. Supp. 2d 496, 503 (D. Del. 2010) (declining to strike the defendant's standing argument because "standing is always required for any action in federal court" and the court was not persuaded that the plaintiff would suffer any prejudice by assertion of the standing defense (citation omitted)); *Wylie v. For Eyes Optical Co.*, No. 11 CV 1786, 2011 WL 5515524, at *3–4 (N.D. Ill. Nov. 10, 2011) (declining to strike defense based upon Article III standing).

---

*Group, LLC v. Capwill*, 462 F.3d 543 (6th Cir. 2006), in support of their argument that the receivership in place here allows Defendants to seek equitable remedies. But *Liberte Capital Group* does not address a motion to strike like the one before the Court; it is therefore inapposite at this junction of the proceeding. While *Liberte Capital Group* does provide that a district court presiding over an equity receivership "exercise[s] the traditional, common law powers of equity," the undersigned recommends that the District Judge exercise his discretion to strike at this time any potential defenses Defendants may have for any claims brought by the Receiver or any individual consumer and permit Defendants to exercise those defenses if and when they are relevant. 462 F.3d at 551.

4

### B. Accord and Satisfaction, Lack of Consideration, and Failure to Satisfy a Condition Precedent

Defendants assert the defenses of accord and satisfaction, lack of consideration, and failure to satisfy a condition precedent [Doc. 142 pp. 32–33; Doc. 153 pp. 37–38]. Plaintiffs assert that these defenses could not survive under any set of circumstances in this action [Doc. 166 pp. 5–10].

Plaintiffs do not bring a breach of contract claim against Defendants. Rather, Plaintiffs allege consumer protection claims, and these breach of contract defenses do not seem applicable with respect to Plaintiffs' claims. *See Wilson v. State Farm Fire & Cas. Co.*, 799 F. Supp. 2d 829, 841–42 (E.D. Tenn. 2011) ("[A]lthough a breach of contract claim and a Consumer Protection Act claim may arise from the same course of conduct, they are separate and distinct causes of action, each with its own separate elements and defenses." (quoting *Office Furniture & Related Servs. Inc. v. United Constr. Corp.*, No. M2003-02126-COA-R3-CV, 2005 WL 378707, at *5 (Tenn. Ct. App. Feb. 16, 2005)); *see also Craig & Bishop, Inc. v. Piles*, 247 S.W.3d 897, 903 (Ky. 2008) ("[T]he absence of a finding of a valid contract is not fatal to a claim for unfair trade practices under the [Kentucky Consumer Protection Act (KCPA)] as it would be to a breach of contract claim."); *Tenn. v. Consumer Depot, LLC*, No. 06C1093, at *38 (Davidson Cty. Cir. Ct. Dec. 22, 2008) ("Defendants' affirmative defenses are also inapplicable here because they (1) constitute third-party contract defenses which may not be asserted against the State as a non-party . . . .").[2]

For these reasons, the undersigned recommends that the District Judges strike the defenses of accord and satisfaction, lack of consideration, and failure to satisfy a condition precedent.

---

[2] Plaintiffs attached this case to their motion [*See* Doc. 166-1].

### C. Waiver and Laches

Defendants assert the defenses of waiver and laches [Doc. 142 pp. 32–33; Doc. 153 p. 38]. Plaintiffs argue that these defenses would also not succeed under any set of circumstances [Doc. 166 p. 3].

This is an action brought by the state, and it appears that neither the defense of waiver nor the defense of laches is applicable in an action brought by the state. *Long v. Bd. of Prof'l Resp.*, 435 S.W.3d 174, 182 (Tenn. 2014); *State ex. rel. Crist v. Bomar*, 365 S.W.2d 295, 297–98 (Tenn. 1963) ("[L]aches is not imputable to the government."); *City of Paducah v. Gillispie*, 115 S.W.2d 574, 576 (Ky. 1938) ("[A] municipality or government cannot be affected by the laches of its agents . . . ."); *Prof. Home Health Care v. Cabinet for Health and Fam. Servs.*, No. 2022-CA-0046-MR, 2023 WL 3028543, at *5 (Ky. Ct. App. Apr. 21, 2023) (reaffirming *Paducah*); *see also F.T.C. v. Instant Response Sys.*, LLC, 2014 WL 558688, at *2 (E.D.N.Y. Feb. 11, 2014) (striking a laches defense and reasoning, "[t]here are accordingly no disputed questions of law or fact with respect to this affirmative defense and the FTC would be prejudiced by unnecessary litigation if it were not stricken."); *F.T.C. v. Debt Solutions Inc.*, No. C06-298JLR, 2006 WL 2257022, at *1 (W.D. Wash. Aug. 7, 2006) ("As to the equitable defenses of estoppel, waiver, unclean hands, and laches, the FTC correctly notes that equitable defenses are unavailable to a party seeking to avoid a governmental entity's exercise of statutory power.").

The undersigned therefore recommends that the District Judge strike these defenses from Defendants' Answers.

### D. Contributory Negligence and Comparative Fault

Defendants assert the affirmative defenses of contributory negligence and/or comparative fault [Doc. 142 p. 32; Doc. 153 p. 37]. But Plaintiffs are not asserting any claims in tort against

6

Defendants [*see* Doc. 166 p. 8], and "damages under the TCPA are not subject to a comparative fault analysis." *Milliken v. Crye-Leike Realtors*, No. M1999-0071-COA-R3-CV, 2001 WL 747638, at *4 n.5 (Tenn. Ct. App. July 5, 2001). Moreover, neither Tennessee nor Kentucky recognizes the doctrine of contributory negligence. *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 294 (Ky. 2015); *McIntyre v. Balentine*, 833 S.W.2d 52, 53 (Tenn. 1992). These affirmative defenses would therefore fail as a matter of law and should be stricken from Defendants' Answers.

## III. CONCLUSION

For the reasons explained, the undersigned **RECOMMENDS** that the District Judge **GRANT in part** Plaintiffs' motion to strike as to Defendants Atnip and Kelley's Second, Third, Fourth, Sixth, Seventh, and Twelfth affirmative defenses and Defendant Kirkland's Third, Fourth, Fifth, Seventh and Twelfth affirmative defenses and **DENY in part** Plaintiffs' Motion to Strike as to Defendants Atnip, Kelley, and Kirkland's Eleventh affirmative defenses regarding standing [**Doc. 166**].[3]

Respectfully submitted,

/s/ Jill E. McCook
Jill E. McCook
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).