IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 3:23-CV-00046-DCLC-JEM |
| IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**MOTION OF FIRST HORIZON BANK
TO INTERVENE AND FOR A DECLARATION THAT CERTAIN REAL PROPERTY
IS NOT SUBJECT TO THE RECEIVER'S JURISDICTION AND/OR
FOR RELIEF FROM THE ASSET FREEZE**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, KNOXVILLE DIVISION:

1

Comes now Movant, First Horizon Bank ("First Horizon"), by and through its counsel of record, and pursuant to Rules 24(a) and (b0 of the Federal Rules of Civil Procedure, and moves the Court to allow it to intervene in this Action in to obtain a determination whether certain real property in Richmond, Kentucky, is subject to the jurisdiction of the Receiver in this Action and/or for relief from the injunction which the Court issued as to the assets of Sarah Kirkland and Richard Atnip (the "Asset Freeze."). In support of its Motion, First Horizon states the following:

## FACTUAL BACKGROUND

In October, 2022, First Horizon agreed to make a loan in the amount of $617,500.00 to Ideal Benefits Solutions, LLC ("Ideal") to fund the purchase of a building by its sister corporation, New Horizon Ventures ("NHV"). (Declaration of Terry W. Smith ("Smith Dec.") @ ¶¶6-7, 9.) On October 27, 2024, First Horizon loaned $617,500.00 to Ideal (the "Subject Loan"). (Smith Dec. @ ¶7.) In conjunction with the Subject Loan, the following documents were executed:

1) A promissory note dated October 27, 2022 in principal amount of $617,500.00 from Ideal to First Horizon as to the Subject Loan. The maturity date of the Subject Loan was October 27, 2042, and the monthly payment was $4,491.62 and there was a five year prepayment penalty. During the initial two years of the Subject Loan, the prepayment penalty was three (3%) percent. (See Smith Dec. @ ¶8 & Exhibit A.);

2) A Mortgage dated October 27, 2022, executed by NHV as to the real property commonly known as 121 Industry Road, Richmond, KY 40475 (the "Subject Property"). The Mortgage was recorded on November 4, 2022 as Instrument No. 2014118450 in Book M2200 at page 134 in the records of the County Clerk of Madison County, Kentucky. (See Smith Dec. @ ¶9 & Exhibit B.); and

3) A Commercial Guaranty dated October 27, 2022, from Richard M. Atnip as to any indebtedness of Ideal to First Horizon. (See Smith Dec. @ ¶10 & Exhibit C.)

Ideal failed to make the payment due on the Subject Loan on January 27, 2023, or any subsequent payment. (See Smith Dec. @ ¶11.) On or about February 7, 2023, First Horizon received a letter from the Office of the Attorney General of the State of Tennessee (the "Tennessee

2

AG's Office") in which the Tennessee AG's Office advised of the entry of an "Asset Freeze Order" in this case as to the assets of Ideal, Sarah Kirkland and Richard Atnip (the "Enjoined Parties"). (See Smith Dec. @ ¶12.)

In April, 2023, the Court also entered an Amended Preliminary Injunction (Doc. No. 43) containing an "asset freeze" as to any assets of the Enjoined Parties and appointing Richard Ray as the Temporary Receiver for the assets of Ideal (the "Receiver"). (See Smith Dec. @ ¶13.) The Receiver subsequently reached an agreement to sell the Subject Property as part of the Ideal's assets. (See Smith Dec. @ ¶14.) The Court approved that sale in an Order entered on July 7, 2023. (See Smith Dec. @ ¶15.)

> The Court previously authorized the Receiver in this action to sell certain real property owned by the [sic.] located in Richmond, Kentucky for $665,000.00 [Doc. 169, pg. 3]. Although the sale was unlikely to result in a return for the Receivership Estate after the lien payoff and payment of real estate commission fees, the Court found that the sale would be in the best interests of the estate because it would allow the Receiver to dispose of an asset that has no value to the receivership and would prevent to accumulation of unpaid mortgage fees and other expenses associated with the property [Id.].
>
> Prior to the closing of the sale, however, the buyer uncovered an easement that was not disclosed at the time the property was listed by the Receivership Defendant Ideal Horizon Benefits, LLC ("Solar Titan") and which reduced the value of the property [Doc. 197, ¶¶ 6, 7]. Thus, the buyer reduced the offer to $650,000.00 [Id. at ¶ 7]. The Receiver now moves to amend the prior order authorizing the sale to permit him to sell the property at the lower value of $650,000.00 [Id. at ¶8.] Even with the reduced offer, the Court finds that the sale is still in the best interests of the Receivership Estate. Therefore, the Receiver's motion [Doc. 197] is GRANTED, and he is authorized to sell the real property for $650,000.00 with the real estate commission fees and lien to be paid at closing.

(Doc. 202.)

Unfortunately, the sale of the Subject Property did not occur because Ideal did not own the Subject Property. (See Smith Dec. @ ¶16.) Instead, NHV owns the Subject Property on which there is a mortgage lien to secure the repayment of the Subject Loan. (See Smith Dec. @ ¶17.)

