

# OFFER AND AGREEMENT TO PURCHASE REAL ESTATE

This **Offer and Agreement to Purchase Real Estate** (this "Agreement") is made as of the date of later execution hereof by the following "Seller" and "Purchaser".

| 121 Industry Road | | Richmond | Madison | KY | 40475 | |
|---|---|---|---|---|---|---|
| THE PROPERTY: | Street | City | County | State | Zip | |

| New Horizon Ventures, LLC |
|---|
| Name(s) of Seller |

| 12500 Limerick Lane | | Farragut | | TN | 37934 | |
|---|---|---|---|---|---|---|
| Seller's Address | Street | City | County | State | Zip | Telephone Number |

| | Neal Metcalfe, SVN Stone Commercial |
|---|---|
| Seller's Entity (corporation, LLC, partnership, trust, individual, married couple) | Seller's Broker/Agent (if any) |

| Reyes Zarate' (Radar Plumbing Company) |
|---|
| Name(s) of Purchaser |

| 6800 E Laurel Road | | London | Laurel | KY | 40741 | |
|---|---|---|---|---|---|---|
| Purchaser's Address | Street | City | County | State | Zip | Telephone Number |

| Entity TBA before Closing | Neal Metcalfe, SVN Stone Commercial |
|---|---|
| Purchaser's Entity (corporation, LLC, partnership, trust, individual, married couple) | Purchaser's Broker/Agent (if any) |

**1. Offer to Purchase the Property** Purchaser hereby offers to purchase the "Property" identified above (and more specifically identified in Exhibit A, attached hereto and incorporated herein by this reference), which shall include: the land and all buildings and other improvements thereon; all appurtenant rights, privileges, easements, and fixtures; and all personally attached to or built-in that, if removed, would leave the land or buildings in a damaged, incomplete or unfinished condition. Purchaser purchasing the property "As is".

**2. Purchase Price** $650,000 (Six Hundred & Fifty Thousand ) U.S. Dollars

**3. Expiration of Offer** Unless accepted by Seller's signature on this Agreement and then delivered to Purchaser by **9:00am on Friday March 29, 2024**, Richmond, Kentucky time, this offer shall expire and shall be automatically null and void. However, in the event that First Horizon Bank files a Motion in Tennessee, et. al. v. Ideal Horizon Benefits, LLC, d/b/a Solar Titan USA which is pending in the United States District Court for the Eastern District of Tennessee under case no. 3:23-CV-00046-DCLC-JEM (the "Receivership Litigation") seeking a declaration that the Property is not part of the Receivership Estate and seeking relief from the Preliminary Injunction Asset Freeze to allow the sale of the Property to Purchaser, the offer shall remain open until fifteen (15) days after the entry of an Order on the Court's ruling on the Motion.

**4. Earnest Money Deposit** $5,000.00, as evidence of Purchaser's good faith intention to bind this Agreement, will be deposited, upon Purchaser's receipt of Seller's written acceptance of this Agreement as an Earnest Money Deposit to be held by SVN Stone Commercial Escrow Account and credited to Purchaser at closing. The Earnest Money Deposit shall only be removed from escrow (a) in accordance with the several provisions of this Agreement, or (b) upon written agreement of both parties, or (c) upon a court order.

Seller's Initials _____          Purchaser's Initials _RZ_ (DS)

Page 1 of 7

DocuSign Envelope ID: 629BF76C-9E18-46AF-B0E2-7FED9B8A4748

5. **Conditions to Purchaser's Obligations** Purchaser shall enjoy a period of **30** calendar days following Seller's execution of this Agreement (the "Contingency Period") within which Purchaser shall, acting in good faith and with appropriate due diligence, determine whether the conditions to its obligations under this Agreement can be satisfied or waived. The purchaser may decide to not purchase for any reason whatsoever during this period with earnest funds being returned. Neither Seller nor Purchaser shall have any rights, duties or obligations hereunder, and this Agreement shall be and become void ab initio, unless the following conditions precedent are satisfied or are specifically waived in writing by Purchaser within the Contingency Period:

   **(a)** Purchaser obtains and approves (i) a current title commitment, title insurance containing only such exceptions as are reasonably acceptable to Purchaser; and (ii) a current, accurate survey of the Property showing that the Property is free of defects and,

   **(b)** Purchaser is obtaining Financing, and will need to meet all criteria for the lender, including but not limited to appraisal or use of the recent appraisal to qualify for the purchase.

   **(c)** Within ten (10) days after the Court grants the Motion referred to paragraph 3 above, First Horizon Bank, which is the holder of a Mortgage on the Property, agrees in writing that it will accept the net proceeds from the purchase and sale of the Property in full payment of the secured debt, and that it will release the Mortgage against the Property in exchange for that payment.

