UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* RUSSELL COLEMAN, ATTORNEY GENERAL,<br><br>Plaintiffs,<br><br>v.<br><br>IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, et al.,<br><br>Defendants. | 3:23-CV-00046-DCLC-JEM |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING

Plaintiffs, Commonwealth of Kentucky and State of Tennessee, hereby submit this Reply in support of their Motion to Strike or, in the alternative, Motion for Leave to File Supplemental Briefing ("Motion to Strike"). (Doc. No. 270). This Court should reject Mosaic's arguments in its Opposition to Plaintiffs' Motion to Strike (Doc. No. 273) ("Mosaic's Motion to Strike Response" or "Motion to Strike Response") for several reasons. First, Defendant Solar Mosaic, LLC ("Mosaic") misconstrues the basis for Plaintiffs' Motion to Strike, as Plaintiffs have not moved under Federal Rule of Civil Procedure ("FRCP") 12(f). (Doc. No. 270, Page ID # 7955). Instead, Plaintiffs request that this Court use its inherent authority to control its docket by striking Mosaic's Evidentiary Objections (Doc. No. 269) and the new arguments that it raises for the first time in its Reply in support of its Motion to Dismiss (Doc. No. 268) ("Mosaic's Reply").

Second, Mosaic incorrectly claims that its Evidentiary Objections (Doc. No. 269) ("Mosaic's Evidentiary Objections" or "Evidentiary Objections") are not precluded. (Doc. No.

1

273, Page ID # 7966). However, they are precluded because not only are they unsanctioned by this Court's procedural rules, but the Evidentiary Objections that Mosaic filed in Support of its Reply also run afoul of this Court's Order's limiting Mosaic's Reply to 20 pages (Doc. No. 239 ¶ 7 and Doc. No. 240). Mosaic's Evidentiary Objections should be stricken. Even if they are not stricken, Plaintiffs should get an opportunity to respond to Mosaic's one-sided evidentiary arguments.

Third, Mosaic incorrectly argues that Plaintiffs improperly offered "new" evidence in support of their Opposition to Mosaic's Motion to Dismiss (Doc. No. 261) ("Plaintiffs' Opposition" or "Opposition") under FRCP 12(b)(6). In fact, Plaintiffs properly offered the Declarations of Stacey Monks (Doc. No. 261-1) and Robert Anderson (Doc. No. 261-2) and Mosaic's Complaint Spreadsheet (Doc. No. 261-3) in support of their FRCP 12(b)(2) and (3) arguments.

Fourth, contrary to Mosaic's assertions in its Motion to Strike Response, Mosaic did raise new arguments for the first time in its Reply in support of its Motion to Dismiss (Doc. No. 268) and these arguments were not responding to arguments Plaintiffs advanced in their Opposition. Fairness dictates that Mosaic's new arguments regarding this Court's subpoena power and damages under the Kentucky Home Solicitation Sales Act ("KHSSA") should either be stricken, or Plaintiffs should be given an opportunity to file a supplemental brief in response.

I.     ARGUMENT

**1. Mosaic misconstrues the basis for Plaintiffs' Motion to Strike.**

Plaintiffs are not moving under FRCP 12(f). Instead, Plaintiffs raised this Court's "inherent authority to strike material from its docket for lack of compliance with court rules" in their Motion to Strike. (Doc. 270, Page ID # 7955); *see Doe #1 v. Am. Fed'n of Gov't Emps.*, No. CV 20-1558 (JDB), 2022 WL 4182223, at *14 (D.D.C. Sept. 13, 2022); *see also Hlfip Holding, Inc. v.*

*Rutherford Cnty., Tennessee*, No. 3:19-CV-00714, 2020 WL 6484254, at *2 (M.D. Tenn. Sept. 13, 2020). Thus, Mosaic's arguments regarding FRCP 12(f) are irrelevant to the disposition of Plaintiffs' Motion.

**2. Mosaic's Evidentiary Objections are precluded by this Court's Orders.**

This Court set a 20-page limit for Mosaic's Reply in Support of its Motion to Dismiss. (Doc. No. 239 ¶ 7 and Doc. No. 240). Together with Mosaic's Evidentiary Objections, Mosaic's Reply for its Motion to Dismiss was actually 30 pages, excluding Mosaic's signature pages, Table, and Exhibits. (Doc. Nos. 268-269). This Court should reject Mosaic's attempts to obfuscate its circumvention of this Court's page limits for its Reply and strike Mosaic's Evidentiary Objections.

