UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL,<br><br>Plaintiffs,<br><br>v.<br><br>IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, *et al.*,<br><br>Defendants. | 3:23-CV-00046-DCLC-JEM |

## ORDER

The Court previously authorized the Receiver in this action to sell certain real property located at 121 Industry Road, Richmond, KY 40475 (the "Subject Property") for $665,000.00 (Doc. No. 169, pg. 3). Although the sale was unlikely to result in a return for the Receivership Estate after the lien payoff and payment of real estate commission fees, the Court found that the sale would be in the best interests of the estate because it would allow the Receiver to dispose of an asset that has no value to the receivership and would prevent the accumulation of unpaid mortgage fees and other expenses associated with the property (*Id.*).

Before the closing of the sale, however, the buyer uncovered an easement that was not disclosed at the time the property was listed by the Receivership Defendant Ideal Horizon Benefits, LLC ("Solar Titan") and which reduced the value of the property (Doc. No. 197, ¶¶ 6, 7). Thus, the buyer reduced the offer to $650,000.00 (*Id.* at ¶ 7). On July 7, 2023, this Court authorized the Receiver to sell the Subject Property for $650,000.00 (Doc. No. 202).

On March 28, 2024, First Horizon Bank ("First Horizon") filed a Motion to Intervene and for a Declaration that Certain Real Property Is Not Subject to the Receiver's Jurisdiction and/or for Relief from the Asset Freeze ("Motion to Intervene") (Doc. No. 265). First Horizon filed its Motion to Intervene asking the Court to modify the asset freeze because neither the title company overseeing the transaction nor the buyer's lender will allow the sale of the Subject Property to go forward unless Richard Atnip ("Atnip") and New Horizon Ventures sell the Subject Property. The Parties have submitted a Joint Stipulation stating that Atnip and New Horizon Ventures have authority to sell the Subject Property and that the sale is in the best interest of the Receivership Estate.

Therefore, Atnip and New Horizon Ventures are authorized to sell the Subject Property for $650,000.00 with the proceeds to be distributed as outlined in the Joint Stipulation filed concurrently herewith. First Horizon's Motion to Intervene is **DENIED** as moot and the Court makes no finding as to the factual or legal issues presented therein, other than the determinations made in this Order.

**SO ORDERED:**

_/s/ Clifton L. Corker_
United States District Judge
CLIFTON L. CORKER