UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TENNESSEE, *ex rel.* JOHNATHAN SKRMETTTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex. rel.* DANIEL CAMERON, ATTORNEY GENERAL, <br><br> Plaintiffs, <br><br> v. <br><br> IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, *et. al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:23-CV-00046-DCLC-JEM |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Strike or, in the Alternative, Motion for Leave to File Supplemental Brief [Doc. 270]. Defendant Solar Mosaic LLC ("Mosaic") filed a response in opposition to the motion [Doc. 273], and Plaintiffs filed a reply [Doc. 275]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** the motion [**Doc. 270**].

I. **BACKGROUND**

On January 29, 2024, Defendant Mosaic filed a Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim ("Motion to Dismiss") [Doc. 249]. Plaintiffs filed a response in opposition ("Opposition") on March 14, 2024 [Doc. 261]. In support of their Opposition, Plaintiffs filed the Declaration of Stacey Monks

[Doc. 261-1], the Declaration of Robert Anderson [Doc. 261-2], and Mosaic Complaint Spreadsheet ("Exhibit 3") [Doc. 261-3]. On April 4, 2024, Defendant Mosaic filed its reply in support of its Motion to Dismiss ("Reply") [Doc. 268]. On the same day, Defendant Mosaic filed Evidentiary Objections to the Declarations of Stacey Monks and Robert Anderson in Support of Plaintiffs' Opposition to Motion to Dismiss ("Evidentiary Objections") [Doc. 269]. Defendant Mosaic's Evidentiary Objections challenge the declarations [Docs. 261-1, 261-2] and Exhibit 3 [Doc. 261-3] that Plaintiffs filed with their Opposition.

Plaintiffs now move to strike Defendant Mosaic's Evidentiary Objections and the purported new arguments that Defendant Mosaic made in its Reply pursuant to the Court's inherent authority [Doc. 270]. They assert that the Evidentiary Objections are "not a filing recognized by this Court and allowing [Defendant] Mosaic to file the [Evidentiary] Objection[s] would allow it to circumvent the '20-page maximum for its reply'" [*Id*. at 2 (citing Doc. 239 ¶ 7 and Doc. 240)]. Defendant Mosaic's Evidentiary Objections, Plaintiffs contend, should have been incorporated in its Reply under Local Rule 7.1(c) [*Id*. (citation omitted)]. In the alternative, Plaintiffs seek leave to file a response to the Evidentiary Objections, and they seek guidance from the Court regarding the preferred form because "[Defendant] Mosaic's Evidentiary Objection[s] appear[] to be based on a standard form utilized by some courts" [*Id*. at 3]. In addition, Plaintiffs argue that Defendant Mosaic raised new arguments in its Reply, which the Court should strike, or in the alternative, the Court should give Plaintiffs leave to file a response [*Id*. at 4–5].

Defendant Mosaic filed a response in opposition to the motion [Doc. 273].[1] It denies that its Evidentiary Objections violate the Local Rules and states that Local Rule 7.1(c) is not applicable

---

[1] Defendant Mosaic asserts that Plaintiffs' motion is procedurally improper because Rule 12(f) of the Federal Rules of Civil Procedure pertains only to pleadings [Doc. 273 p. 3]. Despite this acknowledgment, Defendant Mosaic relies on cases adjudicating Rule 12(f) motions

[*Id*. at 5–6]. Calling the declarations and Exhibit 3 "improper," Defendant Mosaic asserts that its Evidentiary Objections were necessary [*Id*. at 6–7]. Defendant Mosaic denies that it raised new arguments in its Reply and argues that Plaintiffs are not entitled to file a supplemental brief [*Id*. at 7–8].

Plaintiffs reply that "[t]he Court should reject [Defendant's] attempts to obfuscate its circumvention of this Court's page limits for its Reply and strike [Defendant] Mosaic's Evidentiary Objections" [Doc. 275 p. 3]. To the extent the Court considers the Evidentiary Objections, Plaintiffs request an opportunity to respond and states that the declarations and Exhibit 3 are proper [*Id*. at 4–5]. They reiterate that the Reply raises new arguments and that they should be provided an opportunity to respond if the Court declines to strike them [*Id*. at 5–6].

