UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIELS CAMERON, ATTORNEY GENERAL | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 3:23-CV-00046-DCLC-JEM |
| Plaintiffs, | | |
| vs. | | |
| IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, *et al.* | | |
| Defendants. | | |

## AMENDED NOTICE OF RULE 26(f) CONFERENCE AND REQUEST FOR SCHEDULING CONFERENCE

This Notice is provided to advise the Court that on April 20, 2023 at 11:00 AM EST, counsel for the Parties to the above-captioned case conferred via videoconference pursuant to Local Rule 16.1, Fed. R. Civ. 16(b), and Fed. R. Civ. P. 26(f). At this conference, the Parties discussed: the nature and basis of their claims and defenses; the possibility of a prompt settlement or resolution of the case; initial disclosures as provided by Fed. R. Civ. P. 26(a)(1); expert disclosures as provided by Fed. R. Civ. P. 26(a)(2); and a proposed discovery plan concerning all matters in sub-paragraphs (1) through (4) of Rule 26(f). Subsequently, the parties continued discussions about proposed scheduling deadlines.

Although the Parties were able to formulate an agreeable discovery plan, they could not resolve every issue that needed to be covered in this Court's preferred scheduling order. Specifically, counsel for Defendants Richard Atnip and Craig Kelley have requested that parties

4

delay beginning discovery until after this Court has ruled on their September 23, 2024, Motion to Modify the Asset Freeze. Thus, the Parties, other than Defendants Kelly and Atnip who request relief regarding their attorneys' payment, respectfully request that this Court hold a scheduling conference to determine the terms of a final case management plan. The discovery/case management terms agreed upon by the Parties are as follows:

## I. DISCOVERY SCHEDULE

### A. INITIAL DISCLOSURES

The Parties agree to provide initial disclosures as required by Fed. R. Civ. P. 26(a) with the stipulation that such disclosures shall be made within thirty (30) days from entry of the scheduling order.

### B. WRITTEN AND FACT WITNESS DISCOVERY

The Parties agree that written and fact witness discovery shall commence upon entry of the Court's scheduling order. The Parties shall complete all written discovery and depose all fact witnesses within two hundred and seventy (270) days of the initiation of written and fact witness discovery. Discovery is not stayed during dispositive motions. All discovery shall conform to the requirements set forth by the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Tennessee.

### C. EXPERT DISCOVERY AND *DAUBERT* MOTIONS

The Parties agree that initial expert disclosures and reports for any expert witness whose testimony a Party intends to rely upon to support a claim or defense on which the Party bears the burden of proof shall be provided no later than thirty (30) days from the close of written and fact discovery. Disclosures and reports for rebuttal experts shall be provided no later than seventy-five (75) days from the close of written and fact discovery. Disclosures and reports for replies to

5

rebuttal experts shall be provided no later than ninety-five (95) days from the close of written and fact discovery. Following the disclosure of all such experts and reports, the parties shall have one hundred and twenty (120) days to conduct discovery of those experts. Daubert motions shall be filed no later than ninety (90) days before the date of the trial.

### D.     MOTIONS TO COMPEL

The Parties agree that motions to compel should be filed as a last resort and should be filed only after the disputing Parties have conferred in good faith. In any case, motions to compel, except those relating to expert discovery, shall be filed no later than thirty (30) days from the close of written and fact witness discovery. Motions to compel related to expert discovery shall be filed no later than thirty (30) days from the close of expert discovery.

## II.     CASE RESOLUTION AND ALTERNATIVE DISPUTE RESOLUTION

The Parties are amenable to the prospect of settlement and the possible benefit of ADR. The Parties shall develop a plan for the resolution of the case that includes at least two independent attempts to resolve the case. However, at this time, the Parties believe that it would be beneficial to resolve pending procedural matters, including motions related to the intervention of third parties, and conduct some initial discovery before setting a date for the first settlement conference. The Parties agree to meet and confer no later than one hundred and twenty (120) days from the date of entry of the scheduling order to discuss the timing of the first settlement conference. The Parties will then advise the Court as to whether they were able to agree on a date for a settlement conference.

At the conclusion of the first settlement conference, the Parties shall submit a joint report to advise the Court that the Parties made a good faith effort to resolve the case within fourteen (14) days. This joint report shall also state whether the Parties request referral of the case for ADR. In

any case, any request for ADR by one or more of the Parties shall be filed no later than sixty (60) days in advance of the deadline for filing dispositive motions.

### III. DISPOSITIVE MOTIONS

The Parties agree that dispositive motions shall be filed no later than one hundred and fifty (150) days before the date of the trial.

### IV. TRIAL DATE AND LENGTH

The Parties are amenable to a trial start date that fits the Court's schedule and is consistent with the timelines agreed upon by the Parties. The Parties agree that the estimated time for completion of a trial is ten (10) business days.

### REQUEST FOR SCHEDULING CONFERENCE

Based on the foregoing, the Plaintiffs respectfully request that this Court hold a scheduling conference and, after the scheduling conference, enter a scheduling order consistent with the timelines agreed upon by the Parties.

| | |
|---|---|
| DATED: January 24, 2025 | Respectfully submitted, |
| /s/ Alicia Daniels-Hill | /s/ Paul Fata |
| ALICIA DANIELS-HILL, TN BPR No. 040672<br>KELLY WALKER, TN BPR No. 039554<br>RAINEY LANKFORD, TN BPR No. 036854 | PAUL FATA, KY Bar No. 99528<br>LYNDSEY ANTOS, KY Bar No. 99971 |
| OFFICE OF THE TENNESSEE ATTORNEY GENERAL<br>P.O. Box 20207<br>Nashville, Tennessee 37202 | OFFICE OF THE KENTUCKY ATTORNEY GENERAL<br>1024 Capital Center Drive, Suite 200<br>Frankfort, Kentucky 40601 |
| Attorneys for Plaintiff<br>STATE OF TENNESSEE | Attorneys for Plaintiff<br>COMMONWEALTH OF KENTUCKY |

**CERTIFICATE OF SERVICE**

I hereby certify that on Tuesday, January 24, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated in the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Alicia Daniels-Hill

Attorney for Plaintiff
STATE OF TENNESSEE