UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL,<br><br>Plaintiffs,<br><br>v.<br><br>IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, et al.,<br><br>Defendants. | 3:23-CV-00046-DCLC-JEM |

**DEFENDANTS' JOINT MOTION TO STAY DISCOVERY OR ALTERNATIVELY, MOTION TO MODIFY THE SCHEDULING ORDER**

Defendants Craig Kelley ("Kelley") and Michael Atnip ("Atnip") (collectively, "Defendants"), by and through their respective undersigned counsel, jointly move this Court for an Order to stay discovery or alternatively, modify the Scheduling Order [Doc. No. 323]. For the reasons set forth below, Defendants request that this Court either issue an order staying all discovery until such time as the Court has ruled on the Motions to Withdraw [Doc. Nos. 327 and 331] and/or vacate the scheduling Order in place [Doc. No. 323] to allow time to coordinate open issues such as the exiting of legal counsel, the release of funds to the Defendants, and other open topics that are materially hampering the ability of the Defendants to defend against the claims in this case. As a reminder, this case has been pending since February 6, 2023.

On September 23, 2024, Defendants filed a Joint Motion to Modify the Asset Freeze, which was objected to by Plaintiffs, and remains pending [Doc. No. 289]. The issue of non-payment of

1

legal fees was raised by Kelley's counsel via the telephonic status conference which took place on January 30, 2025.

On March 19, 2025, Attorney Killian filed a Motion to Withdraw as counsel for Atnip [Doc. No. 319]. Then, on April 8, 2025, the law firm of Wright, Cortesi and Gilbreath ("WCG") transmitted a proposed Motion to Withdraw to Kelley pursuant to E. D. Tenn. L.R. 83.4, which requires 14 days' notice prior to filing the same.

On April 14, 2025, Kelley advised WCG that he would consent to the withdrawal and as such, WCG filed its updated Motion to Withdraw on April 15, 2025 [Doc. No. 331].

The primary reason for the need to withdraw by all counsel is the lack of payment of legal bills, notwithstanding requests for the payment of same from the estate's value and the pending Motion to Modify the Asset Freeze to allow for the same [Doc. No. 289].

Since Attorney Killian filed his Motion to Withdraw on March 19, 2025 and Kelley's counsel served its draft motion to withdraw upon Kelley, and after business hours on Friday, April 11, 2025, Plaintiff's counsel served discovery requests upon Defendants. Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, the discovery included interrogatories, admissions, and document production.

On April 14, 2025, counsel for Kelley emailed all counsel requesting an extension of time to respond to the discovery and identified that the proposed Motion to Withdraw was served on Kelley on April 8, 2025. A 90-day extension was requested, which would have allowed Kelley time to secure new counsel who could then respond to the discovery. Instead of a 90-day extension, Plaintiffs' counsel offered a 60-day extension. Although appreciated, this courtesy does not resolve the current conflict.

Recall that the preliminary injunction occurred on February 27, 2023, over two years ago, and now, for the first time, Plaintiffs have chosen to serve discovery upon the Defendants. Regardless of the reasons therefore, there is no urgency now that did not otherwise exist when the complaint was filed.

The problem now exists that the State of Tennessee and the Commonwealth of Kentucky have effectively prejudged the fault of the individual Defendants, tied up personal funds thus precluding the individual Defendants from paying their legal bills, and now have waited two years to serve discovery thus confounding the issues and potential harm upon the individual Defendants.

Given the short window with the crossover of the anticipated Motion to Withdraw and the timing of the discovery requests (even with the extension), due process becomes problematic.

The individual Defendants are caught in a classic catch-22. They lack the funds to continue to retain legal counsel, necessitating counsel's withdrawal, yet Plaintiffs insist that they respond to discovery requests. Without counsel, they cannot adequately respond and face further legal jeopardy.

This untenable situation underscores the need to stay this case and all discovery so as to permit the Defendants a fair opportunity to secure replacement counsel and give said counsel adequate time to respond.

This case has been pending since February 2023, and these discovery requests are the Plaintiffs' first requests since filing the case approximately two years ago. Moreover, this court likely recalls that prior to the filing of the Complaint, the Plaintiffs collected over ten (10) declarations which they filed with their complaint. They have had ample time to prepare and serve their discovery. The relief requested herein will not prejudice Plaintiffs' position in this case.

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 12(b)(6). "With good reason, district courts ordinarily enjoy broad discretion in matters of pretrial management, scheduling, and docket control." *Dunlap v. Sevier Cty.*, No. 20-6216, 2021 U.S. App. LEXIS 21961, *9 (6th Cir. July 23, 2021 (citation omitted).

Here, the Defendants were either served with WCG's Motion to Withdraw or received Attorney Killian's filed Motion to Withdraw prior to Plaintiffs serving discovery and as they lack funds to continue to retain legal counsel, they may also be hampered in the engagement of new legal counsel. In light of the current circumstances, good cause exists for the Court to modify the scheduling order, allowing the Defendants a fair opportunity to secure replacement counsel and give said counsel adequate time to respond to discovery.

WHEREFORE, the undersigned counsel respectfully requests the following:

A. An order staying this proceeding until WCG's Motion to Withdraw has been heard and ruled on by this court;

B. An order vacating the Scheduling Order [Doc. No. 323] until such time as new legal counsel has been retained; and

C. Other relief in which the Court deems just and proper.

Dated this 17th day of April 2025.

Respectfully submitted,

| **WRIGHT, CORTESI & GILBREATH** | **DARROW EVERETT LLP** |
|---|---|
| /s/ *Stephan R. Wright* | /s/ *Samuel C. Blink* |
| Stephan R. Wright, TN BPR 031494 | Samuel C. Blink (#036400) |
| Charles W. Gilbreath II BPR 033644 | Fifth Third Center |
| 2030 Hamilton Place Blvd., Suite 240 | 424 Church Street, Suite 2000 |
| Chattanooga, TN 37421 | Nashville, TN 37219 |
| Telephone: (423) 826-6919 | Telephone: (615) 651-7386 |
| Facsimile: (423) 826-6929 | Email: sblink@darroweverett.com |
| Email: swright@wcglegal.com | |
| cgilbreath@wcglegal.com | /s/ *William C. Killian* |
| *Attorneys for Craig Kelley* | William C. Killian (#002425) |
| | 420 Fraser Ave. |
| | Chattanooga, TN 37405 |
| | Telephone: (423) 708-7685 |
| | Email: bill@billkillianlaw.com |
| | *Attorneys for Richard Michael Atnip* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of April 2025, the foregoing document has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. Additional copies were mailed to:

                        BY: */s/ Stephan R. Wright*
                              Stephan R. Wright
                              *Attorney for Craig Kelley*