UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL, <br><br> Plaintiffs, <br><br> v. <br><br> IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) No. 3:23-CV-46-DCLC-JEM ) ) ) ) ) ) |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion to Withdraw as Counsel for Defendant Craig Kelley [Doc. 331], filed by Attorneys Stephan Wright and Charles Gilbreath II ("Movants") of the firm Wright, Cortesi & Gilbreath. Plaintiffs filed a limited opposition to the motion [Doc. 336]. Movants did not file a reply. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the motion [**Doc. 331**].

I.  **BACKGROUND**

Movants seek leave to withdraw from representing Defendant Kelley [Doc. 331 p. 1]. They assert that "[t]he basis of the [m]otion is found within the conflict of [Defendant] Kelley's inability to pay for level services owed to [Movants]" [*Id.*]. Movants state that they have "incurred

approximately $13,462.50 (through March 31, 2025) for legal services rendered on behalf of [Defendant] Kelley" [*Id*. at 2]. Releasing those funds, Movants contend, would compensate them [*Id*.]. "Without payment," Movants are "in a position that impacts their ability to advocate for [Defendant] Kelley zealously" [*Id*.]. They assert that they served Defendant Kelley with a copy of the motion and that he consents to the request [*Id*.; *see also id*. at 5 & Doc. 331-1]. Movants provide Defendant Kelley's telephone number and address [*Id*. at 2–3]. They ask that the Court allow him 90 days to obtain substitute counsel [*Id*. at 1]. And further, Movants request "that the order permitting withdrawal contain a provision instructing the Plaintiffs through their counsel, to contact [Movants] to coordinate final payment of a least $13,462.50, and until such time as payment has been made, to order that an attorney lien be placed on the proceeds payable to [Defendant] Kelley" [*Id*. at 4].

Plaintiffs filed a Limited Opposition to Motion to Withdraw [Doc. 336]. "[They] do not oppose defense counsel's request to withdraw from the case, [but] they do oppose the [m]otion to the extent it seeks to impose an 'attorney lien on the proceeds payable to [Defendant] Kelley'" [*Id*. at 1 (citation omitted)].

On June 9, 2025, United States District Judge Clifton Corker adjudicated the motion to modify the asset freeze, filed by Defendants Kelley and Richard Atnip ("Defendant Atnip") [Doc. 342]. With respect to past due legal fees, Judge Corker denied without prejudice Defendants Kelley's and Atnip's request to unfreeze assets to pay those fees [*Id*. at 7–10]. Given that, the Court ordered the Movants to provide a status update on their motion to withdraw [Doc. 343].

On June 17, 2025, Attorney Stephan Wright filed a status report, stating that the Motion to Withdraw [Doc. 331] was "pending and [is] ripe for review" [Doc. 345 p. 1].

2

## II. ANALYSIS

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

The Court finds that Movants' motion complies with the Local Rules. Given that, the Court **GRANTS** their request to withdraw from representing Defendant Kelley. The Court expects Movants to provide copies of any relevant documents to any future counsel for Defendant Kelley or directly to Defendant Kelley upon request. Movants are **RELIEVED** of their duties as counsel in this case.

In addition, Movants request that Defendant Kelley be given 90 days to retain new counsel. This amount of time is unreasonable. Further, Defendant Kelley has already had over 60 days to retain counsel. The Court therefore **DEEMS** him to be proceeding pro se. Until he obtains substitute counsel, it is his obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if he elects to proceed in this case without an attorney,

he is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1. Defendant Kelley, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

Finally, Movants request "that the order permitting withdrawal contain a provision instructing the Plaintiffs, through their counsel, to contact [Movants] to coordinate final payment of a least $13,462.50, and until such time as payment has been made, that an attorney lien be placed on the proceeds payment to [Defendant] Kelley" [Doc. 331 p. 3]. Movants provide no authority for this request.

The Court therefore **GRANTS IN PART AND DENIES IN PART** the motion [**Doc. 331**]. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant Kelley at his address as provided in the motion to update ECF accordingly.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge