UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL, | ) ) ) ) ) ) | 3:23-CV-00046-DCLC-JEM |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on court-appointed receiver Richard F. Ray's ("the Receiver") Motion to Sell Property [Doc. 350]. No party has responded or otherwise expressed opposition to the Receiver's motion and the time for doing so has expired.[1] Thus, the motion is ripe for resolution.

Plaintiffs initiated this civil enforcement action against Ideal Horizon Benefits, LLC d/b/a Solar Titan USA ("Solar Titan") and its individual officers and member alleging violations of various federal and state consumer protection laws. On February 7, 2023, the Court issued a Temporary Restraining Order ("TRO"), which included an asset freeze and the appointment of the Receiver over Solar Titan [Doc. 21]. On February 28, 2023, the Court converted the TRO into a

---

[1] "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2.

1

Preliminary Injunction and continued the receivership and detailed the Receiver's duties and powers [Doc. 78].

Pursuant to the Preliminary Injunction, the Receiver is directed to: "[c]onserve, hold, and manage all Assets of Solar Titan, and perform all acts necessary or advisable to preserve the value of those Assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of Solar Titan"; "[p]revent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with Solar Titan"; and "[m]anage and administer the business of Solar Titan . . . by performing all incidental acts that [he] deems to be advisable or necessary" [Doc. 159, § X(E), (H), (I)].

In accordance with the foregoing provisions, the Receiver requests authorization to sell certain receivership assets via sale on the website "Swappa" [Doc. 350 at ¶ 7]. Swappa is an online marketplace for screened electronics. In particular, the Receiver moves for an order authorizing the sale of 35 MS Surface Pro 2 Tablets and 20 iPads, along with companion accessories such as charging pucks [*Id.* at ¶ 5].

In support, the Receiver indicates that this sale is in the best interests of the Receivership Estate because it will allow him to obtain additional funding to fund on-going operations, and it will eliminate his requirement to store and maintain the devices. Additionally, the Receiver requests that the sale be free and clear of liens, with the liens to attach to the proceeds of the sale. He further seeks a secured claim in the proceeds of the sale for reasonable and necessary costs and expenses of preserving and disposing of the assets to be sold.

Upon review of the assets to be sold and the terms of the proposed sale, the Court finds that the sale is in the best interests of the Receivership Estate. Considering the lack of opposition

2

Case 3:23-cv-00046-DCLC-JEM    Document 356    Filed 09/15/25    Page 2 of 3
PageID #: 9429

by the interested parties, the Receiver's motion [Docs. 350] is well-taken and **GRANTED**. Accordingly, it is hereby **ORDERED**:

    1. the Receiver is authorized to sell the items identified in his first Motion to Sell Property [Doc. 350] via the website Swappa;

    2. the Receiver shall obtain a secured claim in the proceeds of the sale for the reasonable and necessary costs and expenses of preserving and disposing of the assets to be sold.

    **SO ORDERED:**

    s/ Clifton L. Corker
    United States District Judge