UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL, <br><br> Plaintiffs, <br><br> v. <br><br> IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, *et al.*, <br><br> Defendants. | 3:23-CV-00046-DCLC-JEM |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs State of Tennessee and Commonwealth of Kentucky's Motion for Order of Exemption from Automatic Stay [Doc. 348]. Defendant Solar Mosaic LLC ("Mosaic") does not object to the motion [Doc. 349]. Because Plaintiffs actions fall within the 11 U.S.C. § 362(b)(4) police and regulatory powers exception to bankruptcy stays, this motion is **GRANTED**.

**I. Background**

Plaintiffs filed suit against Mosaic alleging violations of multiple consumer protection laws: the Truth in Lending Act, the Tennessee Consumer Protection Act, the Kentucky Consumer Protection Act, the Tennessee Home Solicitation Sales Act, the Kentucky Home Solicitation Sales Act, the Consumer Financial Protection Act, and the Consumer Review Fairness Act. In short, Plaintiffs allege that Mosaic engaged in deceptive and unfair loan and financing practices in conjunction with Solar Titan's sales of solar panel systems.

1

On June 6, 2024, Mosaic filed a voluntary petition for relief under 11 U.S.C. §§ 101-1330 in the United States Bankruptcy Court for the Southern District of Texas [Doc. 341]. In this Court, Mosaic filed a Suggestion of Bankruptcy/Notice of Automatic Stay, stating that under 11 U.S.C. § 362, this lawsuit "which seeks to recover a claim against a debtor which arose before the petition date is stayed and cannot be prosecuted, nor can any judgment be rendered against a debtor, absent an order of the Bankruptcy Court." [Doc. 341]. Plaintiffs now move to find this lawsuit exempt from the automatic stay under the police and regulatory powers exception in 11 U.S.C. § 362(b)(4).

**II.    Analysis**

District courts have jurisdiction to determine whether an exception to the automatic stay applies to the proceedings before the Court. *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 384 (6th Cir. 2001) ("[w]hen a party seeks to . . . continue proceedings in one court against a debtor or property that is protected by the stay automatically imposed upon the filing of a bankruptcy petition, the non-bankruptcy court properly responds to the filing by determining whether the automatic stay applies to (i.e., stays) the proceedings.").

The exception raised here, 11 U.S.C. § 362(b)(4), provides that "[t]he filing of a petition . . . does not operate as a stay—. . . (4) . . . of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action . . . to enforce" such power. 11 U.S.C. § 362(b). Congress has explained that when a debtor is sued by a governmental unit in order "to prevent or stop violation of fraud, environmental protection, *consumer protection*, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay." H.R.Rep. No. 595, 95th Cong., 1st Sess. 343 (1977), reprinted in 1978 U.S.C.C.A.N. 5963,

2

Case 3:23-cv-00046-DCLC-JEM    Document 360    Filed 09/19/25    Page 2 of 5
PageID #: 9438

6299; S.Rep. No. 989, 95th Cong., 2d Sess. 52 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5838 (emphasis added).

However, not every police or regulatory action is exempt. Courts use two tests to determine whether a governmental unit is acting within the scope of § 362(b)(4): (1) the pecuniary purpose test and (2) the public policy test. *Chao*, 270 F.3d at 385. Under the pecuniary purpose test, if the proceeding relates primarily to matters of public safety, as opposed to the protection of the government's pecuniary interest in the debtor's property, the proceeding is exempt from the stay. *In re Commerce Oil Co.*, 847 F.2d 291, 295 (6th Cir. 1988). The public policy test requires courts to distinguish between proceedings over private rights versus those effectuating public policy. *Id.* Proceedings effectuating public policy are exempt from the stay. *Id.*

Applying the pecuniary purpose test, this action does not create a pecuniary advantage to the Plaintiffs, and it relates primarily to matters of public safety. The pecuniary purpose analysis focuses on whether the enforcement action "would result in a pecuniary advantage to the government vis-a-vis other creditors of the bankruptcy estate." *Chao*, 270 F.3d at 389 n. 9 (citing *United States v. Commonwealth Cos. (In re Commonwealth Cos.)*, 913 F.2d 518, 523–24 (8th Cir. 1990)). This action would not result in a pecuniary advantage to the Plaintiffs over Mosaic's other creditors because entry of a judgment against Mosaic would only fix the government's unsecured claim. *See In re Commonwealth Cos.*, 913 F.2d at 524 (holding that entry of judgement on the government's claims "would simply fix the amount of the government's unsecured claim against the debtors."). Plaintiffs would merely have the same status as other unsecured creditors in the bankruptcy action.

