UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* RUSSELL COLEMAN, ATTORNEY GENERAL, | ) ) ) ) ) ) ) | 3:23-CV-00046-DCLC-JEM |
| Plaintiffs, | ) | |
| v. | ) ) | |
| IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, et al., | ) ) | |
| Defendants. | ) | |

## DEFENDANTS MICHAEL ATNIP AND CRAIG KELLEY'S JOINT MOTION TO MODIFY ASSET FREEZE

Defendants Michael Atnip ("Atnip") and Craig Kelley ("Kelley") (collectively, "Individual Defendants") respectfully move this Honorable Court for an Order modifying this Court's asset freeze in the Amended Preliminary Injunction Order [Doc. 159] as to the Individual Defendants. The Individual Defendants respectfully request that this Honorable Court modify the asset freeze to allow the Individual Defendants to: (1) pay their past due legal fees to Midtown Legal LLC in the amount of $47,941.47.

"The Court has inherent power to modify its own injunctions." *Toledo Area AFL-CIO Council v. Pizza*, 907 F. Supp. 263, 265 (N.D. Ohio 1995). In doing so, "the Court exercises the same discretion it exercised in granting the injunction in the first place." *Id*. Moreover, "[a]s a corollary to the rules of law permitting a district court to grant a preliminary asset freeze, a district court may release or lower the amount of assets frozen." *Fed. Trade Comm'n v. Washington Data*

*Res., Inc.*, No. 8:09-CV-2309, 2010 WL 11507704, at *3 (M.D. Fla. Jan. 15, 2010); see Fed. Trade Comm'n v. Fed. Check Processing, Inc., No. 14-CV-122S, 2016 WL 10988581, at *1 (W.D.N.Y.Mar. 7, 2016) ("Just as this Court has the authority to freeze assets in a civil enforcement action, it also has the discretion to 'unfreeze those assets when equity requires.'"). Yet, "[a]ny determination to modify the asset freeze . . . must account for the fact that this ancillary relief was imposed to ensure this Court's ability to fashion an appropriate remedy, such as restitution to [consumers], in the event the [Plaintiffs are] successful in [their] prosecution of this action." *Fed. Check Processing, Inc.*, 2016 WL 10988581, at *1.

It is equitable to allow the Individual Defendants to pay their counsel because general principles of equity would ordinarily require unfreezing assets to pay reasonable attorney's fees and the attorney's fees sought herein are reasonable. In support of this Motion, the Individual Defendants simultaneously provide billing records documentation supporting the fees charged as well as a sworn Declaration of Attorney Blink attesting to the reasonableness of the fees charged. Additionally, the Individual Defendants contemporaneously provide a Memorandum in Support of this Motion which provides additional factual and legal support of the arguments stated herein.

The money to pay the requests herein can be released from the Individual Defendants 0039 First Horizon Bank Account. The money can be deposited into the Midtown Legal LLC IOLTA account.

WHEREFORE, for the reasons stated herein and the contemporaneously filed declaration and memorandum, the Individual Defendants respectfully request that this Honorable Court modify the asset freeze in the Amended Preliminary Injunction Order [Doc. 159] by allowing the Individual Defendants to: pay their past due legal fees to Midtown Legal LLC in the amount of $47,941.47. The funds to make all of these payments can be released from the Individual

Defendants First Horizon Bank 0039 account and the money can be deposited into the Midtown Legal LLC IOLTA account in order to make the requested payments.

          Respectfully submitted,

          MIDTOWN LEGAL, LLC

          */s/ Samuel Blink*
          Samuel Blink, Esq. (#36400)
          Jillian McGough, Esq., *PHV* (FL. BN# 1014590)*
          Midtown Legal, LLC
          102 Hartmann Drive, Suite G321
          Lebanon, TN. 37087
          sblink@midtownlegal.co
          jmcgough@midtownlegal.co
          *Attorneys for Michael Atnip and Craig Kelley*

## CERTIFICATE OF SERVICE

I do hereby certify that on November 21, 2025, the forgoing document has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

          */s/ Samuel Blink*
          Samuel Blink, Esq. (#36400)
          Jillian McGough, Esq., *PHV* (FL. BN# 1014590)*
          Midtown Legal, LLC
          102 Hartmann Drive, Suite G321
          Lebanon, TN. 37087
          sblink@midtownlegal.co
          jmcgough@midtownlegal.co
          *Attorneys for Michael Atnip and Craig Kelley*