UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* RUSSELL COLEMAN, ATTORNEY GENERAL, | ) ) ) ) ) ) ) | 3:23-CV-00046-DCLC-JEM |
| Plaintiffs, | ) | |
| v. | ) ) | |
| IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, et al., | ) ) | |
| Defendants. | ) | |

## DEFENDANTS MICHAEL ATNIP AND CRAIG KELLEY'S JOINT MOTION TO MODIFY ASSET FREEZE

Defendants Michael Atnip ("Atnip") and Craig Kelley ("Kelley") (collectively, "Individual Defendants") respectfully move this Honorable Court for an Order modifying this Court's asset freeze in the Amended Preliminary Injunction Order [Doc. 159] as to the Individual Defendants. The Individual Defendants respectfully request that this Honorable Court modify the asset freeze to allow the Individual Defendants to: (1) pay $3,900.00 their Homeowner's Association ("HOA") fees for properties that benefit the Estate and (2) pay $40,605.30[1] for real estate property taxes for properties that benefit the Estate. In support of the Individual Defendants' joint request, the Individual Defendants provide as follows:

---

[1] This figure consists of $21,428.30 owed for 2024 and $19,177 for 2025. The 2025 portion is due and payable on October 1, 2025, with the final deadline being February 28, 2026.

1. The Individual Defendants request to modify the Asset Freeze to allow for the release of $3,900.00. This amount represents the amount of quarterly HOA fees currently owed by the Individual Defendants for the quarter commencing October 1, 2025[2]. *See Exhibit 1*, Declaration of Michael Atnip. Attached hereto and authenticated by Mr. Atnip's Declaration are records reflecting the present HOA fees *See Exhibit 1-A*. The Individual Defendants request that this payment go through Midtown Legal's IOLTA Account ending in 9659. This request is also proper because the Court, in previously granting Individual Defendants' request for HOA fees and property taxes on these properties, stated in its Memorandum Opinion and Order: "Allowing a release of funds to pay property taxes and HOA fees would not flout the purpose of the asset freeze and it would preserve the status quo. If the taxes and fees go unpaid, penalties or foreclosure could result. It best preserves the status quo to ensure that these properties remain unencumbered and available for potential consumer redress." [Doc 342., pg, 6]. Additionally, the Individual Defendants incorporate their previously stated arguments for why the modification is needed and appropriate for their HOA fees, as stated in the Motion to Modify Asset Freeze [Doc. 289] and associated documents, and the Reply in support of Motion to Modify Asset Freeze [Doc. 306]. It is equitable to use the Estate funds to pay these expenses to protect the value of the Estate and maintain the status quo for prospective consumer redress.

2. The Individual Defendants request to modify the Asset Freeze to allow for the release of $40,605.30. This amount represents the amount of property taxes owed by the Individual Defendants in 2024 and 2025 for properties benefiting the Estate. *See*

---

[2] This amount is for six (6) properties subject to the Asset Freeze, each of which has a quarterly HOA fee of $650.00.

*Exhibit 1-B*, Declaration of Michael Atnip, Property Taxes. Attached hereto and authenticated by Mr. Atnip's Declaration are the records reflecting the property taxes. *Exhibit 1-B*. The total 2024 property taxes currently due and reflected in Exhibit 1-B are $21,428.30. The total 2025 property taxes reflected in Exhibit 1-B are $19,177. The 2025 taxes are due and payable as of October 1, 2025, with a deadline of February 28, 2026, to be paid without penalty and interest. The Individual Defendants request that this payment go through Midtown Legal's IOLTA Account ending in 9659. This request is also proper because the Court, in previously granting Individual Defendants' request for HOA fees and 2023 property taxes on these properties, stated in its Memorandum Opinion and Order: "Allowing a release of funds to pay property taxes and HOA fees would not flout the purpose of the asset freeze and it would preserve the status quo. If the taxes and fees go unpaid, penalties or foreclosure could result. It best preserves the status quo to ensure that these properties remain unencumbered and available for potential consumer redress." [Doc 342., pg, 6]. Additionally, the Individual Defendants incorporate their previously stated arguments for why the modification is needed and appropriate for their property taxes, as stated in the Motion to Modify Asset Freeze [Doc. 289] and associated documents, and the Reply in support of Motion to Modify Asset Freeze [Doc. 306]. It is equitable to use the Estate funds to pay these expenses to protect the value of the Estate and maintain the status quo for prospective consumer redress.

The money to pay the requests herein can be released from the Individual Defendants 0039 First Horizon Bank Account. The money can be deposited into the Midtown Legal LLC IOLTA account.

WHEREFORE, for the reasons stated herein and the contemporaneously filed Declaration and corresponding documentation, the Individual Defendants respectfully request that this Honorable Court modify the asset freeze in the Amended Preliminary Injunction Order [Doc. 159] by allowing the Individual Defendants to: (1) pay their quarterly HOA fees in the amount of $3,900 and (2) pay their 2024 and 2025 property taxes in the amount of $40,605.30. The funds to make all of these payments can be released from the Individual Defendants First Horizon Bank 0039 account and the money can be deposited into the Midtown Legal LLC IOLTA account in order to make the requested payments.

Respectfully submitted,

MIDTOWN LEGAL, LLC

*/s/ Samuel Blink*
Samuel Blink, Esq. (#36400)
Jillian McGough, Esq., *PHV* (FL. BN# 1014590)*
Midtown Legal, LLC
102 Hartmann Drive, Suite G321
Lebanon, TN. 37087
sblink@midtownlegal.co
jmcgough@midtownlegal.co
*Attorneys for Michael Atnip and Craig Kelley*

CERTIFICATE OF SERVICE

I do hereby certify that on December 2, 2025, the forgoing document has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

*/s/ Samuel Blink*
Samuel Blink, Esq. (#36400)
Jillian McGough, Esq., *PHV* (FL. BN# 1014590)*
Midtown Legal, LLC
102 Hartmann Drive, Suite G321
Lebanon, TN. 37087
sblink@midtownlegal.co
jmcgough@midtownlegal.co
*Attorneys for Michael Atnip and Craig Kelley*