UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TENNESSEE, *ex rel.* JOHNATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* DANIEL CAMERON, ATTORNEY GENERAL<br><br>Plaintiff,<br><br>v.<br><br>IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, et. al.<br><br>Defendants. | ) | No. 3:23-cv-00046-DCLC-JEM |

**MOTION TO APPROVE SETTLEMENT AND TO PAY PROFESSIONAL FEES**

1. Comes now, Richard F. Ray, Receiver, as appointed by the Court's Order of February 7, 2023 [Doc. 21], affirmed by the Court's Orders of February 28, 2023 [Doc. 78], April 25, 2023 [Doc. 159] and still serves in that capacity.

2. The Court's Orders gives the receiver the authority to take over and assume full control of Ideal Horizon Benefits, LLC d/b/a Solar Titan USA (hereinafter referred to as "Solar Titan").

3. At the time of this filing, the receiver has taken control of the assets of Solar Titan, and has begun filing regular status reports.

4. As the court is aware, Solar Titan was engaged in the business of installing residential solar panels in Tennessee, Kentucky, Georgia, and Alabama.

5. As part of its business of installing residential solar panels, Solar Titan relied heavily upon equipment purchased from Generac Power Systems.

6. Generac is a US based company that builds and sells inverters, solar panels, batteries, generators, control units, and other electrical equipment used in home and residential applications.

Specifically, they manufactured a Snap RS control unit that was used by Solar Titan in a majority of its residential solar panel systems.

7. Generac supplied defective Snap RS control units to Solar Titan for its residential operations. The Snap RS control units were subject to numerous recalls and warranty replacements, which were ongoing as of the time of Mr. Ray's appointment.

8. At the time of Mr. Ray's appointment, Solar Titan was preparing to pursue litigation against Generac. Mr. Ray took over this litigation and has pursued the claim, as it is an asset of the Receivership under the terms of the appointment orders.

9. Generac denies any failure of the Snap RS chips, and denies that Solar Titan has been harmed in any way. Nevertheless, in order to avoid costly litigation and attorney fees, Generac has agreed to pay Solar Titan $567,638.00 in order to fully settle and compromise these matters, subject to approval of this court.

10. The Receiver believes that the settlement of the claim is fair given the strength of claims available to Solar Titan, its ability to prove its claimed damages, and potential defenses asserted by Generac and upon the advice of counsel. The Receiver believes that this settlement is in the best interest of the receivership.

11. Pursuant to ¶ X (J) of the Amended Preliminary Injunction [Doc. 159] the Receiver is entitled to employee attorneys and other professionals that he deems advisable or necessary in the performance of his duties and responsibilities. Payment of all professional fees is subject to court approval. ¶XVI.

12. To that end, Mr. Ray retained the services of Michael Burke and the law firm of Darrow Everett, LLP to prosecute Solar Titan's claims against Generac. Darrow Everett agreed to represent the Receiver in exchange for thirty three percent (33%) of all sums recovered from Generac,

plus costs and expenses. Darrow Everett had previously represented other Solar Panel installers with similar claims against Generac, and had experience in the products liability field.

13. Under the terms of the agreement, Michael Burke and the firm of Darrow Everett, LLP are entitled to $187,320.54. This represents 33% of the total settlement, and no costs or expenses were incurred.

14. The Receiver believes that these fees are reasonable under the circumstances and requests court approval to compensate Michael Burke and Darrow Everett, LLP $187,320.54 from the proceeds of the settlement.

Wherefore, Richard F. Ray, Receiver, respectfully requests that the Court approve the compromise of the Claim and the payment of professional fees as set forth herein for the benefit of the Receivership.

Respectfully submitted,

/s/ Ryan E. Jarrard

Ryan E. Jarrard, Esquire BPR 024525
**QUIST, FITZPATRICK & JARRARD PLLC**
ATTORNEY FOR RICHARD F. RAY, RECEIVER
2121 FIRST HORIZON PLAZA
KNOXVILLE, TN 37929-2121
(865) 524-1873
rej@qcflaw.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by operation of the Court's ECF System on or about August 14, 2026 as indicated on the electronic filing receipt.

*/s/ Ryan E. Jarrard*
ATTORNEY