**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

STATE OF TENNESSEE, *ex rel.* JONATHAN SKRMETTI, ATTORNEY GENERAL and REPORTER, and COMMONWEALTH OF KENTUCKY, *ex rel.* RUSSELL COLEMAN, ATTORNEY GENERAL

Plaintiffs,

vs.

IDEAL HORIZON BENEFITS, LLC d/b/a SOLAR TITAN USA, *et al.*

Defendants.

Case No. 3:23-CV-00046-DCLC-JEM

Judge Clifton L. Corker

**CONSENT JUDGMENT AND ORDER BETWEEN PLAINTIFFS, THE STATE OF TENNESSEE AND COMMONWEALTH OF KENTUCKY, AND DEFENDANT SOLAR MOSAIC LLC**

Plaintiffs State of Tennessee *ex rel.* Jonathan Skrmetti, Attorney General and Reporter, and Commonwealth of Kentucky, *ex rel.* Russell Coleman, Attorney General (collectively, "Plaintiffs"), and Defendant Solar Mosaic LLC ("Mosaic") stipulate to entry of this Agreed Final Judgment and Order (the "Judgment") to resolve all matters in dispute between them in this Action. Each Party warrants and represents that it engaged in arm's-length negotiations in good faith. In hereby executing the Agreement, the Parties intend to affect a good-faith settlement. Plaintiffs, acting through their respective Attorneys General, have determined that entry of this Consent Judgment is in the public interest.

**BACKGROUND**

**1.** The Complaint alleges Mosaic violated the Consumer Financial Protection Act ("CFPA"); the Truth in Lending Act ("TILA"); the Tennessee Consumer Protection Act ("TCPA");

the Kentucky Consumer Protection Act ("KCPA"); the Tennessee Home Solicitation Sales Act ("THSSA"); and the Kentucky Home Solicitation Sales Act ("KHSSA") through its sale and servicing of loans that financed consumer purchases of solar equipment from Defendant Ideal Horizon Benefits, LLC d/b/a Solar Titan, LLC ("Solar Titan").

**2.** Neither the Plaintiffs nor Mosaic admit the validity of any allegation, claim, or defense asserted by the other.

**3.** The Parties recognize that the outcome of the Action is uncertain and a final resolution through the adversarial process likely would require protracted litigation.

**4.** Mosaic reaffirms and attests to the truthfulness, accuracy, and completeness in all material respects of all of the information provided to Plaintiffs prior to entry of this Order, including representations made regarding Covered Consumer Debt. If Mosaic failed to disclose material information, such failure shall constitute a violation of this Order and shall be grounds for the filing of a court action.

**5.** Therefore, without any admission of liability or wrongdoing by Mosaic, the Parties now mutually consent to the entry of this Judgment and agree to dismissal of the claims with prejudice pursuant to the terms of the Judgment to avoid the delay, expense, inconvenience, and uncertainty of protracted litigation.

**6.** Mosaic and Plaintiffs waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**7.** Mosaic agreed to seek approval of this Consent Judgment from the United States Bankruptcy Court for the Southern District of Texas ("Bankruptcy Court") on an expedited basis and, on August 7, 2026, the Bankruptcy Court entered an order approving Mosaic's agreement to this Consent Judgment pursuant to Bankruptcy Rule 9019. (Case No. 25-90156, Doc. No. 1244).

## DEFINITIONS

**8.** For the purpose of this Order, the following definitions apply:

a. "Action" means the above captioned case Plaintiffs brought against Mosaic regarding the allegations outlined in Plaintiffs' Complaint arising solely out of Mosaic's offering, providing, and servicing financial products to effectuate consumers' purchase of goods or services from Ideal Horizon Benefits LLC d/b/a Solar Titan USA.

b. "Consumer Reporting Agency" means any Person that, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and that uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

c. "Covered Consumer Debt" means debt owed to Mosaic by consumers who financed the purchase of solar system equipment goods or services from Ideal Horizon Benefits, LLC d/b/a Solar Titan USA, and that is held and owned by Mosaic as of March 6, 2026. These consumers were identified in an email from Mosaic to Plaintiffs on May 6, 2026. This debt includes any outstanding principal balance and all unpaid interest and fees. For the avoidance of doubt, Covered Consumer Debt does not include any debt that has been referred, sold, assigned, or otherwise transferred to any third party prior to March 6, 2026.

d. "Effective Date" means the date this Agreement is fully executed by Plaintiffs and Mosaic.

e. "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

f. "Plaintiffs" refers to Plaintiffs State of Tennessee *ex rel.* Jonathan Skrmetti, Attorney General and Reporter, and Commonwealth of Kentucky, *ex rel.* Russell Coleman, Attorney General, acting in their official capacity as the Attorneys General of their respective states to enforce state and federal consumer protection laws.