3

The potential party, however, still wishes to purchase the Subject Property from NHV. First Horizon has now received a copy of an offer to purchase the Subject Property for $650,000.00. (See Smith Dec. @ ¶17 & Exhibit D.) First Horizon is in favor of the sale of the Subject Property (See Smith Dec. @ ¶19) and is willing to agree to the sale on the following terms:

- The buyer will pay $650,000.00 for the Subject Property (the "Sale Proceeds");

- The real estate broker will receive a commission of six (6%) percent - $39,000.00 - from the Sale Proceeds;

- The outstanding real estate taxes (prorated for the current year) will be paid from the Sale Proceeds;

- First Horizon will accept the remaining net Sale Proceeds in satisfaction of all amounts owed on the Subject Loan including any claims against the Estate or Richard Atnip as guarantor.

(See Smith Dec. @ ¶20.)

As of March 26, 2023, the balance due on the Subject Loan is $679,245.89 (principal of $610,183.11, accrued interest of $47,060.78, late fees of $3,368.70 and prepayment penalty of $18,633.30). Interest continue to accrue on the outstanding principal balance at the daily rate of $103.39. Additionally, First Horizon has incurred legal and appraisal fees and the cost of a title search that are not listed above. (See Smith Dec. @ ¶21.)

First Horizon is advised that NHV is willing to sell the Subject Property on the proposed terms if the Court determines that the Subject Property is not property of the Estate and/or releases the asset freeze so that the sale can proceed.[1] (See Smith Dec. @ ¶23.) The Receiver has already

---

[1] According to the website of the Tennessee Secretary of State, there are two members of NHV. Richard Atnip executed the Mortgage. First Horizon is uncertain who the second member of NHV is.

4875-3907-6273v1
2100000-B14188 03/28/2024

ceased paying the utilities as to the Subject Property which will result in its deterioration over time. (See Smith Dec. @ ¶24.)

As the Court stated as to the prior offer of $650,000.00 made to the Receiver: "Even with the reduced offer, the Court finds that the sale is still in the best interests of the Receivership Estate. Therefore, the Receiver's motion [Doc. 197] is GRANTED, and he is authorized to sell the real property for $650,000.00 with the real estate commission fees and lien to be paid at closing." First Horizon will not be paid in full upon the receipt of the net proceeds (See Smith Dec. @ ¶22), but First Horizon believes that this offer is the best that will be made. (See Smith Dec. @ ¶25.) As a result, First Horizon is willing to release its entire claim against the Estate to facilitate the sale. (See Smith Dec. @ ¶26.)

WHEREFORE, PREMISES CONSIDERED, First Horizon Bank moves the Court for the following relief:

a) An Order allowing it to Intervene in this Action;

b) An Order determining that the Subject Property in Richmond, Kentucky, is not subject to the jurisdiction of the Receiver in this Action;

c) An Order authorizing the sale of the Subject Property on the terms set forth above and lifting Asset Freeze in the Amended Preliminary Injunction as to the Subject Property so that New Horizon Ventures, LLC, can sell the Subject Property;

d) Such other relief, both general and specific, to which this Court may find First Horizon Bank is entitled under the premises.

Respectfully submitted,

s/ P. Edward Pratt

P. Edward Pratt (Tenn. Bar. No. 012758)
Michael C. Patton (Tenn. Bar. No. 012206)
(to be admitted pro hac vice)

Attorneys for Movant, First Horizon Bank

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Suite 600
265 Brookview Centre Way
Knoxville, TN 37919
(865) 549-7000
Epratt@bakerdonelson.com

Suite 2000 – First Horizon Building
165 Madison Avenue
Memphis, TN 38103
(901) 526-2000
Mpatton@bakerdonelson.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th of March, 2024, a copy of the foregoing electronically filed document was served upon all counsel of record via the Court's notice of electronic filing, including:

**Ryan E. Jarrard**
Quist, Fitzpatrick & Jarrard, PLLC
800 South Gay Street
Suite 2121
Knoxville, TN 37929
Email: rej@qcflaw.com

**Samuel Keen**
Office of the Tennessee Attorney General
ATTN: Consumer Protection Division
P.O. Box 20207
Nashville, Tennessee 37202
Email: samuel.keen@ag.tn.gov

**Alicia Daniels-Hill**
Office of the Tennessee Attorney General
ATTN: Consumer Protection Division
P.O. Box 20207
Nashville, Tennessee 37202
Email: alicia.daniels-hill@ag.tn.gov

**Paul Fata**
Office of the Kentucky Attorney General
ATTN: Office of Consumer Protection
Suite 200
1024 Capital Center Drive
Frankfort, Kentucky 40222
Email: paul.fata@ky.gov

**Lyndsey Antos**
Office of the Kentucky Attorney General
ATTN: Office of Consumer Protection
Suite 200
1024 Capital Center Drive
Frankfort, Kentucky 40222
Email: lyndsey.antos@ky.gov

**Samuel Blink**
Darrow Everett, LLP
424 Church St., Ste. 2000
Nashville, TN 37219
(401) 453-1200
sblink@darroweverett.com

                                  s/ P. Edward Pratt