If any such contingency is not satisfied within the Contingency Period, then Purchaser may either waive each such condition in writing and proceed to closing, or declare this Agreement null and void. If Purchaser declares this Agreement null and void, then Purchaser shall first deliver to Seller written evidence of the basis for any unsatisfied contingencies. Upon Seller's receipt of such evidence, the Earnest Money Deposit shall be immediately returned to Purchaser, whereupon both Seller and Purchaser will sign and deliver a mutual release.

6. **Access by Purchaser** Purchaser and Purchaser's agents and contractors are hereby granted access to the Property for purposes of performing inspections and testing that Purchaser reasonably deems necessary; provided, however, that all such work shall be performed in a good and workmanlike manner at Purchaser's sole expense, and the property shall be returned to a safe condition, substantially similar to its condition prior to Purchaser's entry. Purchaser shall ensure that no liens attach to the Property as a result of such inspection and testing work. Purchaser requests access to occupied and vacant units for inspections.

7. **Closing** If Seller accepts Purchaser's offer, the consummation of the sale and purchase of the Property shall be held at such time and place as the parties may in good faith agree, <u>Purchaser is obtaining financing for this purchase, and will close on or before **April 30, 2024**.</u> Seller shall deliver to Purchaser at closing a fully executed General Warranty Deed in statutory recordable form reasonably acceptable to Purchaser's counsel conveying to Purchaser good, marketable, and unencumbered fee simple absolute title to the Property, and such other documents reasonably required by Purchaser's counsel. Seller shall deliver full possession of the Property at closing with delivery of Deed.

8. **Closing Costs and Proration at Closing** All real estate ad valorem taxes and all assessments due and payable during the year of closing shall be prorated on a calendar year basis. The Seller's portion shall be paid from the proceeds of the sale. In the event ad valorem taxes for the year of closing are unavailable or unascertainable, then the ad valorem rate(s) for the preceding year and present year

Seller's Initials _____         Purchaser's Initials _____

assessment shall be considered as the base for proration, with no right of Purchaser or Seller to seek contributions from the other for the excess, as the case may be, once the taxes become ascertainable and payable. Seller shall pay for preparation of the Deed and for all transfer and documentary stamp taxes for the Deed. Purchaser shall pay the cost of recording the Deed. Seller shall pay all utilities through the Closing.

9. **Risk of Loss** ~~Seller shall ensure that the condition of the Property does not deteriorate but is always maintained in at least its present condition prior to closing.~~ All risk of loss or damage to the Property by fire or other casualty, condemnation (or threat thereof), or any other cause shall remain with Seller until the Closing. If, prior to closing, the Property is so damaged, then ~~Seller shall, at Seller's cost, promptly repair said damage in a good and workmanlike manner, or, if not, then Purchaser shall have the option to declare~~ this Agreement null and void and Buyer shall receive a refund of the Earnest Money Deposit~~, or Purchaser may complete settlement, accepting the Property as damaged together with the proceeds of any insurance or award payable as a result of such damage.~~

10. **Default** If Seller defaults, then Purchaser shall be entitled to an immediate refund of the Earnest Money Deposit and to pursue all legal and equitable remedies, including the right of specific performance. If Purchaser defaults, then Seller shall be entitled to retain the Earnest Money Deposit and to pursue all legal and equitable remedies, including the right of specific performance.

11. ~~**Availability of Documents** Seller shall, promptly following Seller's acceptance of this Agreement, make available to Purchaser for copying, at no cost to the Seller, all deeds, title documents, surveys and other documents related to the Property that are in Seller's possession.~~

12. **Representations of Seller** Seller hereby represents that Seller has no knowledge of any condemnations or assessments affecting or contemplated with respect to the Property; and/or actions, suits or proceedings pending or threatened against the Property or Seller's interest in the Property. Seller has not contracted with any other party for the sale or lease of the Property, and no other party holds an interest in the Property. The parties signing this Agreement as the "Seller" are the only parties whose signatures are necessary to convey fee title to and possession of the Property. Seller is not a "Foreign Person" within the meaning of Section 1445 of the Internal Revenue Code, as amended, and Seller will deliver an affidavit to such effect to Purchaser on or before the Closing.

13. **Real Estate Commission** Seller agrees to pay to pay sole broker, SVN Stone Commercial Real Estate at the time of closing a real estate commission equal to **6%** percent of the total purchase price of the Property. The parties hereby warrant and represent that neither of them has contracted with other agents or brokers, or otherwise taken any action that would give rise to a claim by another broker or agent for a commission, and that there are no other brokers or agents involved in this transaction, and that no additional commissions are due any other such brokers or agents not specifically mentioned herein. Seller and Purchaser shall indemnify, defend and hold harmless the other from and against any claim or demand by any real estate agent for bringing about this Agreement who claims to have dealt with the indemnifying party, including all expenses incurred in defending any such claim or demand (including reasonable attorney's fees).