Even if this Court decides to consider Mosaic's Evidentiary Objections, the Court should not permit Mosaic to have a one-sided argument on the consideration of Plaintiffs' evidence and should instead allow Plaintiffs to respond to Mosaic's evidentiary arguments. In its Motion to Strike Response, Mosaic references the Western District of Tennessee's Local Rule 56.1(e), which provides a procedural mechanism for evidentiary objections. (Doc. No. 273, Page ID #: 7970). Notably, the Western District of Tennessee's local rule goes on to afford parties presenting evidence the opportunity to respond to an opponent's objections. The local rules state:

> [i]f any objection to evidentiary materials is raised for the first time in the reply memorandum, the party opposing such objection(s), within 7 days of service of such reply memorandum, may file a sur-reply of not more than 4 pages that only responds to the evidentiary objection(s) raised in the reply memorandum.

W.D. Tenn. LR 56.1(e). If this Court is inclined to consider Mosaic's Evidentiary Objections, then Plaintiffs respectfully request that they be given leave to respond to them.[1]

---

[1] Plaintiffs acknowledge that the Western District of Tennessee's Local Rule 56.1(e) generally provides a suitable framework for Plaintiffs to respond to Mosaic's Evidentiary Objections and ask this Court to grant them seven days from the date the order is issued to file a response to Mosaic's

3. **Plaintiffs properly offered evidence in support of their Opposition to Mosaic's Motion to Dismiss under FRCP 12(b)(2) and (3).**

In an attempt to justify filing its Evidentiary Objections, Mosaic argues that Plaintiffs improperly offered "new" evidence in their Opposition to Mosaic's Motion to Dismiss under FRCP 12(b)(6). (Doc. No. 273, Page ID #: 7970). However, Plaintiffs did not offer the Declarations of Stacey Monks (Doc. No. 261-1) and Robert Anderson (Doc. No. 261-2) or Mosaic's Complaint Spreadsheet (Doc. No. 261-3) in support of their Opposition under FRCP 12(b)(6). Instead, this evidence was properly offered in support of Plaintiffs' Opposition under FRCP 12(b)(2) and (3). *See, e.g.*, *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (explaining procedure for responding to motions under FRCP 12(b)(2) and the weight given to affidavits and other evidence offered by a plaintiff); *Gone to the Beach, LLC v. Choicepoint Serv., Inc.*, 434 F.Supp.2d 534, 537 (W.D. Tenn. 2006) (explaining that a court may consider facts outside of a complaint when deciding motions under FRCP 12(b)(3)).

For example, in its Motion to Strike Response, Mosaic cites the following from Plaintiffs' Opposition:

> [a]s demonstrated by Exhibit 3, Mosaic typically chose to believe Solar Titan over consumers and did not follow up to ensure that Solar Titan remedied any issues, *e.g.*, closing a case based solely on Solar Titan's representation that it would contact a consumer.

(Doc. No. 273, Page ID #: 7970-7971 (quoting Doc. No. 261, Page ID #: 7636)). However, that quote appears in the section of Plaintiffs' Opposition discussing why it is appropriate for this Court to exercise personal jurisdiction over Mosaic. (*Id.*). Specifically, the quote appears under the

---

Evidentiary Objections. Plaintiffs request that if a response is permitted, they be allowed to file at least a nine-page memorandum addressing Mosaic's nine pages of evidentiary arguments. Alternatively, Plaintiffs suggest that the Court order Mosaic to provide Plaintiffs with an editable copy of its Evidentiary Objections so that Plaintiffs can insert their response to each of Mosaic's evidentiary arguments and file that response within seven days of the Court issuing the order.

heading, "The Commonwealth's claims relate to Mosaic's activities in Tennessee." (Doc. No. 261, Page ID #: 7634). In fact, all Plaintiffs' citations to the Monks and Anderson Declarations and Mosaic's Complaint Spreadsheet are cited in the sections of Plaintiffs' Opposition explaining why this Court has personal jurisdiction over the Commonwealth's claims and why this Court is the proper venue for these claims. (*Id.* at Page ID #: 7633, 7635-7636, 7639).