## II. ANALYSIS

The Court declines to strike Defendant Mosaic's Evidentiary Objections or the new arguments Defendant Mosaic raises in its Reply, but the Court will allow Plaintiffs to file a response as requested.

### A. Plaintiffs' Request to Strike Defendant Mosaic's Evidentiary Objections

A court has "inherent authority to strike material from its docket for lack of compliance with court rules." *Doe #1 v. Am. Fed'n of Gov't Emps.*, No. CV 20-1558, 2022 WL 4182223, at *14 (D.D.C. Sept. 13, 2022) (collecting cases). Courts have this inherent authority "as part of managing their dockets[,]" and they are permitted to "strike improperly-filed matters and other items." *Wohadlo v. Tentcraft Inc.*, No. 1:18-CV-1442, 2021 WL 2383844, at *5 (W.D. Mich. Apr. 20, 2021) (citations omitted), *report and recommendation adopted*, No. 1:18-CV-1442,

---

[*See id*. at 4–5]. In any event, Plaintiffs do not cite to Rule 12(f) in their motion [*See* Doc. 270; *see also* Doc. 275 p. 2]. The Court therefore does not address Rule 12(f).

2021 WL 1997020 (W.D. Mich. May 19, 2021); *see also Hlfip Holding, Inc. v. Rutherford Cnty.*, No. 3:19-CV-00714, 2020 WL 6484254, at *2 (M.D. Tenn. Sept. 13, 2020) (stating that courts have the inherent authority to strike filings that are "otherwise improper under the circumstances" (citation omitted)).

Local Rule 7.1(a) provides for an opening brief, an answering brief, and a reply brief. E.D. Tenn. L.R. 7.1(a). In addition, Local Rule 7.1(b) states that briefs must be 25 pages "unless otherwise ordered by the Court." E.D. Tenn. L.R. 7.1(b). On December 1, 2023, the parties stipulated that Defendant Mosaic could have 20 pages for its reply brief to its motion to dismiss, and the Court adopted the parties' stipulation [Doc. 240]. Plaintiffs assert that Defendant Mosaic's filing of the Evidentiary Objections is an attempt to circumvent the parties' agreement, but Defendant Mosaic responds that it did not file the Evidentiary Objections as a reply brief as contemplated by Rule 7.1(c) and that "the absence of a local rule pertaining to evidentiary objections does not foreclose them" [Doc. 273 p. 6 (footnote omitted)].

Local Rule 7.1(d) states, "No additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the Court." E.D. Tenn. L.R. 7.1(d). Given that Defendant Mosaic insists that the Evidentiary Objections should not be considered a reply brief, and given that it did not seek prior approval from the Court before filing, its Evidentiary Objections are improper. *See id*.

Defendant Mosaic asserts that its Evidentiary Objections are necessary because Plaintiffs offer "new and improper evidence[,]" they rely on Exhibit 3 in an attempt to assert new allegations, and they misleadingly rely on the declarations [Doc. 273 pp. 6–7]. Plaintiffs respond that they offered the evidence as part of their arguments under Rule 12(b)(2) and (3) and not Rule 12(b)(6) and that the evidence explains "why the Court has personal jurisdiction" [Doc. 275 p. 5].

4

The Court has reviewed Defendant Mosaic's Evidentiary Objections and, without making any findings on the merits of the Evidentiary Objections, finds that they may be helpful to the District Judge in rendering a decision on the Motion to Dismiss. The Court therefore declines to strike Defendant Mosaic's Evidentiary Objections. *See SmartBank v. Cartron*, No. 4:19-CV-00062, 2020 WL 1897168, at *4 (E.D. Tenn. Apr. 16, 2020) ("The Court has broad discretion to overlook violations of its local rules."). The Court, however, **ADMONISHES** Defendant Mosaic that future filings that do not comply with the Local Rules are subject to being struck from the record.