Further, this enforcement action over consumer protection laws is directly tied to public safety and welfare. Plaintiffs' Complaint seeks a variety of relief against Mosaic, including

3

Case 3:23-cv-00046-DCLC-JEM   Document 360   Filed 09/19/25   Page 3 of 5
PageID #: 9439

"preliminary and permanent injunctive relief, recission or reformation of contracts, restitution, refund of monies paid, disgorgement of ill-gotten gains, civil penalties, attorney fees, and other equitable and statutory relief" [Doc. 241]. A majority of this relief sought is directed towards the citizens of Tennessee and Kentucky who have allegedly been harmed by Mosaic's actions. Courts have held that "[w]here the debtor is being prosecuted for engaging in fraudulent conduct, the automatic stay should not allow the debtor to be shielded from the government's attempt to protect its citizens and uphold its laws related to the health and welfare of its citizens." *In re First All. Mortg. Co.*, 263 B.R. 99, 108 (B.A.P. 9th Cir. 2001). The Court finds this case is exempt from the stay as this action meets the pecuniary interest test because Plaintiffs gain no pecuniary advantage and because this is a matter of public safety and welfare.

The action also satisfies the public policy test because the purpose of the proceeding is to further public policy rather than the adjudication of private rights. Enforcement of consumer protection laws are broadly seen as furthering public policy. *In re First All. Mortg. Co.*, 263 B.R. at 108 ("From legislative history and case law, it is well-established that consumer protection is a valid exercise of the police and regulatory power for purposes of § 362(b)(4)"). In *In re First All. Mortg. Co.*, Massachusetts sued a financial services company under the Massachusetts Consumer Protection Act, seeking civil penalties for alleged unfair and deceptive loan practices. *Id.* at 103. The Bankruptcy Appellate Panel of the Ninth Circuit held that based on the nature of the proceedings, "[t]his action falls squarely within its public policy of protecting consumers and deterring violators," and was therefore exempt from the automatic bankruptcy stay under both the pecuniary purpose and public policy tests. *Id.* at 108.

Similarly, this suit is brought to further the Plaintiffs' public policies of protecting Tennessee and Kentucky consumers under federal and state consumer protection laws. These laws

4

serve common public policies goals of protecting consumers from those who engage in unfair or deceptive business acts and provide legal means for maintaining ethical standards of dealing between businesses and the consuming public.[1] While this proceeding also seeks the adjudication of private rights, they are secondary to and do not outweigh the public policy benefits from enforcement. Accordingly, because the federal and state legislatures have vested enforcement authority to governmental units including both Plaintiffs, this proceeding falls within Plaintiffs' police and regulatory powers. *Chao*, 270 F.3d at 390. Therefore, as this proceeding is enforcing consumer protection laws which further public policy, it is exempted from the automatic stay under § 362(b)(4).

Based on the foregoing reasons, Plaintiffs' motion [Docs. 348] is well-taken and **GRANTED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

---

[1] *See* 12 U.S.C. § 5511(a) (Creating the Consumer Protection Financial Bureau to enforce consumer protection laws "for the purpose of ensuring that all consumers have access to markets for consumer financial products and services and that markets for consumer financial products and services are fair, transparent, and competitive."); Tenn. Code Ann. § 47-18-102 (The public policy goals of the Tennessee Consumer Protection Act are: "(2) To protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce in part or wholly within this state; . . . (4) To declare and to provide for civil legal means for maintaining ethical standards of dealing between persons engaged in business and the consuming public to the end that good faith dealings between buyers and sellers"); Ky. Rev. Stat. § 367.120 (The Kentucky Consumer Protection Act was created out of the State's finding that "the public health, welfare and interest require a strong and effective consumer protection program to protect the public interest and the well-being of both the consumer public and the ethical sellers of goods and services").