**ORDER**

**INJUNCTIVE PROVISIONS**

**IT IS THEREFORE ORDERED AND DECREED** that:

**9.** Mosaic shall cease collection of a minimum of $303,460.75 in Covered Consumer Debt as follows:

a. Mosaic, its current officers, agents, employees, and attorneys, who receive actual notice of this Order, are permanently enjoined from attempting to collect, collecting, or assigning any right to collect any Covered Consumer Debt.

b. Within 10 business days after the entry of this Order, Mosaic shall cease collecting on all Covered Consumer Debt and notify any collection agency or other third party collecting Covered Consumer Debt to cease such collection efforts.

c. Mosaic shall not sell, assign, or otherwise transfer to any collection agency or other third party any Covered Consumer Debt.

**10.** Mosaic shall request that each Consumer Reporting Agency delete the Covered Consumer Debt from the consumer's credit reporting file for any Covered Consumer Debt that has

been reported to a Consumer Reporting Agency. Mosaic does not control any Consumer Reporting Agency and shall not be liable or in breach of this Judgment if any Consumer Reporting Agency fails to delete the Covered Consumer Debt notwithstanding such request provided Mosaic acts in a commercially reasonable manner in making the requests and provides the Consumer Reporting Agency all necessary documents to fulfill the request.

**11.** For any consumer with Covered Consumer Debt for which Mosaic has recorded, or caused to be recorded, a Uniform Commercial Code fixture filing for associated solar system equipment goods or services, Mosaic shall cause to be filed, within 60 business days of the Effective Date of this Order, a termination statement that includes the recorder's office where each fixture filing for solar systems is recorded. To the extent Mosaic is informed that any additional action is necessary to effectuate the termination of all such fixture filings, including but not limited to additional information requested by the agency with which the termination statement has been filed, Mosaic will take such additional action as necessary and as soon as practicable but in any event within 14 business days of learning that additional action is necessary. Within 10 business days after filing all necessary termination statements, Mosaic shall provide Plaintiffs with a list of all consumers whose fixture filing Mosaic has terminated.

**12.** To the extent Mosaic receives any payments for Covered Consumer Debt after the effective date of this Order, Mosaic shall, within 30 days of receipt, refund any such payments.

**13.** Mosaic shall, within 90 business days after entry of this Order, provide a signed declaration to Plaintiffs attesting that it has ceased collecting on all Covered Consumer Debt as required by Paragraph 8.

**14.** Mosaic relinquishes dominion and all legal and equitable right, title, and interest in the Covered Consumer Debt and any assets transferred pursuant to this Order and may not seek the return of any assets.

**15.** The facts alleged in the Complaint will be taken as true, without further proof, for the limited and sole purpose of establishing jurisdiction in any subsequent proceeding initiated by or on behalf of Plaintiffs to enforce their rights to any relief pursuant to this Order.

## CONSUMER NOTIFICATION

**16.** Within 30 business days of the Effective Date of this Order, Mosaic shall provide notification to each consumer with Covered Consumer Debt that the associated Covered Consumer Debt has been canceled:

a. By electronic mail to the most recent electronic mail address of the consumer known to Mosaic, if any; and

b. By written notice sent to the most recent address of the consumer known to Mosaic.

**17.** Within 10 business days after providing all consumer notices pursuant to Paragraph 16, Subsection a above, Mosaic shall provide Plaintiffs with a signed declaration identifying the name of each consumer required to be notified, including, to the extent known: (i) mailing address; (ii) email address; (iii) telephone number; (iv) the method or methods of notification; and (v) whether any electronic mail or written notice was returned undelivered. Should any electronic mail or written notice be returned undelivered at any time after providing such signed declaration to Plaintiffs, Mosaic shall, within 10 business days after receipt of the returned electronic mail or written notice, supplement any previous signed declaration provided to Plaintiffs in accordance with this subsection.

## RELEASE

**18.** In exchange for cancellation of the Covered Consumer Debt, Plaintiffs discharge and release Mosaic, its Plan Administrator in Bankruptcy Case No. 25-90156, pending in the United States Bankruptcy Court for the Southern District of Texas, and the current servicers and sub-servicers of the Covered Consumer Debt, from all claims, causes of action, damages, costs, attorneys' fees, or penalties Plaintiffs could have brought against Mosaic in the Action, prior to the effective date of this Order, as a result of Mosaic's offering, providing, and servicing financial products to effectuate consumers' purchase of goods or services from Ideal Horizon Benefits LLC d/b/a Solar Titan USA. Nothing in this Section shall be construed to limit the ability of Plaintiffs to enforce the obligations Mosaic has under this Order.