14. **Entire Agreement/Amendment** This Agreement includes the entire agreement between the parties hereto. Seller hereby acknowledges and agrees that neither Purchaser nor anyone acting on Purchaser's behalf has made any statement, promise or agreement or has taken upon itself any engagement whatsoever, whether verbally or in writing, in conflict with the terms of this Agreement, or

Seller's Initials _____  Purchaser's Initials *RL*

DocuSign Envelope ID: 629BF76C-9E18-46AF-B0E2-7FED9B8A4748

that in any way modifies, varies, alters, enlarges or invalidates any of the provisions hereof. This Agreement cannot be changed orally, but only by an agreement in writing signed by Seller and by an authorized representative of Purchaser.

15. **Notices** Any notice, demand or request that may be required to be given under this Agreement shall be in writing and shall be either (a) delivered in person (with a signed acceptance), or (b) sent by United States Certified Mail, postage pre-paid, return receipt required, or (c) delivered by a nationally recognized courier service that obtains an acknowledgement of receipt, and, in each such instance, such notice, demand or request shall be addressed as set forth in the heading of this Agreement, or at such other address as either party may designate by notice given in accordance with this section.

16. **Rules of Construction** (a) Time of the Essence – TIME IS OF THE ESSENCE FOR PURPOSES OF THIS AGREEMENT. (b) Drafter – The fact that this Agreement was initially drafted by one party or the other shall have no bearing in its interpretation or construction. (c) Headings – Section headings of this Agreement are for convenience only and are not to be construed as defining or limiting in any way the scope or intent of the provisions hereof. (d) Deposit – Any reference in this Agreement to Earnest Money Deposit shall include all interest accruing thereon. (e) Binding Effect – This Agreement shall extend to and be binding upon and inure to the benefit of the parties hereto, their administrators, executors, representatives, heirs, successors and assigns. (f) Counterparts – This Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, but such counterparts together shall constitute but one and the same instrument. (g) Severability – In the event any provision of this Agreement is held by any court having jurisdiction over any dispute arising hereunder to be invalid or unenforceable, then such court shall reinterpret such provision so as to carry out the intent of the parties hereto in a valid and enforceable manner, and the invalidity or unenforceability of such provision, and the remainder of this Agreement, including any reinterpretation of such provision, shall remain in full force and effect. (h) Governing Law – This Agreement shall be deemed to have been delivered to and made at Lexington, Kentucky, and the terms and provisions of this Agreement shall be interpreted in accordance with and governed by the laws of the Commonwealth of Kentucky without regard to the principles of conflicts of law.

17. **Miscellaneous Provisions:** Purchaser and or Seller may elect to treat this transaction as an exchange under IRC Section 1031 at no cost or liability to the other party. Purchaser may elect to transfer this transaction to a Corporation or Limited Liability Company.

18. **Review of Agreement** Seller represents to Purchaser that Seller has read and understands the terms of this Agreement. Purchaser represents to Seller that Purchaser has read and understands the terms of this Agreement.

Seller's Initials _____  Purchaser's Initials *RE*

Page 4 of 7

IN WITNESS WHEREOF, Purchaser respectfully submits this offer to purchase the Property on the terms, and subject to the conditions set forth in this Offer and Agreement to Purchase Real Estate.

**WITNESS:**

**PURCHASER:**

Reyes Zarate' – Radar Plumbing

By: *Reyes Zarate'*
C96DA34AE6154AF...

Title: Owner

Date: 3/11/2024                Time (A.M./P.M.)

## ACCEPTANCE

IN WITNESS WHEREOF, Seller hereby accepts Purchaser's offer to purchase the Property on the terms, and subject to the conditions, set forth in this Offer and Agreement to Purchase Real Estate.

**WITNESS:**

**SELLER(S):**

New Horizon Ventures, LLC

By:

By:

FEIN or Social Security Number

Date                Time (A.M./P.M.)

## EARNEST MONEY RECEIPT

Broker, as Seller's Listing Agency, acknowledges receipt of the Earnest Money Deposit as per Section 4 of this Offer and Agreement to Purchase Real Estate.

By:

Title:

Seller's Initials _____        Purchaser's Initials  RZ

Page 5 of 7

Date            Time (A.M./P.M.)

Seller's Initials _____      Purchaser's Initials *KE*

# **EXHIBIT A**

TO

OFFER AND AGREEMENT TO PURCHASE REAL ESTATE

Between New Horizon Ventures, LLC, as Seller,
And Reyes Zarate' , as Purchaser

Seller's Initials _____  Purchaser's Initials *RZ*

Page 7 of 7