**4. Mosaic raised new arguments for the first time on reply.**

"It is well-settled that a movant cannot raise new issues for the first time in a reply brief because consideration of such issues 'deprives the non-moving party of its opportunity to address the new arguments.'" *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012) (quoting *Cooper v. Shelby Cnty.*, No. 07–2283–STA–cgc, 2010 WL 3211677, at *3, n. 14 (W.D. Tenn. Aug. 10, 2010)); *see also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (explaining that issues raised for first time on reply are treated as waived). "Further, the purpose of providing the non-moving party an opportunity to respond to a [motion] would be undermined if the parties were not able to respond to new arguments and evidence raised in the reply brief." *Brown v. Genworth Life & Annuity Ins. Co.*, No. 3:18-CV-506, 2020 WL 7049880, at *3 (E.D. Tenn. May 12, 2020).[2]

Although Plaintiffs' Opposition referenced the location of witnesses (*See* Doc. No. 261, Page ID #: 7639-7640), neither Mosaic's Memorandum in support of its Motion to Dismiss (Doc. No. 250) nor Plaintiffs' Opposition addressed the scope of this Court's subpoena power. Mosaic

---

[2] *Brown* specifically addressed the issue of new arguments being raised on reply in the context of motions for summary judgment; however, Plaintiffs respectfully submit that the principles of fairness articulated therein are analogous to the instant matter.

argues for the first time on Reply, based on a flawed interpretation of FRCP 45, that witnesses who live in Kentucky "fall outside this Court's subpoena power." (Doc. No. 268, Page ID #: 7893).[3]

Mosaic also contends that it was permitted to raise the issue of an individualized damages calculation under the KHSSA because of the following statement in Plaintiffs' Opposition: "The hypothetical possibility of individualized evaluations of damages is not unusual in mass consumer suits—and it certainly is not a bar to litigation." (Doc. No. 273, Page ID #: 7972 (quoting Doc. No. 261, Page ID #: 7663)). However, this statement was contained in the section of Plaintiffs' Opposition relating to the Tennessee Home Solicitation Sales Act ("THSSA"). (See Doc. No. 261, Page ID #: 7662-7663). Neither Mosaic's Memorandum in support of its Motion to Dismiss nor Plaintiffs' Opposition addressed whether an individualized damages calculation was required under the KHSSA. (See Doc. No. 250, Page ID #: 7457, Doc. No. 261, Page ID #: 7664).

As a matter of "litigation fairness and procedure," the arguments that Mosaic raises for the first time on reply regarding the scope of this Court's subpoena power and calculation of damages under the KHSSA should either be stricken or Plaintiffs should be granted leave to file supplemental briefing in response. See JPMorgan, 860 F. Supp. 2d at 577; see also Brown, 2020 WL 7049880 at *3.

## II. CONCLUSION

Mosaic filed procedurally improper Evidentiary Objections and raised new arguments for the first time on reply that did not directly respond to Plaintiffs' arguments in their Opposition. For

---

[3] If this Court grants Plaintiffs leave to file a response to Mosaic's newly raised arguments about this Court's subpoena power, Plaintiffs will be able to more fully explain why Kentucky residents are not beyond this Court's subpoena power. See, e.g., FRCP 45(b)(2) (permitting service of a subpoena anywhere in the United States) and (c)(1) (allowing subpoenas to be issued for trial, hearings, or depositions provided that the location of the proceeding is within 100 miles of where the person resides, is employed, or regularly transacts business in person).

the reasons stated herein, Plaintiffs respectfully request that this Court either strike Mosaic's Evidentiary Objections and new arguments or grant Plaintiffs leave to file supplemental briefing in response to Mosaic's Evidentiary Objections and newly raised arguments.

Respectfully submitted,

OFFICE OF TENNESSEE ATTORNEY GENERAL

BY: /s/ *Alicia Daniels-Hill*
Alicia Daniels-Hill
(TN BPR # 040672)
Kelly Walker
(TN BPR # 039554)
Rainey Lankford
(TN BPR # 036854)
P.O. Box 20207
Nashville, Tennessee
615-253-3819 (Daniels-Hill)
615-741-5857 (Walker)
615-253-5808 (Lankford)
alicia.daniels-hill@ag.tn.gov
kelly.walker@ag.tn.gov
*State of Tennessee*

OFFICE OF KENTUCKY ATTORNEY GENERAL

BY: /s/ *Paul Fata*
Paul Fata
(Admitted *Pro Hac Vice*,
KY Bar # 99528)
Lyndsey Antos
(Admitted *Pro Hac Vice*;
KY Bar # 99971)
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
502-696-5578 (Fata)
502-696-5641 (Antos)
paul.fata@ky.gov
lyndsey.antos@ky.gov
*Commonwealth of Kentucky*

**CERTIFICATE OF SERVICE**

I do certify that on May 9, 2024 the foregoing document has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

BY: /s/ *Paul Fata*
Attorney for Plaintiff
COMMONWEALTH OF KENTUCKY