Plaintiffs seek leave to file a response to Defendant Mosaic's Evidentiary Objections. Defendant Mosaic does not respond to this request. *AK v. Behav. Health Sys., Inc.*, 382 F. Supp. 3d 772, 774 (M.D. Tenn. 2019) (stating that under case law, "when a party fails to respond to an argument, that argument is generally deemed to be unopposed and the proposition conceded"). Even so, the Court finds Plaintiffs' request well taken. Plaintiffs **SHALL** file their response within **seven days** of entry of this Order.[2]

### B. Plaintiffs' Request to Strike New Arguments Raised in the Reply

The parties dispute whether Defendant Mosaic raised new arguments in its Reply. In the Opposition, Plaintiffs argue that venue is appropriate because the witnesses reside in this District [Doc. 261 p. 23]. Defendant Mosaic's Reply states that key witnesses "live in Kentucky and fall outside the Court's subpoena power" [Doc. 268 p. 10]. Also in their Opposition, Plaintiffs argue that under the Tennessee Home Solicitation Sales Act ("THSSA"), even if Defendant Mosaic was entitled to an offset for each solar panel that was installed, "individual evaluations of damages" do

---

[2] Defendant Mosaic shall provide Plaintiffs with an editable copy of its Evidentiary Objections so that Plaintiffs can insert their response [*See* Doc. 275 pp. 3–4 n.1].

5

not bar the litigation [Doc. 261 p. 47]. Specifically, they claim, "The hypothetical possibility of individualized evaluations of damages is not unusual in mass consumer suits—and it certainly is not a bar to litigation" [*Id.*]. In its Reply, Defendant Mosaic argues that "Plaintiffs fail to rebut that individualized liability and damage considerations make broad relief under THSSA and KHSSA impracticable in this case" [Doc. 268 p. 27]. Defendant Mosaic asserts that its Reply comports with Local Rule 7.1(c) [Doc. 273 p. 7], but Plaintiffs claim their Opposition did not reference Defendant Mosaic's arguments in its Reply regarding the subpoena power and individualized liability under the Kentucky Home Solicitation Sales Act ("KHSSA") [Doc. 275 pp. 5–6].

Local Rule 7.1(c) states, "A reply brief shall not be used to reargue the points and authorities included in the opening brief, but shall directly reply to the points and authorities contained in the answering brief." E.D. Tenn. L.R. 7.1(c). "It is well-settled that a movant cannot raise new issues for the first time in a reply brief because consideration of such issues 'deprives the non-moving party of its opportunity to address the new arguments.'" *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012) (quoting *Cooper v. Shelby Cnty.*, No. 07–2283, 2010 WL 3211677, at *3 n.14 (W.D. Tenn. Aug. 10, 2010)). The purpose of the briefing schedule it so that the parties have an opportunity to address all arguments and evidence. *Brown v. Genworth Life & Annuity Ins. Co.*, No. 3:18-CV-506, 2020 WL 7049880, at *3 (E.D. Tenn. May 12, 2020).

Although the parties argue about venue in the Motion to Dismiss and the Opposition, they did not do so in the context of subpoena power. Similarly, "Neither [Defendant] Mosaic's Memorandum in Support of its Motion to Dismiss [Doc. 250] nor Plaintiffs' Opposition addressed whether an individualized damages calculation was required under the KHSSA" [Doc. 275 p. 5].[3]

---

[3] Defendant's Memorandum of Law in Support of its Motion to Dismiss argues that "enforcement through this lawsuit is inappropriate because Plaintiffs do not represent individual consumers and this Court is not able to undertake the individualized analysis necessary to establish

6

In exercising its discretion, the Court declines to strike these arguments, but it will allow Plaintiffs to file a supplemental brief to address the newly-raised issues. *See Crenshaw v. Portfolio Recovery Assocs., LLC*, 433 F. Supp. 3d 1057, 1063 (W.D. Ky. 2020) (explaining that the court in an exercise of its discretion, may grant leave to file a sur-reply "'where the movant raises new arguments in its reply brief'" (quoting *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008)). Plaintiffs **SHALL** file a three-page supplemental brief within **seven days** of entry of this Order.

### III. CONCLUSION

For the reasons explained above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion to Strike or, in the Alternative, Motion for Leave to File Supplemental Brief [**Doc. 270**].

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

damages under the THSSA" [Doc. 250 p. 72]. Defendant Mosaic does not make the same argument with respect to the KHSSA [*See id.* at 73].