**19.** Within 14 days of entry of this Order, Plaintiffs shall amend the proofs of claim filed in Mosaic's bankruptcy case (Case No. 25-90156, pending in the United States Bankruptcy Court for the Southern District of Texas) to state that they are withdrawing all claims relating to Mosaic's offering, providing, and servicing financial products to effectuate consumers' purchase of goods or services from Ideal Horizon Benefits LLC d/b/a Solar Titan USA.

**20.** Notwithstanding any term of this Consent Judgment, the following forms of liability are specifically reserved and excluded from the release in this Section: any criminal liability; claims of any other Person, including private causes of action and claims brought by government entities other than Plaintiffs; and any civil or administrative liability under any statute, regulation, or rule not covered by the release in this Section above, including but not limited to the following claims:

a. State or Federal antitrust violations;

b. State or Federal securities violations; and/or

c. State or Federal tax violations.

## ACKNOWLEDGEMENTS

**21.** Within seven days of entry of this Order, Mosaic shall submit to Plaintiffs an acknowledgment of receipt of this Order, sworn under penalty of perjury.

a. Mosaic must deliver a copy of this Order to the Plan Administrator, who has managerial responsibilities for conduct related to the subject matter of the Order, and all servicers and sub-servicers of the Covered Consumer Debt related to the subject matter of the Order. Delivery must occur within seven days of entry of this Order for current personnel, agents, representatives, and Dealers. For all others, delivery must occur before they assume their responsibilities.

b. Mosaic must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order from each individual or entity to which Mosaic delivered a copy of this Order.

## GENERAL PROVISIONS

**22.** Nothing in this Order shall limit Plaintiffs' right to obtain information, records, or testimony from Mosaic reasonably necessary to determine compliance with this Order. Mosaic shall execute and deliver all documents and instruments which are necessary to carry out the terms of this Order.

**23.** This Order does not relieve Mosaic of its obligation to comply with all state and federal laws and regulations.

**24.** Nothing in this Order waives or affects any claims of sovereign immunity by the States.

**25.** This Consent Judgment does not create and shall not be construed to create any private right of action or any private rights or remedies in favor of any person or entity not a party hereto.

**26.** Each of the persons who signs his/her name below affirms that he/she has the authority to execute this Agreement on behalf of the Party whose name appears next to his/her signature and that this Agreement is a binding obligation enforceable against said Party under Tennessee and Kentucky law. Each signatory on behalf of the Tennessee Attorney General's Office represents that he/she has the authority to execute this Agreement on behalf of the State of Tennessee and that this Agreement is a binding obligation enforceable against the State under Tennessee law. Each signatory on behalf of the Kentucky Attorney General's Office represents that he/she has the authority to execute this Agreement on behalf of the Commonwealth of Kentucky and that this Agreement is a binding obligation enforceable against the Commonwealth under Kentucky law.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

**SO STIPULATED AND AGREED:**

*/s/Amy P. Williams*
Amy P. Williams
Troutman Pepper Locke, LLP
301 S. College Street
Suite 3400
Charlotte, NC 28202
704-998-4102
amy.williams@troutman.com

Michael Yaghi
Troutman Pepper Locke, LLP
100 Spectrum Center Drive
Suite 1500
Irvine, CA 92618
949-622-2735
michael.yaghi@troutman.com

*/s/ Steven A. Narsutis*
Steven A. Narsutis
Olive Advisors LLC

*Plan Administrator for Defendant Solar Mosaic LLC*

Robert J Guite
Sheppard, Mullin, Richter & Hampton, LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415-774-3176
415-434-3947 (fax)
rguite@sheppard.com

*Attorneys for Defendant Solar Mosaic LLC*

**FOR PLAINTIFF, STATE OF TENNESSEE AND COMMONWEALTH OF KENTUCKY:**

/s/ *Kelly A. Mizhir*
Kelly Mizhir
(TN BPR # 039554)
Rainey Lankford
(TN BPR # 036854)
Hollie Parrish
(TN BPR # 037888)
Daimon S. Duggar
(TN BPR #041888)
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202

615-741-5857 (Mizhir)
615-253-5808 (Lankford)
615-741-8086 (Parrish)
kelly.mizhir@ag.tn.gov
rainey.lankford@ag.tn.gov
hollie.parrish@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*

/s/ *Paul Fata*
Paul Fata
(Admitted *Pro Hac Vice*; KY BAR #: 99528)
Lyndsey Antos
(Admitted *Pro Hac Vice*; KY BAR #: 99971)
Office of the Kentucky Attorney General
1024 Capital Center Drive
Frankfort, Kentucky 40601, Suite 200
502-696-5578 (Fata)
502-696-5641 (Antos)
paul.fata@ky.gov
lyndsey.antos@ky.gov

*Attorneys for Plaintiff Commonwealth of Kentucky*